IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| STATE OF ALABAMA, and ) | 2:06CV392-WKW |
| NANCY L. WORLEY, Secretary of State; ) | |
| in her official capacity, ) | |
| ) | |
| Defendants. ) | |

RECEIVED 2006 MAY -1 P 2:47 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

## COMPLAINT

Plaintiff, the United States of America, alleges:

1.   The Attorney General of the United States hereby files this action on behalf of the United States of America to enforce the requirements of Sections 303(a) and (b) of the Help America Vote Act of 2002 ("HAVA"), with respect to the conduct of elections for Federal office in the State of Alabama.  42 U.S.C. §§ 15483(a);(b).

### JURISDICTION AND VENUE

2.   This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 15511.

3.   Venue for this action is proper in the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. §§ 81 and 1391(b).

### PARTIES

4.   Plaintiff United States of America seeks declaratory and injunctive relief pursuant to Section 401 of HAVA, 42 U.S.C. § 15511, which authorizes the Attorney General to bring this suit to enforce HAVA.

5. Defendant State of Alabama is a State of the United States of America and is subject to the requirements of HAVA, including specifically those requirements with respect to a computerized statewide voter registration list in elections for Federal office and changes in voter registration forms. 42 U.S.C. §§ 15483(a) & (b), 15541.

6. Defendant Nancy L. Worley is the Alabama Secretary of State, and is responsible for, among other things, taking official action on behalf of the State to comply with the requirements of HAVA. Ala. Code 17-4-210, 17-4-250, 17-4-255, 17-25-2. She is sued in her official capacity.

7. The State of Alabama is scheduled to conduct two elections for Federal offices in 2006: a primary election for Federal offices in the State on June 6, 2006, and a general election for Federal offices in the State on November 7, 2006.

## HAVA'S SECTION 303(a) PROVISIONS

8. On October 29, 2002, HAVA was signed into law by the President. 42 U.S.C. §§ 15301-15545. Title III of HAVA (Sections 301 to 303) includes certain "uniform and nondiscriminatory election technology and administration requirements" which apply in elections for Federal office. 42 U.S.C. §§ 15481-15483.

9. Section 303(a) of HAVA, entitled "Computerized Statewide Voter Registration List Requirements," requires that "each State, acting through the chief State election official, shall implement, in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level." Section 303(a) applies to all States that require voter registration for elections for Federal office. 42 U.S.C. §§ 15483(a).

10. Among the requirements of Section 303(a) of HAVA for the statewide voter

registration list are the following:

    (a) The list shall serve as the single system for storing and managing the official list of registered voters throughout the State, 42 U.S.C. § 15483(a)(1)(A)(i);

    (b) The list must contain the name and registration information of, and must assign a unique identifier to, each legally registered voter in the State, 42 U.S.C. §§ 15483(a)(1)(A)(ii)-(iii);

    (c) The list must be coordinated with other agency databases within the State, 42 U.S.C. § 15483(a)(1)(A)(iv);

    (d) Any election official in the State, including any local election official, must be able to obtain immediate electronic access to the information contained in the list, and all voter registration information obtained by any local election official must be electronically entered into the computerized list on an expedited basis at the time the information is provided to the local official 42 U.S.C. §§ 15483(a)(1)(A)(v)-(vi);

    (e) The State must provide the necessary support so that local election officials are able to enter voter registration information on an expedited basis, 42 U.S.C. § 15483(a)(1)(A)(vii);

    (f) The list must serve as the official voter registration list for the conduct of all elections for Federal office in the State, 42 U.S.C. § 15483(a)(1)(A)(viii);

    (g) Election officials shall perform list maintenance with respect to the computerized list on a regular basis, 42 U.S.C. §§ 15483(a)(2) and 15483(a)(4);

    (h) The State must coordinate the list with State agency records on felony status (where required by State law) and death, 42 U.S.C. § 15483(a)(2)(A)(ii);

    (i) The State must ensure that the name of each registered voter appears on the list, only

voters who are not registered or not eligible are removed from the list, duplicate names are eliminated from the list, and eligible voters are not removed from the list in error, 42 U.S.C. §§ 15483(a)(2)(B) and 15483(a)(4);

(j) The list must provide that no application for voter registration shall be accepted or processed unless it includes a driver's license number (for applicants who have such number) or the last four digits of the social security number (for applicants who do not have a driver's license number). For persons who do not have either of these numbers, the State must assign a unique identifier. This requires the State to change its voter registration forms to require applicants who have such numbers to provide them, 42 U.S.C. § 15483(a)(5)(A);

(k) The State must enter into agreements to match information from the list against the State motor vehicle authority database, and the federal social security number database, 42 U.S.C. § 15483(a)(5)(B).

11. Alabama is covered by and was required to comply with the requirements of Section 303(a) of HAVA with respect to elections for Federal office on and after January 1, 2006. 42 U.S.C. §§ 15481(d), 15483(d)(1)(B), 15541.

## HAVA'S SECTION 303(b) PROVISIONS

12. Section 303(b)(3)(B) of HAVA, 42 U.S.C. § 15483(b)(3)(B), effective January 1, 2004, and applicable to persons who register to vote for the first time by mail after January 1, 2003, requires States to attempt to match driver license number or social security number information provided by such applicants against existing records, as a means of satisfying HAVA's identification requirements.

13. Section 303(b)(4)(A) of HAVA, 42 U.S.C. § 15483(b)(4)(A), effective January 1, 2004, requires the inclusion of specific information on mail voter registration forms, including a specific question regarding whether an applicant will be 18 years of age before election day, a checkbox to answer such question, instructions not to complete the form if the answer to the question is no, as well as specific instructions on the form for first time registrants by mail on new HAVA-required identification requirements.

14. Alabama's current mail voter registration form does not include the information required by Section 303(b)(4)(A)(ii), (iii) and (iv) of HAVA.

## FEDERAL FUNDING PROVISIONS OF HAVA

15. Pursuant to HAVA, the federal government for the first time in our Nation's history provided federal funding to state governments for the conduct of elections for Federal office.

16. The State of Alabama has received more than 41 million dollars ($41,350,962) in federal funds under HAVA. This funding includes the following:

(a) $4,989,605 pursuant to Section 101 of HAVA, 42 U.S.C. § 15301, for activities to improve the administration of elections;

(b) $51,076 pursuant to Section 102 of HAVA, 42 U.S.C. § 15302, for the replacement of punchcard or lever voting machines;

(c) $35,866,513 pursuant to Section 251 of HAVA, 42 U.S.C. § 15401, for meeting the requirements of Title III of HAVA (FY03-FY04);

(d) $443,768 pursuant to Section 261 of HAVA, 42 U.S.C. § 15421, for assuring access to the voting process for individuals with disabilities (FY03-FY05).

## CAUSE OF ACTION - SECTION 303(a) OF HAVA

17. Plaintiff restates and incorporates herein the allegations in Paragraphs 1 through 16 of this Complaint.

18. Pursuant to HAVA and Alabama state law, the Alabama Secretary of State is responsible for the development and implementation of the statewide voter registration list as mandated by Section 303(a) of HAVA, 42 U.S.C. § 15483(a). See Ala. Code 17-4-210, 17-4-214; 17-4-255.

19. The State of Alabama has recognized that it has not taken the actions necessary to achieve timely compliance with the requirements of Section 303(a) of HAVA, for example, in news reports quoting the Secretary of State. See David Irvin, Voting System Needs $1 Million a Year, Montgomery Advertiser, December 31, 2005; Taylor Bright, State to Miss Voter Registration Deadline, Huntsville Times, December 10, 2005.

20. Defendants have failed to take the actions necessary for the State to meet the requirements of Section 303(a) of HAVA in a timely manner. These failures include, but are not limited to, the following:

(a) Defendants have not published rules and regulations, governing the implementation and operation of the uniform, official, interactive computerized statewide voter registration list;

(b) Defendants have not contracted with an entity or entities to develop and implement a statewide voter registration list which complies with HAVA;

(c) Defendants have not established the technical requirements necessary for implementation of a statewide voter registration list which complies with HAVA;

(d) Defendants have not coordinated necessary agency databases with the

statewide voter registration list, such as the state driver license database;

(e) Defendants have not required applicants for voter registration to provide a driver license number (if they have such number) or the last four digits of the applicant's social security number (if applicant does not have driver license number) on voter registration applications; and,

(f) Defendants have not entered into an agreement with the federal Social Security Administration and established the necessary infrastructure to match information from the statewide voter registration list against the federal social security number database.

21. As a result of the failure of Defendants to take actions as set forth in Paragraph 20 above, there is no statewide voter registration list in the State of Alabama that complies with the requirements of Section 303(a) of HAVA.

22. The failure of Defendants to take the actions necessary for the development and implementation of a statewide voter registration list in the State of Alabama, as set forth above, constitutes a violation of Section 303(a) of HAVA.

23. Unless and until ordered to do so by this Court, Defendants will not take timely actions necessary to ensure that a statewide voter registration list meeting the requirements of Section 303(a) of HAVA is operational throughout the State of Alabama.

## CAUSE OF ACTION - SECTION 303(b) OF HAVA

24. Plaintiff restates and incorporates herein the allegations in Paragraphs 1 through 23 of this Complaint.

25. Pursuant to HAVA and Alabama state law, the Alabama Secretary of State is responsible for the development of voter registration forms and matching procedures for voter registration numbers provided for first time registrants by mail as required by Section

303(b)(3)(B) and 303(b)(4)(A) of HAVA, 42 U.S.C. §§ 15483(b)(3)(B) and 15483(b)(4)(A). See Ala. Code 17-4-210, 17-4-214, 17-4-250, 17-4-255.

26. Defendants have failed to take the actions necessary for the State to meet the requirements of Section 303(b) of HAVA in a timely manner. These failures include, but are not limited to, the following:

    a. The State of Alabama currently has no mechanism in place to comply with the matching requirements of Section 303(b)(3)(B) of HAVA;

    b. The State of Alabama currently has made not made the changes in its voter registration forms required by of Section 303(b)(4)(A)(i), (ii) and (iv) of HAVA.

27. As a result of the failure of Defendants to take actions as set forth in Paragraph 26 above, defendants do not have a voter registration form and matching procedures that comply with the requirements of Sections 303(b)(3)(B) and 303(b)(4)(A) of HAVA, thus constituting a violation of Section 303(b) of HAVA.

28. Unless and until ordered to do so by this Court, Defendants will not take timely actions necessary to ensure compliance with Section 303(b) of HAVA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America prays that this Court:

A. Declare that Defendants are not in compliance with Section 303(a) of HAVA, 42 U.S.C. § 15483(a), with respect to having a single, official statewide computerized voter registration list in elections for Federal office;

B. Declare that Defendants are not in compliance with Section 303(b) of HAVA, 42 U.S.C. § 15483(b), with respect to voter registration forms and matching procedures in elections for Federal office;

B.  Enjoin Defendants, their agents and successors in office, and all persons acting in concert with any of them from failing or refusing promptly to comply with the requirements of Section 303(a) and (b) of HAVA;

C.  Order Defendants, their agents and successors in office and all persons acting in concert with any of them promptly to develop a plan, within 30 days of this Court's order, to remedy the demonstrated violations of Section 303(a) and (b) of HAVA.

Plaintiff further prays that this Court order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

Dated: May 1, 2006

ALBERTO R. GONZALES
Attorney General

By: _____
WAN J. KIM
Assistant Attorney General
Civil Rights Division

LEURA GARRETT CANARY
United States Attorney

_____
JOHN K. TANNER   DC Bar: 417585
Chief, Voting Section

_____
ROBERT D. POPPER   NY Bar: 2357275
Special Counsel
CHRISTY A. McCORMICK   VA Bar: 44328
Attorney
Voting Section

Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530
(800) 253-3931 (telephone)
(202) 307-3961 (facsimile)