# EXHIBIT A



**U. S. Department of Justice**

Civil Rights Division

---

*Office of the Assistant Attorney General*   Washington, D.C. 20530

April 3, 2006

The Honorable Troy King
Attorney General
Alabama State House
11 South Union Street, Third Floor
Montgomery, Alabama 36130

Adam Bourne, Esq.
Counsel
Office of the Secretary of State
P.O. Box 5616
Montgomery, Alabama 36103-5616

Dear Messrs. King and Bourne:

I have authorized the filing of a lawsuit on behalf of the United States against the State of Alabama as well as the Alabama Secretary of State, in her official capacity as the chief state election official, pursuant to Sections 303(a) and (b) of the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. §§ 15483(a);(b). Section 401 of HAVA, 42 U.S.C. § 15511, authorizes the Attorney General to bring an action in federal district court for such declaratory and injunctive relief as is necessary to carry out the election technology and administration requirements of Title III of HAVA.

Section 303(a) of HAVA, 42 U.S.C. § 15483(a), requires all states (except a state which does not require voter registration) acting through the chief state election official, to implement a single, uniform, official, centralized, interactive computerized statewide voter registration list for use in elections for Federal office. Among other things, this list must be defined, maintained and administered at the state level, must contain the name and registration information of every legally registered voter in the state, must have a unique identifier for each voter, must be coordinated with other state databases, and must meet list maintenance, technological security and accuracy requirements. In particular, Section 303(a)(5) of HAVA requires the State to conform its voter registration forms to require specific information such as driver license numbers from applicants who have such numbers, or the last four digits of social security numbers from applicants who do not have driver licenses, and further requires specific processes be established to attempt to verify these numbers against state driver license databases and federal social security number databases. Section 303(a) became effective in Alabama on January 1, 2006, since Alabama applied to the U.S. Election Assistance Commission for a one-time waiver of compliance from the original January 1, 2004, effective date.

- 2 -

There are other related requirements of HAVA which are relevant here. Section 303(b)(3)(B) of HAVA, 42 U.S.C. § 15483(b)(3)(B), effective January 1, 2004 and applicable to persons who register to vote for the first time by mail after January 1, 2003, requires States to attempt to match driver license or social security number information provided by such applicants against existing records, as a means of satisfying HAVA's identification requirements. Section 303(b)(4)(A) of HAVA, 42 U.S.C. § 15483(b)(4)(A), effective January 1, 2004, requires the inclusion of specific information on mail voter registration forms, including a specific question regarding whether an applicant will be 18 years of age before election day, a checkbox to answer such question, instructions not to complete the form if the answer to the question is no, as well as specific instructions on the form for first time registrants by mail on new HAVA required identification requirements.

The statewide list requirements of HAVA are critically important to the Act's goals of ensuring that there is an accurate and current voter registration list in elections for Federal office that includes all persons who are eligible to vote, and does not include persons who are not eligible to vote. Based on our review, it is clear that Alabama is not in compliance with the statewide voter registration list requirements of HAVA. Moreover, Alabama has not conformed its voter registration forms to the standards required by Sections 303(a)(5)(A) and 303(b)(4)(A)(ii), (iii) and (iv) of HAVA, and has not instituted the registration information verification procedures required by Sections 303(a)(5) and 303(b)(3)(B) of HAVA. Of significant concern to us is the fact that Alabama does not appear to be making progress towards compliance with these requirements, and indeed, does not appear to have any plan for how it will come into compliance.

We are hopeful that we will be able to resolve this matter through a negotiated consent decree rather than through costly and protracted litigation. We request that you contact us as soon as possible to indicate whether you are willing to enter into negotiations for a fair and equitable settlement of this matter that will remedy these violations. To that end, we are prepared to meet with you promptly to discuss terms of a possible consent decree. We are prepared to file a complaint if the matter is not resolved expeditiously.

Please contact Christy McCormick (202-305-0609) in our Voting Section concerning the State's intentions or for any questions you may have. We look forward to working with you to achieve a prompt resolution of this matter.

Sincerely,

*[signature]*

Wan J. Kim
Assistant Attorney General

cc: The Honorable Robert Riley