IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:06-cv-392-WKW |
| | ) |
| The STATE OF ALABAMA and | ) |
| NANCY L. WORLEY, Secretary of State, | ) |
| in her official capacity, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER GRANTING
DECLARATORY JUDGMENT AND PRELIMINARY INJUNCTION**

This matter is presently before the Court on the plaintiff's Motion for Preliminary Injunction (Doc. # 2). The United States seeks declaratory judgment and preliminary injunctive relief against the defendants enjoining the State of Alabama's violation of the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. §§ 15301 – § 15545, and requiring the defendants to develop a HAVA compliance plan. A hearing was held on the motion on May 30, 2006. Upon consideration of the pleadings, the briefs of the parties, and oral arguments advanced in open court, the Court finds that the motion for preliminary injunction is due to be granted and declaratory judgment in favor of the plaintiff is due to be entered against both defendants.

**I. FACTUAL BACKGROUND**[1]

After the 2000 presidential election, Congress enacted HAVA to improve the administration of federal elections. Title III of HAVA requires the chief State election official to "implement, in

---

[1] Upon the parties' agreement at the hearing, the Court ordered that the federal government's filings, including the affidavit and exhibits filed in support of its motion for preliminary injunction, are admitted into evidence.

a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level . . . ." § 15483(a). The statute delineates additional requirements for the computer list. HAVA also requires the inclusion of specific content in mail voter registration forms. § 15483(b)(4)(A). Congress provided federal funding to the States to assist in the implementation of HAVA requirements. Alabama received more than $41 million, from which more than $35 million is earmarked for compliance with Title III of HAVA.

Alabama enacted legislation designed to carry out the requirements of HAVA. *See* 2003 Ala. Legis. Serv. 313 (H.B. 419). Among other things, the legislation designated the Secretary of State to be the chief election official in the State and to be responsible for the implementation of HAVA and the design of mail voter registration forms. Ala. Code § 17-4-250, § 17-4-255. The legislation authorized the development of a computerized statewide voter registration list. § 17-4-210.

HAVA gives enforcement authority to the United States Attorney General for the uniform and nondiscriminatory election technology and administrative requirements that apply to States under Title III of Act. 42 U.S.C. § 15511. HAVA provides for all necessary declaratory and injunctive relief to enforce Title III. *Id.*

The United States filed this lawsuit against the State of Alabama and Nancy Worley, in her official capacity of Secretary of State, on May 1, 2006, alleging that Alabama has been in violation of the mail registration form requirements since January 1, 2004, and of the computer list requirements since January 1, 2006. Alabama admitted it is not in compliance with HAVA. (Defs.' Resp. ¶ 1.) Duly noted in that regard is Alabama's diffuse, decentralized, and county-oriented election system which has resulted in twenty voter registration systems in operation among the 67

counties of the State. Defendant Worley has referred to the system as a "dinosaur" (Christy A. McCormick Aff. ¶ 15) and is quoted as saying, "We have an antiquated system because it was not updated technologically on an annual basis." (*Id*. at ¶ 19.) Alabama further agreed that "Alabama voters are entitled to a fair and orderly voting process in both primary and general elections." (Defs.' Resp. ¶ 4.)

At the hearing, the parties agreed that notice pursuant to Federal Rule of Civil Procedure 65 is sufficient, the Court has subject matter jurisdiction, and the parties before the Court are necessary for the adjudication of this matter and are subject to the jurisdiction of the Court.

## II. DISCUSSION

A preliminary injunction "is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion.'" *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985) (citations omitted). Injunctive relief is granted or withheld in the exercise of sound judicial discretion and in conformity with settled equitable considerations. *See CNA Fin. Corp. v. Brown*, 162 F.3d 1334, 1337 (11th Cir. 1998). Generally, a court may grant injunctive relief where a party shows that:

> (1) it has a substantial likelihood of success on the merits of the underlying case when the case is ultimately tried; (2) irreparable injury during the pendency of the suit will be suffered unless the injunction issues immediately; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005) (citations omitted). However, a court's considerations are abridged where injunctive relief is authorized by statute:

> When permanent injunctive relief is sought pursuant to statutory authority, courts typically consider only two factors: (1) whether there is an actual violation of the statute, and (2) whether there is a likelihood of future violations. *See, e.g., Commodity Futures Trading Comm'n v. Hunt,* 591 F.2d 1211, 1220 (7th Cir.1979); *United States v. Toys "R" Us, Inc.,* 754 F.Supp. 1050, 1053 (D.N.J.1991); *United States v. Medina,* 718 F.Supp. 928, 930 (S.D.Fla.1989). Hence, no showing of irreparable harm is necessary in an action for a statutory injunction. *Government of V.I. v. Virgin Islands Paving, Inc.,* 714 F.2d 283, 286 (3d Cir.1983); *United States v. Spectro Foods Corp.,* 544 F.2d 1175, 1181 (3d Cir.1976); *United States v. Cappetto,* 502 F.2d 1351, 1358-59 (7th Cir.1974), *cert. denied,* 420 U.S. 925, 95 S.Ct. 1121, 43 L.Ed.2d 395 (1975). The traditional test is not applied because where "Congress has seen fit to act in a given area by enacting a statute, irreparable injury must be presumed in a statutory enforcement action." *United States v. Richlyn Laboratories, Inc.,* 827 F.Supp. 1145, 1150 (E.D.Pa.1992). Further, an examination of whether an injunction pursuant to a statute is in the public interest is unnecessary because Congress acts in the public's interest. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 803 (3d Cir.1989); *United States v. Diapulse Corp. of Am.,* 457 F.2d 25, 28 (2d Cir.1972); *United States v. Roach,* 947 F.Supp. 872, 877 (E.D.Pa.1996).

*In re Bradshaw*, 233 B.R. 315, 326 (Bankr. D.N.J. 1999).

HAVA expressly authorizes declaratory relief. Where the power to grant a declaratory judgment has been statutorily conferred on the courts, they may grant declaratory judgment in a case of actual controversy, irrespective of whether further relief is or could be sought. *See* 28 U.S.C. § 2201; Fed. R. Civ. P. 57; *see also Byers v. Byers*, 254 F.2d 205, 209-10 (5th Cir. 1958).[2] "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Byers*, 254 F.2d at 209-10 (internal quotation marks and citations omitted); *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Declaratory relief should not be denied where the controversy is of sufficient immediacy and reality. *See Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1974). The powers of a court acting under a

---

[2] The Eleventh Circuit has adopted all prior decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

declaratory relief statute are broad. *See Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1001 (10th Cir. 1993).

The Court has considered the evidence presented by the United States and finds that the record is more than adequate to support the findings and relief sought. The Court finds that the State of Alabama has not had in the past and currently does not have a computerized statewide voter registration system that meets the requirements of Section 303 of HAVA. More specifically:

(1) The State has not implemented a single, uniform, official, centralized, interactive computerized statewide voter registration list that is defined, maintained, and administered at the State level and that contains the name, registration information, and unique voter identification number of every legally registered voter in the State;

(2) The State does not have a computerized statewide voter registration list that serves as the single system for storing and managing the official list of registered voters throughout the State;

(3) The State does not have a computerized statewide voter registration list that has been coordinated with other agency databases within the State or the Social Security Administration;

(4) The State does not have a computerized statewide voter registration list that serves as the official voter registration list for the conduct of all elections for federal office in the State;

(5) The State does not coordinate with State agencies keeping records on deaths, felon status, and federal Social Security records for the purpose of removing ineligible voters or verifying eligible voters;

(6) The State does not have data verification procedures for first-time registrants by mail after January 1, 2003, nor does it collect the required information to be able to implement data-matching verification for all new registrants after January 1, 2006; and

(7) The State does not maintain an interactive computerized statewide voter registration list that ensures that the name of each registered voter appears on the list, that only voters who are not registered or who are not eligible to vote are removed from the list, and that duplicative names are eliminated from the list on an expedited basis.

The Court further finds that the Secretary of State of Alabama, the chief elections officer responsible for developing, maintaining, and implementing the State's voting systems and voter registration lists, and respective agency heads responsible for providing information for the computerized statewide voter registration list, have failed to take the actions necessary for the State to meet the requirements of Section 303 of HAVA in a timely manner.  These failures include, but are not limited to, the following: (1) the Secretary of State has not contracted with an entity or entities to develop and implement a statewide voter registration list; (2) the Secretary of State and the heads of the agencies responsible for database verification and updates have not established the technical requirements or built the technical infrastructure necessary for implementation of the statewide voter registration list; and (3) the Secretary of State and the State have not entered into an agreement with the Social Security Administration and established the necessary infrastructure to match information from the statewide voter registration list against the Social Security number database.  The Court further finds that, even with all due diligence, a minimum of nine months will pass  before the State is compliant with HAVA.

The Court also finds that Alabama county registrars[3] are agents of the State and are specifically subject to the jurisdiction of this Court, including the contempt powers thereof. *See Mitchell v. Wright*, 69 F. Supp. 698, 702 (M.D. Ala. 1947) ("The members of the Boards of Registrars of the different counties of Alabama are State Officers."); *Garner v. McCall*, 178 So. 210, 212 (Ala. 1938) (" . . . under our authorities, [the board of registrars] is a state agency and not a county authority. The board of registrars is as much an independent agency of the state for a statewide purpose as the county board of education."). All court orders directed to the State of Alabama and the Secretary of State, and their officers, agents, servants, employees, attorneys, successors in office, and all persons in active concert and participation with any of them, shall apply directly to all registrars.

The list of failures recited above constitutes actual violations of Title III of HAVA. In light of the defendants' identification of certain impediments to achieving HAVA compliance, the Court concludes that the State's violations of HAVA will most certainly continue – not only through the current election cycle, but also into the 2008 federal elections. Unless ordered to do so, the defendants will not take the actions necessary to meet the requirements of HAVA.

The Court's jurisdiction reaches the four corners of Alabama in all matters relating to federal election requirements under HAVA. Defendant Worley has identified potential impediments to HAVA compliance over which or whom she may not have authority to require conformity. Specific mention was made of the various governing bodies of the counties. These entities are not presently

---

[3] The creation of Alabama county boards of registrars is of a constitutional origin. Section 186 allowed for the legislature to provide a registration procedure after 1903. Ala. Const. art. VIII § 186, *repealed by* Ala. Const. amend. 579. Boards of registrars are now governed by statute. Ala. Code §§ 17-4-150 through 17-4-159; *see also Madison v. Nunnelee*, 20 So.2d 589 (Ala. 1945).

before the Court and no specific findings are made at this time with respect to the practical and legal extent that county governing bodies exercise control over voter registration in Alabama. Suffice it to say that diligent, full and whole (as opposed to dilatory, partial and piecemeal) compliance with the duly established Congressional mandate of HAVA will be required of Alabama and its political subdivisions. In that regard, the parties are DIRECTED to be vigilant of early warning signs of structural, political, or legal impediments to implementation of HAVA, and to properly report such to the Court and to the other parties. Further, the defendants will be required as appropriate to bring third party actions against any such persons or entities obstructing the implementation of HAVA in Alabama.

### III. CONCLUSION

For the reasons given above, it is ORDERED that the Motion for Preliminary Injunction (Doc. # 2) is GRANTED and declaratory judgment is entered against both defendants.

It is DECLARED, ADJUDGED, and DECREED with respect to the State of Alabama and the Secretary of State that:

1. The defendants are not in compliance with § 303(a) of HAVA, 42 U.S.C. § 15483(a), with respect to having a single, uniform, official, centralized, interactive computerized statewide voter registration list in elections for federal office; and

2. The defendants are not in compliance with § 303(b) of HAVA, 42 U.S.C. § 15483(b), with respect to voter registration forms and matching procedures in elections for federal office; and

3. Defendant Secretary of State is not in compliance with the Alabama enabling legislation, specifically, Ala. Code § 17-4-255 requiring the promulgation of rules

and prescription of forms and instructions "as shall be necessary to implement the National Voter Registration Act of 1993 in Alabama or the Help America Vote Act of 2002."

A PRELIMINARY INJUNCTION is hereby issued against the State of Alabama and the Secretary of State, as follows:

1. The defendants, their officers, agents, servants, employees, attorneys, successors in office, and all persons in active concert and participation with any of them, are ENJOINED from failing or refusing to comply promptly with the requirements of § 303(a) and (b) of HAVA; and

2. The defendants, their officers, agents, servants, employees, attorneys, successors in office, and all persons in active concert and participation with any of them, are ORDERED to develop promptly a HAVA compliance plan. The plan shall meet the following requirements and objectives:[4]

    a. The immediate revision of voter registration applications to comply with all HAVA requirements;

    b. An interim plan to bring the State's existing voter registration system (ALVIN) into the greatest possible degree of compliance with the requirements of HAVA by the November 2006 elections for Federal office;

    c. The use of a competitive procurement process (Request for Proposal or RFP) to select a bidder who will be awarded a contract to implement a new, HAVA-compliant, computerized statewide voter registration list as the official list for the conduct of elections for Federal office. The winning bidder will be responsible for all technical tasks associated with this project.

---

[4] Specific time frames and monitoring details have been avoided to give the parties the greatest latitude in crafting a solution by consent. The absence of these specifics should not be read, however, as an indication they are not required. Indeed, it is expected that all requirements and objectives of the plan shall be measurable, timely implemented, and closely monitored.

        The Permanent System RFP will not specify a technical solution to the competing bidders. Instead, it will describe the business outcomes and functional requirements of the system, along with overall State goals, such as rapid development and implementation, expedited completion, and minimization of disruption.

d. The implementation by the Secretary of State of regulations, procedures, and technical systems to verify that all data contained in the statewide voter database is valid and in the proper format;

e. The establishment by the Secretary of State of procedures and technical processes to record in the statewide voter database information regarding list maintenance activities, voter identification, and voter verification requirements, and any other additional data elements required by HAVA and other relevant law;

f. The enforcement of the statewide data format and content standards;

g. The promulgation of State regulations necessary to enforce the voter registration requirements of HAVA, including the voter identification requirements of Section 303(b) and the voter verification requirements of Section 303(a)(5);

h. The verification and, as necessary, the update of regulations concerning list maintenance activities as required by HAVA; the monitoring and confirmation that registrars and counties are uploading the required list maintenance information to the statewide voter registration database; and the development of appropriate enforcement procedures against registrars and counties not in compliance, including but not limited to investigation regarding the need for training, development, and deployment of technological and procedural solutions, as necessary, and taking punitive action, including litigation;

i. The development of network connections to obtain data from other State agencies to identify ineligible registrations for both the interim enhanced system and the permanent fully HAVA-compliant system, including but not limited to enhanced interfaces with the Alabama Administrative Office of Courts, the Alabama Department of Public Health, and the Alabama Department of Public Safety, and through the latter, an enhanced interface to the Social Security Administration;

  j.  The update of the Secretary of State's website as appropriate and the issuance of press releases pertaining to any progress or delays concerning implementation of HAVA; and

  k.  The assignment of unique voter identification numbers and the elimination of duplicate voter registration records.[5]

It is further ORDERED that the Alabama Department of Public Safety shall file a report with the Court detailing the status of its negotiations with the United States Social Security Administration on an agreement which will result in an interface to match the statewide voter registration list against the social security number database. The report shall be filed and served on all parties **on or before June 22, 2006**. The Secretary of State shall be responsible for delivering a copy of this Order to the Alabama Department of Public Safety immediately.

It is further ORDERED that the defendants shall file the HAVA compliance plan **not later than noon on June 29, 2006**; the plaintiff shall file any written objections **on or before July 13, 2006**; and a hearing on the proposed plan and objections is scheduled for **July 20, 2006, at 10:00 a.m.** in Courtroom 2-E. These deadlines will not be extended without agreement of all parties and for good cause shown. The Court does not consider the current election cycle to be good cause.

It is further ORDERED that the Secretary of State shall forward a copy of this Order to each Alabama registrar and, to the extent the Secretary of State deems it necessary, to probate judges and county governing bodies, **on or before June 15, 2006.**

DONE this the 7th of June, 2006.

            /s/ W. Keith Watkins
            UNITED STATES DISTRICT JUDGE

---

[5] This list is not exhaustive; rather, it outlines the minimum requirements of the HAVA compliance plan.