# EXHIBIT A

May 24, 2006 letter to Hon. W. Keith Watkins from Robert D. Popper (with attachments)



**U.S. Department of Justice**

Civil Rights Division

Voting Section - NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530

May 24, 2006

The Honorable W. Keith Watkins
United States District Judge
U.S. District Court
One Church Street
Montgomery, Alabama 36104

Subj:  UNITED STATES v. STATE OF ALABAMA.
       Civil Action Number: 2:06-CV-00392-WKW-SRW

Dear Judge Watkins:

On May 1, 2006, the Plaintiff, the United States, filed the complaint in this action, alleging violations by Defendants of the Help America Vote Act of 2002 ("HAVA"). That same day, the Plaintiff moved by Order to Show Cause for a preliminary injunction, enjoining further violations of HAVA and requiring Defendants to submit a plan describing how they intended to comply with HAVA in the future.

In an Order dated May 3, 2006, this Court directed the Defendants to file a response on or before May 17, 2006. In their response, Defendants (1) conceded the specific violations of HAVA alleged in the complaint, (2) stated that they did not dispute the accuracy of the factual allegations and documents accompanying the Plaintiff's motion, and (3) failed to dispute any of the points of law contained in the Plaintiff's brief submitted in support of its motion.

In consequence, the Plaintiff respectfully contends that a reply is not necessary. In lieu of a reply, the Plaintiff respectfully submits the enclosed Proposed Order, with Attachment A, for the Court's consideration at the May 30, 2006 hearing in this matter.

Respectfully,

Robert D. Popper
Special Litigation Counsel
United States Department of Justice

cc:  Troy King, Attorney General of Alabama (by mail and email, with enclosures)

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>STATE OF ALABAMA, and  )<br>NANCY L. WORLEY, Secretary of State;  )<br>in her official capacity,  )<br>  )<br>Defendants.  )<br>_____  ) | Civil Action No. 2:06-CV-00392 |

## **ORDER**

The United States filed its Complaint and brought its Motion for Preliminary Injunction in this action on May 1, 2006, against the State of Alabama and the Alabama Secretary of State in her official capacity pursuant to Section 401 of the Help America Vote Act ("HAVA"), 42 U.S.C. § 15511. The United States alleged that defendants have violated Sections 303(a) and (b) of HAVA, 42 U.S.C. §§ 15483(a), (b). Specifically, the United States alleged that defendants (1) are not in compliance with the statewide computerized voter registration list requirements of Section 303(a) of HAVA with respect to elections for Federal office; (2) have not conformed state voter registration forms to the standards required by Sections 303(a)(5)(A) and 303(b)(4)(A)(ii), (iii) and (iv) of HAVA; and (3) have not instituted the registration information verification procedures required by Sections 303(a)(5) and 303(b)(3)(B) of HAVA, with respect to elections for Federal office.

Defendants have admitted that they are not in compliance with the aforementioned HAVA requirements.

This Court has jurisdiction over the parties and the subject matter of this litigation.

1. Accordingly, based on the record herein, it is hereby:

ORDERED, that the plaintiff's motion for preliminary injunction is GRANTED,

DECLARED that the defendants are not in compliance with Sections 303(a) and (b) of the Help America Vote Act, 42 U.S.C. §§ 15483(a), (b), and,

ORDERED that defendants are ENJOINED to take the actions ordered below to comply with Sections 303(a) and (b) of HAVA.

## COMPLIANCE WITH THE REQUIREMENTS OF SECTIONS 303(a) & (b) OF HAVA

2. IT IS FURTHER:

ORDERED that defendants shall take those actions necessary to bring the State's existing Alabama Voter Information Network or ALVIN into the greatest possible degree of compliance with HAVA by the time of the November 2006 general election for federal office, as described in Attachment A to this Order, and,

ORDERED that defendants shall take all actions necessary to complete development and implementation of a new permanent HAVA-compliant statewide computerized voter interactive registration list in conformance with the requirements of HAVA, including the verification requirements of Sections 303(a)(5) and 303(b)(3)(B) of HAVA, which will replace ALVIN upon completion, as described in Attachment A to this Order.

3. IT IS FURTHER ORDERED, that defendants shall take all steps necessary to ensure that all applications used with respect to registering to vote in elections for Federal office in the State of Alabama conform to the standards required by Sections 303(a)(5)(A) of HAVA and

2

Sections 303(b)(4)(A)(ii), (iii) and (iv) of HAVA.

## DEFENDANTS' PLAN FOR COMPLIANCE

4. IT IS FURTHER

ORDERED, that defendants shall file a detailed plan, and detailed schedule, for how the State of Alabama will come into compliance with Sections 303(a) and (b) of HAVA, and the terms of this Order, within 15 days of the date of this Order, and,

ORDERED that defendants' plan shall follow the model set forth in Attachment A, and,

ORDERED that defendants' plan shall include copies of the revised voter registration forms to be used in the State of Alabama, revised to correct the non-compliance with federal law identified in Attachment A.

## COMPLIANCE MONITORING AND RECORDKEEPING

5. IT IS FURTHER ORDERED, that defendants shall take the following actions to advise the United States of the State's progress in carrying out the terms of this Order:

(a) Report to the United States on a weekly basis, in writing (by e-mail or overnight delivery) or through personal report from the Secretary of State's staff, concerning progress in implementing the terms of this Order; and

(b) Advise the United States within 24 hours, in writing (by e-mail or overnight delivery) as well as by personal contact, of any occurrence which may give rise to noncompliance with any term of this Order.

6. IT IS FURTHER ORDERED, that defendants shall retain any and all records concerning the subject matter of this Order during the term of this Order. The United States

3

shall have access to all such records within a reasonable period of time, but no later than 3 days after request, and shall have the right to enter and monitor polling sites within the state of Alabama and shall have the full cooperation of defendants in this regard. Defendants shall make appropriate State personnel available to the United States at any and all reasonable times in order to answer questions and provide information concerning compliance issues which arise during the term of this Order.

7. IT IS FURTHER ORDERED, that it shall be the responsibility of the defendants to provide advance notice to the plaintiff that they are about to be in breach of any of the terms of this Order, or of any of the schedules attached to, or to be devised pursuant to, or in any way made a part of, this Order. Such advance notice reasonably shall describe the nature and causes of such breach, and the steps the defendants propose to resolve the breach.

8. IT IS FURTHER ORDERED, that if at any time the United States obtains information that the defendants are or are about to be in breach of any of the terms of this Order, the United States shall advise defendants in writing by notice sent to the Secretary of State by e-mail or overnight delivery, and by facsimile. The defendants shall have 2 business days following transmission of such notice to respond in writing (by e-mail or overnight delivery, and by facsimile) to the United States. The parties shall thereafter immediately attempt to resolve any issue of potential noncompliance. If the parties are unable to agree on a resolution of the issue, either party may bring the matter before the Court for appropriate resolution.

9. IT IS FURTHER ORDERED, that defendants shall obtain preclearance of voting changes occasioned by this Order as required by Section 5 of the Voting Rights Act, 42 U.S.C. §

4

1973c.

    10. IT IS FURTHER ORDERED, that any notices sent by the respective parties pursuant to provisions of this Order shall be sent to:

For the United States:

John K. Tanner
Chief
Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Room 7254-NWB
Washington, D.C. 20530
Phone: (800) 253-3931
Fax: (202) 307-3961
Email: christy.mccormick@usdoj.gov

For the Defendants:

Margaret L. Fleming
Assistant Attorney General
Winfield J. Sinclair
Assistant Attorney General
Office of the Attorney General
11 South Union
Montgomery, Alabama 36130

Nancy L. Worley
Secretary of State
First Floor, Suite S-105
State Capitol
600 Dexter Avenue
Montgomery, AL 36103-5616

    The provisions of this Order shall expire on December 31, 2008. The Court retains jurisdiction of this action to enforce the terms of this Order during the effective period of this Order.

DONE this     day of      , 2006.

_____
W. Keith Watkins
UNITED STATES DISTRICT JUDGE

## Attachment A
## Plan of the steps that defendants will take to achieve compliance with HAVA

To come into compliance with HAVA in federal elections in Alabama, the Secretary of State will complete the following steps:

### 1. Revise Alabama's Voter Registration Application

The Secretary of State shall immediately revise Alabama's voter registration applications that are utilized for purposes of applying to register to vote in elections for Federal office in county registrar's offices, driver license offices, voter registration agencies, and by mail, to comply with all HAVA and NVRA requirements. The required changes to Alabama's voter registration form shall include the following:

a) The information required by Section 303(a)(5) of HAVA – i.e., a question which advises an applicant for voter registration that it is required that he/she provide the applicant's current and valid driver's license number, if the applicant has such number, or the last four digits of the applicant's social security number, for the applicant who does not possess a current and valid driver license, but does possess a valid social security number;

b) The information required by Section 303(b)(4)(A)(ii) and (iii) of HAVA -- i.e., a question regarding whether an applicant will be 18 years of age by election day, and check boxes to answer yes or no to this question; and, a statement that if the applicant checks "no" in response, that the applicant should not complete the form;

c) The information required by Section 303(b)(4)(A)(iv) of HAVA – i.e., a statement informing the individual of specific instructions for first-time registrants by mail concerning HAVA's identification requirements.

An example of revised registration applications which illustrate how these HAVA and NVRA requirements can be satisfied can be found at the following link: http://www.usdoj.gov/crt/voting/hava/Section_303.html.

To establish a computerized statewide voter registration list as the official list of registered voters in elections for Federal office in Alabama, the Secretary of State will complete the following steps for both an interim and a permanent solution:

### 2. Interim Compliance With HAVA Statewide Database Requirements

The Secretary of State, in accordance with state law and regulations, will ensure that specific steps are employed to bring the State's existing voter registration system (Alabama Voter Information Network or ALVIN) into the greatest possible degree of compliance with the requirements of HAVA by the time of the November 2006 election for federal office. These

-1-

required steps shall include at least the following:

1) Revising all voter registration forms in the State to comply with the requirements of HAVA and NVRA as outlined above.

2) Ensuring that counties synchronize the voter registration records in their election management systems with ALVIN no less than once each business day, to ensure that the State has a single official statewide registration list which includes all registered voters in the State.

3) Ensuring that duplicate registration checks are run on all records in ALVIN on a weekly basis and that the resulting information is provided to county registrars for resolution.

4) Ensuring that the voter registration records in ALVIN are compared with the driver license records of the Department of Public Safety, the social security number records of the federal Social Security Administration (through the Department of Public Safety), the death records of the Department of Public Health, and the disqualifying criminal conviction records of the Administrative Office of the Courts on a weekly basis and that the resulting information is provided to county registrars for resolution.

5) Ensuring that the voter verification procedures required by Sections 303(a)(5) and 303(b)(3)(B)(ii) of HAVA are implemented for new registrants, and that the resulting information is provided to county registrars for resolution.

6) Ensuring that the statewide list is able to track the information needed to establish whether an applicant is covered by the voter identification requirements of Section 303(b) of HAVA, and if covered, whether and how the applicant has satisfied those requirements.

### 3. Permanent Full Compliance With HAVA Statewide Database Requirements

The Secretary of State, in accordance with state law and regulations, will employ a competitive procurement process (Request for Proposal or RFP) to select a bidder who will be awarded a contract to implement a new, HAVA-compliant, statewide computerized voter registration list as the official list for the conduct of elections for Federal office. The winning bidder will be responsible for all technical tasks associated with this project. The Permanent System RFP will not specify a technical solution to the competing bidders. Instead, it will describe the business outcomes and functional requirements of the system, along with overall State goals, such as rapid development and implementation, expedited completion and minimization of disruption.

### 4. Implement Regulations and Procedures for Both the Interim Enhanced System and the Permanent Fully HAVA-Compliant System

A. The Secretary of State will implement regulations and procedures to synchronize the State voter registration database with the voter registration lists maintained in every county no less frequently than once each business day. The Secretary of State will promulgate regulations

requiring each county to update the statewide voter registration database with all changes no later than the same day those changes are made to the county databases. The Secretary of State will require each county to take such steps as will permit the Secretary of State to verify the accuracy of any and all voter registration records.

B. The Secretary of State will implement regulations and procedures to ensure that all Federal elections, and all actions or decisions concerning Federal elections, are based on data in the official, statewide voter registration list. The Secretary of State will develop regulations, processes and procedures to ensure that all decisions regarding eligibility to vote, issuance of ballots, and the acceptance or rejection of provisional ballots in Federal elections will be based upon the State's official list.

C. The Secretary of State will implement regulations, procedures and systems to ensure that all information explicitly or implicitly required by HAVA, by the Uniformed and Overseas Citizens Absentee Voting Act of 1986 (UOCAVA), and by the National Voter Registration Act of 1993 (NVRA) is recorded in the statewide voter database and in each county's registration list. The Secretary of State will implement procedures to verify that all required information is correctly maintained by each county. The Secretary of State will implement regulations and procedures to ensure correction of any identified deficiencies.

D. The Secretary of State will implement regulations, procedures and technical systems to verify that all data contained in the statewide voter database is valid and in the proper format, and automatically notify counties of required changes.

E. The Secretary of State will establish procedures and technical processes to record in the statewide voter database information regarding list maintenance activities, voter identification, and voter verification requirements, and any other additional data elements required by HAVA and the NVRA.

F. The Secretary of State will enforce the statewide data format and content standards.

G. The Secretary of State will enact state regulations necessary to enforce the voter registration requirements of HAVA, including the voter identification requirements of Section 303(b) and the voter verification requirements of Section 303(a)(5) of HAVA.

H. The Secretary of State will verify and, if necessary, update regulations concerning list maintenance activities as required by HAVA and NVRA, including requiring counties to collect and retain in their databases the date of the last federal election in which the registrant voted, the date a notice pursuant to Section 8(d)(2) of the NVRA was sent to the voter, the date the voter was placed on inactive status, whether the voter responded to the notice and was returned to active status, and whether the voter failed to vote or attempt to vote in the two succeeding federal general elections after the Section 8(d)(2) notice was sent, and was removed from the list as a consequence. The Secretary of State will implement and maintain procedures for receiving current National Change of Address (NCOA) data, and check all current voter

registrations against NCOA data on a regular and frequent basis to identify voters who have relocated. The Secretary of State will monitor and confirm that counties are uploading the required list maintenance information to the statewide voter registration database and develop appropriate enforcement procedures against counties not in compliance, including but not limited to investigation of procedural or technological impediments to compliance, inquiry and investigation regarding the need for training, development and deployment of technological and procedural solutions, as necessary, and taking punitive action, including litigation.

### 5. Develop Network Connections to Obtain Data from Other State Agencies to Identify Ineligible Registrations for Both the Interim Enhanced System and the Permanent Fully HAVA-Compliant System

    A. The Secretary of State will implement an enhanced interface to the Alabama Administrative Office of the Courts to obtain, at least weekly, records of ineligible felons and persons on parole from felony convictions to ensure that convicted felons who are ineligible to vote are removed from the rolls. The Secretary of State will automatically transmit notices to counties to research and remove any voters determined to be ineligible within 5 business days of notification.

    B. The Secretary of State will implement an enhanced interface to the Alabama Department of Public Health to obtain records, at least weekly, of deceased persons to ensure that the deceased persons are removed from the voter rolls. The Secretary of State will automatically transmit notices to counties to research and remove any voters determined to be ineligible, and to do so within 5 business days of notification.

    C. The Secretary of State will implement an enhanced interface to the Department of Public Safety and, through that entity, an interface to the federal Social Security Administration, for the purpose of matching and verifying voter registration applicant's driver's license numbers or social security numbers with those agencies.

### 6. Keep Public Updated for Both the Interim Enhanced System and the Permanent Fully HAVA-Compliant System

On an ongoing basis, in order to provide the public with the most current information on the status of HAVA compliance and implementation in the State of Alabama, the Secretary of State will update its website as appropriate and issue press releases pertaining to any progress or delays concerning implementation of HAVA.

### 7. Assign Unique Voter Identification Numbers and Eliminate Duplicate Voter Registration Records for Both the Interim Enhanced System and the Permanent Fully HAVA-Compliant System

The Secretary of State shall establish a plan for assigning a unique identifying number to each registered voter in the State.

For those existing records in the statewide list which have a full social security number, the State may use that number on an interim basis as the unique identifying number for the voter, provided, however that this unique identifier based on the social security number should not be used as a publicly available identifying number. For those existing records which do not bear a full social security number, the State shall develop a plan for assigning a unique identifying number to the registrant. This generated unique identifier will be based upon the name and date of birth of the voter, and will be assigned according to procedures that ensure that the same identifier will be assigned each time the individual registers to vote, without requiring the voter to present the identifier.

For those new records entered into in the State's voter registration system after the revision of the State's voter registration forms to obtain the HAVA-required information, the State shall begin using driver license numbers or the last four digits of social security numbers as part of the unique identifying number for each registrant. The State shall verify such numbers as required by Section 303(a)(5) of HAVA. For applicants who do not have either such number, the State shall assign a unique identifying number under the formula outlined above.

The Secretary of State will check the statewide database at least weekly to identify potential duplicate voters. These processes will use both the unique identifier, and a rotating group of alternate criteria, to identify potential duplicates, including instances where the voter may have changed his or her name. Counties will be notified automatically of potential duplicate records, and will be required by regulation to research and make a determination whether to cancel duplicate records which are identified as previous registrations within 5 business days of notification.