IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| STATE OF ALABAMA, and | ) 2:06-cv-0392-WKW-SRW |
| NANCY L. WORLEY, Secretary of State; | ) |
| in her official capacity, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PLAINTIFF'S OPPOSITION TO
ALABAMA PROBATE JUDGES ASSOCIATION'S MOTION TO COMMENT**

Plaintiff United States of America, by and through its undersigned counsel, opposes the Alabama Probate Judges Association's Motion for Leave to Comment as follows:

**1.  The Federal Rules of Civil Procedure make no provision for nonparties to submit written comments.**

The Alabama Probate Judges Association is not a plaintiff or a defendant in the instant action. It does not claim to be a necessary party, nor has it sought to intervene pursuant to Rule 24. The Federal Rules make no provision for the filing of written comments as requested by the Alabama Probate Judges Association, so that request should be denied.

**2.  The Alabama Probate Judges Association should not be granted status as amicus curiae.**

The Alabama Probate Judges Association has not styled its motion as a request for status as amicus curiae. However, in the event that the instant motion is so interpreted, that request should be denied.

District courts have broad discretion in granting amicus curiae status. *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (citations omitted). Though federal district courts retain the inherent authority to grant status as amici curiae, *Verizon New Eng. v. Me. Pub. Util. Comm'n*, 229 F.R.D. 335, 338 (D. Me. 2005) (citation omitted), a four-part test has historically been utilized by district courts in determining whether amicus status is appropriate in a given instance. This test is stated concisely in *U. S. v. Alkaabi*, 223 F. Supp.2d 583, 592 (D.N.J. 2002) (citation omitted):

> Amicus status is typically granted when: (1) the amicus has a "special interest" in the particular case; (2) the amicus' interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the amicus is not partial to a particular outcome in the case.

The Alabama Probate Judges Association does not meet this test.

    (a)    <u>The Alabama Probate Judges Association does not have a special interest in this case</u>.

In Alabama, counties are "mere political subdivision[s] of the state . . . ." *First Nat.l Bank v. Jackson County*, 150 So. 690, 692 (Ala. 1933). Because this is so, the county probate judges have no special interest that is independent of that of the State, and, consequently, no special interest justifying their appearance as amici.

    (b)    <u>To the extent that the Alabama Probate Judges Association has an interest in the case, that interest is represented</u>.

As a matter of State law, "[a]ll litigation concerning the interest of the state, or any department of the state, shall be under the direction and control of the Attorney General." Ala. Code § 36-15-21; *see State ex rel. Carmichael v. Jones*, 41 So. 2d 280, 284 (Ala. 1949). As the State officer charged with representing the state and all of its departments, the Attorney General

will adequately represent the interests of Alabama's probate judges. Accordingly, they have no basis for appearing as amici.

As a practical matter, moreover, named Defendants Alabama and the Secretary of State are the proper parties, and will adequately safeguard the interests of all of those affected by any decision in this matter. By both federal and state statute, the State of Alabama and the Secretary of State are charged with the implementation of the Help America Vote Act of 2002. *See* 42 U.S.C. § 15483(a)(1)(A) ("each State, acting through the chief State election official" is responsible for the implementation, definition, maintenance and administration of the voter registration list); Ala. Code § 17-4-250 ("The Secretary of State shall be the primary state official for federal contact for the implementation of the . . . Help America Vote Act of 2002.").

The Alabama Probate Judges Association does not state how any interest it may have cannot adequately be represented by the named Defendants. Accordingly, it should not be granted status as amicus curiae.

      (c)    <u>The information which the Alabama Probate Judges Association wishes to proffer will not be timely</u>.

In its Motion for Leave to Comment, the Alabama Probate Judges Association requests leave to file its written comments on or before July 13, 2006. By Court Order, dated June 7, 2006, the United States' comments and objections are due on the same date. If this schedule is approved, the United States would be unable to comment – in fact, would not even see – the comments of the Alabama Probate Judges Association prior to the time in which it would have to submit its brief. This is clearly prejudicial to the United States.

### 3. Denying the motion of the Alabama Probate Judges Association would not prejudice Alabama's probate judges in any way.

If Alabama's probate judges are denied the opportunity to submit written comments or participate as amicus curiae through their professional association, their voices may still be heard on the proposed HAVA compliance plan through a more appropriate means. Since the probate judges are constituent parts of an entity that is a part of this litigation – the State of Alabama – and are already represented in this litigation through its Attorney General, there is absolutely nothing to preclude the probate judges, individually or collectively, from submitting their comments on the proposed HAVA compliance plan *to the Attorney General*, who is then free to include those views in any of his submissions to the Court. Indeed, this is the only appropriate way for the views of constituents of an entity that is party to litigation to be heard.

## CONCLUSION

Because the relief sought by the Alabama Probate Judges Association is not available under the Federal Rules of Civil Procedure, and because granting amicus curiae status to the Association is inappropriate in the instant case, the United States respectfully requests that the Court deny the Alabama Probate Judges Association's Motion for Leave to Comment in its entirety.

Respectfully submitted this 5${}^{th}$ day of July, 2006.

        ALBERTO R. GONZALES
        Attorney General

        WAN J. KIM
        Assistant Attorney General
        Civil Rights Division

        LEURA GARRETT CANARY
        United States Attorney
        R. RANDOLPH NEELY
        Assistant United States Attorney

        JOHN K. TANNER
        Chief, Voting Section


        By:    s/Christy A. McCormick
                  ROBERT D. POPPER
                  Special Counsel
                  CHRISTY A. McCORMICK
                  DONALD L. PALMER
                  Attorneys
                  Voting Section
                  Civil Rights Division
                  U.S. Department of Justice
                  Room 7254-NWB
                  950 Pennsylvania Ave., NW
                  Washington, DC 20530
                  (800) 253-3931 (telephone)
                  (202) 307-3961 (facsimile)

## CERTIFICATE OF SERVICE

        I hereby certify that on this 5th day of July, 2006, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

        Nancy L. Worley
        Secretary of State of the State of Alabama
        State Capitol, Room 5105
        600 Dexter Avenue
        Montgomery, Alabama 36101

        State of Alabama
        c/o Troy King
        Attorney General for the State of Alabama
        Winfield J. Sinclair
        Margaret L. Fleming
        Misty S. Fairbanks
        Assistant Attorneys General
        11 South Union Street
        Montgomery, Alabama 36130

        Algert S. Agricola, Jr.
        Slaten & O'Connor, P.C.
        Winter Loeb Building
        105 Tallapoosa Street, Suite 101
        Montgomery, Alabama 36104

        Michael W. Robinson, Esq.
        Attorney for Department of Public Safety
        Department of Public Safety, Legal Unit
        Post Office Box 1511
        Montgomery, Alabama 36102-1511

| | |
|---|---|
| Address of Counsel: | s/Christy A. McCormick |
| | Trial Attorney |
| Voting Section, Room 7254-NWB | U.S. Department of Justice |
| Civil Rights Division | |
| U.S. Department of Justice | |
| 950 Pennsylvania Avenue, NW | |
| Washington, DC 20530 | |
| (800) 253-3931 (telephone) | |
| (202) 307-3961 (facsimile) | |
| E-mail: Christy.McCormick@usdoj.gov | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| STATE OF ALABAMA, and | ) 2:06-cv-0392-WKW-SRW |
| NANCY L. WORLEY, Secretary of State; | ) |
| in her official capacity, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER**

Upon consideration of the Alabama Probate Judges Association's Motion for Leave to Comment and the Opposition filed thereto, it is ORDERED that the Alabama Probate Judges Association's Motion for Leave to Comment is DENIED in its entirety.

DONE this the _____ day of _____, 2006

_____
W. Keith Watkins
UNITED STATES DISTRICT JUDGE