IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| STATE OF ALABAMA, and | ) | 2:06-cv-0392-WKW-SRW |
| NANCY L. WORLEY, Alabama | ) | |
| Secretary of State, in her official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO THE MOTION
OF THE ALABAMA PROBATE JUDGES ASSOCIATION
FOR LEAVE TO COMMENT, OR IN THE ALTERNATIVE,
MOTION TO GRANT STATUS AS *AMICUS CURIAE***

Comes Now The Alabama Probate Judges Association, by and through counsel, and replies to the government's response in opposition to the motion of the Alabama Probate Judges Association for leave of Court to submit written comments regarding the plan submitted by the Alabama Secretary of State for compliance with this Court's injunction. In further support of its request, The Alabama Probate Judges Association would show the following:

1.  This Court's Case Management/Electronic Case Filing System allows the filing by electronic means of a motion in a case by an "interested party." The Alabama Probate Judges Association filed its motion for leave to comment as an interested party to this litigation. [Doc. No. 19]. It is often said that on election day in Alabama, we do not have one statewide election. We have 67 different elections the collective results of which become our

statewide election results. Those 67 elections are conducted by Alabama's probate judges. In recognition of the key role played by probate judges in the election process, Congress required the chief election officials of the two most populous counties in the state to serve on each state's HAVA Committee. See Section 255, P.L. 107-252, 42 U.S.C. § 15405. When Alabama's HAVA Committee was ultimately appointed under § 17-25-2, Ala. Code, four judges of probate were designated to serve on Alabama's HAVA Committee. Furthermore, this Court's injunction envisioned all local election officials being informed of it, including probate judges. The Alabama Probate Judges Association should be allowed to comment on the plan submitted by the Secretary of State for compliance with this Court's injunction.

    2.    If this Court is not inclined to allow the Alabama Probate Judges Association to be heard on the Secretary of State's plan for compliance with this Court's injunction on the basis of the motion as filed, then in the alternative, the Association moves this Court to allow it to appear and be heard as an *amicus curiae*. The Association asserts that it satisfies the test set out in *U.S. v. Alkaabi*, 223 F.Supp.2d 583, 592 (D.N.J. 2002), and in support of that assertion, would show the following:

        (a)    The Alabama Probate Judges Association has a special interest in this case.

No one knows more about the operational mechanics of how to conduct an election than the probate judge. One of the keys to conducting a successful election is the ability to generate an accurate list of registered voters on a timely basis for use at each voting place. Poll workers at each voting place must know what ballot style each voter must be given when

he arrives to vote. Poll workers obtain this information from the list of registered voters. If a voter receives the wrong ballot style when he casts his ballot because the list of registered voters contains erroneous information, either that voter votes for candidates for whom he has no right to vote or he is denied the right to vote for candidates for whom he is entitled to vote. In either event, the credibility of the election process is diminished. The special interest of the Alabama Probate Judges Association is in making certain this Court has before it all the information it needs about how to conduct a successful election in the course of fashioning a remedy that brings Alabama into compliance with HAVA. Because no one in the Secretary of State's Office or for that matter in the Attorney General's Office has ever conducted an election, the Association believes that in its absence from this litigation this Court will not have before it all the information it needs.

      (b)    The special interest of the Association is not represented.

Through her filings in this Court, the Secretary of State has already demonstrated that she is not interested in accepting responsibility for her failure to bring Alabama into compliance with HAVA by the relevant statutory deadlines. This fact alone gives the Association no confidence that its special interest as articulated above has been or will be represented before this Court. This Court needs to know from those who were involved in the process how we got to where we are now in order to determine where we go from here, how we get to where we need to go, and, more importantly, who is charged by this Court with responsibility for going forward. The views of the Association on these issues have not been presented to this Court thus far and there is no reason to believe that they will be presented to

this Court in the future if the Probate Judges Association is not allowed to participate in this litigation. If the Attorney General represented the position of the Probate Judges Association, he would not have consented to its separate participation in this litigation.

        (c)      The information which the Probate Judges Association wishes to present is timely and useful.

Nothing would prohibit the United States from submitting its response to any comments submitted to the Court by the Alabama Probate Judges Association. The Association would have no objection to such a submission from the government. The Association believes the information it will provide will be useful to the Court as outlined above.

        (d)      The Probate Judges Association is not partial to a particular outcome in the case.

The only outcome the Probate Judges Association is partial to is the implementation of a centralized voter registration system in compliance with HAVA that allows for the conduct of fair, efficient and lawful elections.

        3.      As stated in the government's Opposition [Doc. No. 25], this Court has broad discretion in granting status as *amicus curiae*. *Waste Mgmt. Of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). In this Court, the United States was granted status as *amicus curiae* over the objection of state officials in a case involving the treatment of individuals in the state's mental health system. *Wyatt v. Hanan*, 868 F.Supp. 1356 (M.D. Ala. 1994). The government's objection to the participation of the Association as *amicus curiae* does not prohibit this Court from granting the Association *amicus curiae* status.

Wherefore premises considered, the Alabama Probate Judges Association asserts that its motion for leave to comment is due to be GRANTED. In the alternative, if this Court is not inclined to grant the motion of the Alabama Probate Judges Association as filed, then it is due be GRANTED status as *amicus curiae*, and heard in that capacity.

Respectfully submitted this 7th day of July, 2006.

/s Algert S. Agricola, Jr.
Algert S. Agricola, Jr. (SJS No. AGR001)

Counsel for The Alabama Probate Judges Association

OF COUNSEL:

**SLATEN & O'CONNOR, P.C.**
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104
(334) 396-8882
(334) 396-8880 Fax
aagricola@slatenlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. |
| ) | |
| STATE OF ALABAMA, and ) | 2:06-cv-0392-WKW-SRW |
| NANCY L. WORLEY, Alabama ) | |
| Secretary of State, in her official ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Winfield J. Sinclair wsinclair@ago.state.al.us
Margaret L. Fleming mfleming@ago.state.al.us
Misty S. Fairbanks mfairbanks@ago.state.al.us
Christy A. McCormick christy.mccormick@usdoj.gov
Donald Palmer donald.palmer@usdoj.gov
R. Randolph Neeley rand.neeley@usdoj.gov
Robert D. Popper robert.popper@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

John K. Tanner
U.S. Department of Justice
Chief, Voting Section
Civil Rights Division
Room 7254-NWB
950 Pennsylvania Avenue NW
Washington, D.C. 20530

6

Wan J. Kim
U.S. Department of Justice
Voting Section
Civil Rights Division
Room 7254-NWB
950 Pennsylvania Avenue NW
Washington, D.C. 20530

        Respectfully submitted,

        <u>s/ Algert S. Agricola, Jr.</u>
        Algert S. Agricola, Jr.
        **SLATEN & O'CONNOR, P.C.**
        Winter Loeb Building
        105 Tallapoosa Street, Suite 101
        Montgomery, AL 36104
        Phone: (334) 396-8882
        Fax:    (334) 396-8880
        E-mail: aagricola@slatenlaw.com

F:\Gen Litigation\Ala Probate Judges Assoc\Pleadings\Reply to Government's Opposition to the Motion of PJA for Leave to Comment.wpd