IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:06-cv-392-WKW |
| ) | |
| THE STATE OF ALABAMA and ) | |
| NANCY L. WORLEY, Secretary of ) | |
| State, in her official capacity, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR LEAVE TO PARTICIPATE
## AS AMICUS CURIAE

Comes now the Shelby County Judge of Probate, Patricia Fuhrmeister, and moves the Court for leave to participate in this case as amicus curiae. As grounds for this motion, Judge Fuhrmeister shows the following:

1. On June 29, 2006, Defendants filed their HAVA compliance plan. *Doc. no. 22*.

2. In an order dated June 7, 2006, the Court gave the Plaintiff until July 13, 2006 to respond to the Defendants' proposed HAVA plan, *doc. no. 16*.

3. Judge Fuhrmeister moves the Court for leave to participate as amicus in order to submit comments to the Defendants' HAVA plan, to participate in the hearing on the plan scheduled for July 20, 2006, *see doc. no.* 16, and otherwise to participate in this matter as a friend of the Court.

4. No specific rule of civil procedure addresses participation of an amicus in district court,[1] however there is no doubt that a "district court has the inherent authority to appoint *amici*

---

[1] *Resort Timeshare Resales v. Stuart*, 769 F. Supp. 1495, 1500-1501 (S.D. Fla. 1991) ("While *Federal Rule of Appellate Procedure 29* and Supreme Court Rule 37 provide for the

*curiae* to assist it in a proceeding." *United States v. State of Michigan*, 116 F.R.D. 655, 660 (W.D. Mich. 1987); *Abo-Jamal v. Horn*, 2000 U.S. Dist. Lexis 11013, *8 (E.D. Pa.) ("It is within a district court's discretion whether to permit the filing of an amicus brief.").

5. Likewise "it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*." *Resort Timeshare*, 764 F. Supp. at 1501 (citation omitted).

6. In the exercise of its discretion, this Court has recognized that "so long as the amicus does not intrude on the rights of the parties, it can have a range of roles. . . . " *Wyatt v. Hannan*, 868 F. Supp. 1356, 1359 (M.D. Ala. 1994). *Wyatt* illustrates this. In that case, the Department of Justice (DOJ) sought to participate as amicus in the matter of a consent decree related to the operations of the Alabama Department of Mental Health and Mental Retardation. *Id.* at 1357-1358. In response to DOJ's motion, the State asked the Court to clarify the role that DOJ would have as amicus. *Id.* at 1358. The Court responded that "the concept of amicus curiae is flexible and that, as long as the amicus does not intrude on the rights of the parties, it can have a range of roles: from a passive one of providing information to a more active participatory one. In other words, although amici should not assume control of the litigation, they can take an active role in some cases beyond providing information." *Id.* at 1359 (citation omitted).

7. In this case, Judge Fuhrmeister seeks to provide comments on the proposed HAVA plan, to participate in the hearing set for July 20, and to otherwise assist the Court as the case progresses.

---

filing of amicus curiae briefs, the Federal Rules of Civil Procedure lack a parallel provision regulating *amicus* appearances at the trial level.").

8. The interests represented by Judge Fuhrmeister are consistent with, but are not the same as, the interest of all parties in bringing Alabama into full compliance with HAVA. However no party represents Judge Fuhrmeister's interest. The Attorney General represents the interest of the Secretary of State, whose focus is on the state-level aspects of a HAVA compliance form.

9. The Court has allowed the Alabama Probate Judge Association (APJA) to participate. *Doc. no. 30*. The APJA represents some of the same interests that Judge Fuhrmeister represents, but its members are diverse, and it would benefit the Court to have the Judge of Probate of a populous, growing county, such as Judge Fuhrmeister, participating as amicus in this case.

10. Participating by amicus will not prejudice any party, and will not delay or hamper this proceeding.

11. Attached is the affidavit of Judge Fuhrmeister, which contains her comments on the proposed HAVA plan, and which is filed provisionally, contingent upon the Court granting this motion.

12. The office of the Attorney General has no objection to participation by Judge Fuhrmeister as amicus, and has authorized this settlement. Counsel for Judge Fuhrmeister has asked DOJ if it objects to this motion but has not received a response.

Respectfully submitted on July 13, 2006.

s/Frank C. Ellis, Jr.

Wallace, Ellis, Fowler & Head
Post Office Box 587
Columbiana, AL  35051
205/669-6783
205/669-4832 (fax)

169723.1                                      3

                                                  s/Dorman Walker

Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
334/269-3138
866/736-3854 (fax)

## CERTIFICATE OF SERVICE

I certify that on July 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served by United States Mail, properly addressed and postage prepaid to the following:

R. Randolph Neeley
U.S. Attorney's Office
Post Office Box 197
Montgomery, AL  36101-0197

Margaret L. Fleming
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130-0152

Michael W. Robinson
Alabama Department of Public Safety
Legal Unit
Post Office Box 1511
Montgomery, AL  36102-1511

Al Agricola, Jr.
Slaten & O'Connor, PC
Post Office Box 1110
Montgomery, AL  36101-1110

This the 13th day of July, 2006.

                                                  s/Dorman Walker
                                                  Of Counsel