IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:06-cv-392-WKW |
| | ) |
| The STATE OF ALABAMA and | ) |
| NANCY L. WORLEY, Secretary of State, | ) |
| in her official capacity, | ) |
| | ) |
|     Defendants. | ) |

**<u>ORDER</u>**

Honorable Patricia Fuhrmeister, Judge of Probate of Shelby County, Alabama, has filed a Motion for Leave to Participate as Amicus Curiae (Doc. #32-1). Attached to the motion is Judge Fuhrmeister's affidavit (Doc. #32-2) containing her comments on the proposed HAVA plan submitted by the Secretary of State. The comments are offered provisionally, contingent upon the granting of the motion. Upon consideration of the highly public nature of the fundamental voting issues at stake in this case and the specific comments on the proposed HAVA plan offered by Judge Fuhrmeister, and having previously granted amicus status to the Alabama Probate Judges Association ("APJA") (Doc. #30), the Court is compelled to address the nature of the participation of amici and the extent to which other potential applicants would be accommodated.

In *Wyatt v. Havan*, 868 F.Supp. 1356 (M.D. Ala. 1994), Judge Thompson articulated the factors to be considered in ruling upon applications for amicus participation. Because there may be other potential applicants in this case, the Court reminds those allowed to participate, and those who may wish to do so, of the factors discussed in *Wyatt*. The APJA presumably speaks for a majority,

if not most, of the probate judges in Alabama on most, but certainly not all, the voting issues raised here. Judge Fuhrmeister articulated specific concerns which appear to the Court to represent the kinds of problems a comprehensive HAVA plan should address. Similarly to *Wyatt*, this case "presents extremely complex issues of great public interest . . . ," *id*. at 1359, and participation of the *local* chief election officials in Alabama's voting scheme is helpful. However, in order to manage the development of a plan, and to do so efficiently, the Court is reluctant to fling the amicus doors wide. Rather, the Secretary of State is expected to receive, process, and take a position on all objections, issues, or concerns of local voter officials. Any objections, issues, or concerns not so processed should then be brought to the attention of the Court.

> As stated by Judge Thompson:
>> The court believes that the concept of amicus curiae is flexible and that, as long as the amicus does not intrude on the rights of the parties, it can have a range of roles: from a passive one of providing information to a more active participatory one. In other words, although amici should not assume control of the litigation, they can take an active role in some cases beyond providing information.

*Id*. (citation omitted). One factor of concern to the Court is the potential for amicus status to be a substitute for intervention, particularly when probate judges are the chief election officials of the counties in Alabama's voting scheme, *see* Ala. Code §17-1-8(b), who may at some point be made parties to the action voluntarily or involuntarily. Also of concern is the usual requirement that amici be *impartial* friends of the Court. *United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991). It is doubtful that "impartial" would describe a local official who faces the challenge of implementing a plan developed solely by state and federal authorities and enforced by a federal judge.

     Attributing the best motives to state and local public officials until otherwise persuaded, and long on patience but short on desire to be more than an impartial referee enforcing the law of the land, the Court finds the participation of the APJA and Judge Fuhrmeister to be beneficial. Judge Fuhrmeister's motion will be granted. She may provide written comments, objections, and proposals to the Court and parties, and may participate in evidentiary hearings, including calling and cross-examining witnesses. This range of participation shall also apply to the APJA.

     Accordingly, it is ordered that the motion (Doc. #32) is GRANTED to the extent set forth above.

     Done this the 18th day of July, 2006.

                                        /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE