IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:06-cv-392-WKW |
| | ) |
| The STATE OF ALABAMA and | ) |
| NANCY L. WORLEY, Secretary of State, | ) |
| in her official capacity, | ) |
| | ) |
|     Defendants. | ) |

## **ORDER**

This matter is before the Court on the defendants' submission of a proposed HAVA compliance plan as ordered by the Court. For the following reasons, the defendants' proposal is due to be denied.

By Order dated June 7, 2006 (Doc. # 16), this Court granted the Motion for Preliminary Injunction filed by the United States and entered a declaratory judgment and preliminary injunction against both defendants. It was declared that the defendants were not in compliance with the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15301 -- § 15545. Specifically, it was declared that the defendants were not in compliance with § 303(a) of HAVA, 42 U.S.C. § 15483(a), with respect to having a single, uniform, official, centralized, interactive computerized statewide voter registration list in elections for federal office, and § 303(b) of HAVA, 42 U.S.C. § 15483(b), with respect to voter registration forms and matching procedures in elections for federal office.[1] As a consequence of such violations, the defendants have been enjoined from failing to comply with the requirements of HAVA. The Court ordered the defendants to develop and submit a HAVA

---

[1] Plaintiff announced approval of the voter registration forms in open court at the July 20, 2006 hearing.

compliance plan.  The Court further ordered the Alabama Department of Public Safety ("ADPS") to file a report regarding its agreement with the Social Security Administration and ordered the Secretary of State to forward copies of the Order to each Alabama registrar and, to the extent she deemed necessary, to probate judges and county governing bodies.

In response to the Order, the ADPS filed its report, and the defendants submitted a proposed HAVA compliance plan and evidence to which the plaintiff objected.  The Alabama Probate Judges Association ("APJA") and Patricia Y. Fuhrmeister, Shelby County Judge of Probate, were made amici curiae.

A hearing on the proposed plan and objections was held on July 20, 2006.  Appearing for the United States were Robert D. Popper, Christy A. McCormick, and Donald Palmer.  Appearing for Defendants State of Alabama and Secretary of State Nancy Worley were Winfield J. Sinclair and Misty S. Fairbanks.  The Secretary of State's Elections Counsel, Adam L. Bourne, also attended the hearing.  Algert S. Agricola, Jr., appeared on behalf of amicus APJA.  Dorman Walker appeared on behalf of amicus Probate Judge Fuhrmeister.  In attendance at the hearing were Kenneth D. Wallis, II, Chief Legal Advisor to the Office of the Governor for the State of Alabama, and Jeffrey Sewell and Theodore A. Lawson, as counsel for Jefferson County, Alabama.  The Jefferson County Registrar and probate judges from several counties also attended the hearing.

At the hearing, the following were admitted into evidence: the ADPS's report; the defendants' proposed HAVA plan; the defendants' evidentiary submission;[2] Judge Fuhrmeister's affidavit; the APJA's submission; and Jefferson County's submission.

---

[2] The United States objected to the admissibility of Exhibit 16 to Defendants' First Evidentiary Submission (Doc. # 35), which are responses from other states' chief elections officials to the Alabama Attorney General's survey regarding the implementation of HAVA voter registration systems.  The Court sustained the objection, admitting Exhibit 16 for identification purposes only.

The Court first heard argument on HAVA compliance as it relates to the November 2006 general election. In light of the concession of the United States that ALVIN cannot come into further substantial compliance with HAVA without endangering the election process, the Court found that, under the circumstances, the defendants have achieved a reasonable level of HAVA compliance with respect to the November 2006 general election. The potential for disruption of the November 2006 general election substantially outweighs any benefit of taking further action with ALVIN. Nevertheless, it is ORDERED that the Defendant Secretary of State continue her plan for daily updates and revised codes to make ALVIN as reliable and efficient as possible for the November 2006 election.

The Court then directed its attention to the defendants' proposed plan to achieve HAVA compliance before the 2008 primary election. The defendants' estimated plan timeline proposed that HAVA implementation begin on August 1, 2006, and be complete in February or March of 2008.[3] In addition to the general concerns regarding the Secretary of State's management of HAVA compliance, the United States objected to the plan's unhurried timeline with no set deadline. The United States further requested that the Court appoint a Special Master to administer the HAVA compliance plan. Based on the testimony of Adam Bourne, which was adopted by Ms. Worley, the Secretary of State's position is that HAVA compliance cannot be achieved any sooner than the defendants' original proposal of 552-618 days.[4]

---

[3] It would take at least 552 days for HAVA compliance under the defendants' proposed timeline. If the outer limit of the defendants' timeline were reached, it would take 618 days before Alabama complied with HAVA. Because it is not clear under the current election scheme whether the 2008 presidential primary will be in February or later, the defendants' proposed timeline leaves compliance in doubt.

[4] Through her attorney, Ms. Worley indicated that the proposed timeline could be reduced by sixty to ninety days, contingent on the actions of others over whom the Secretary of State has no control. She offered, in good faith but against the advice of counsel, to accept the somewhat shortened time frame. In view of the submissions and testimony on record, and duly balancing the past failure to comply with HAVA against HAVA's requirements and the public benefits to be derived from compliance, the Court finds it inadvisable to accept Ms. Worley's offer.

Upon consideration of the evidentiary submissions on record and the testimony of witnesses, it is ORDERED that the plaintiff's objections to the defendants' proposed plan are SUSTAINED. The defendants' proposed plan containing the timeline for HAVA compliance is DENIED. However, because there are no objections to the substance of the proposed plan, the Court will adopt the defendants' HAVA compliance plan generally with certain modifications of the timeline and non-substantive provisions.[5]  It is further ORDERED that HAVA compliance must be achieved by Defendant State of Alabama on or before August 31, 2007.[6]  The Court suggests the following benchmarks for completion of implementation, including training and testing:

| No. | Task | Time |
|---|---|---|
| 1 | Solicitation of vendors | 10 days |
| 2 | RFP Development and Dissemination | 14 days (overlaps with Task 1) |
| 3 | Vendor Response | 42 days |
| 4 | Expert Evaluation of Proposals | 21 days |
| 5 | Association /Committee Input | 14 days (potential for overlap with Task 4) |
| 6 | Plan Modification /Selection of Vendor | 7 days |
| 7 | Vendor Negotiation | 14 days |
| 8 | Contract Review Committee | 14 days |
| 9 | Implementation; Promulgate Rules and Regulations; Prepare Training Materials | 270 days |

Furthermore, because of the Secretary of State's understandable reluctance to commit to the achievement of HAVA compliance within the Court's specified time frame, particularly where

---

[5] Upon appointment of the Special Master, to be noticed herein, the plan will be restated by the Court to reflect input by the parties, amici, and the Special Master.

[6] The Court's preferred deadline is August 1, 2007; however, due to the requirements of Rule 53 of the Federal Rules of Civil Procedure, additional time is necessary.

compliance is contingent on others not within the control of the Secretary of State, and upon due consideration of other factors discussed above, the Court hereby gives NOTICE of the appointment of a Special Master in accordance with Rule 53 of the Federal Rules of Civil Procedure. The Special Master shall be responsible for bringing Defendant State of Alabama into complete compliance with HAVA with regard to the development and implementation of a single, uniform, official, centralized, interactive computerized statewide voter registration list in elections for federal office.

The parties shall file written responses, including a proposed order appointing the Special Master, **on or before July 25, 2006**; objections to the responses and proposed orders, and comments of amici, shall be filed **on or before July 31, 2006**; and a hearing on the proposed orders, objections, comments, and any application for appointment as Special Master is scheduled for **August 2, 2006, at 10:00 a.m.** in Courtroom 2-E. At their option, counsel for the plaintiff may appear telephonically upon at least twenty-four hours' notice to this Court's courtroom deputy.

The parties are instructed to give consideration to the following non-exclusive list of issues necessarily arising out of the appointment of a Special Master:

1. The nature and extent of the duties and authority of the Special Master;

2. Delineation of roles of the Special Master from those of the Secretary of State;[7]

3. Staffing assigned to the Special Master;

4. Transfer of HAVA funds and interest to the Special Master;[8]

5. Access to records by the Special Master; and

---

[7] In accordance with issues raised in pleadings by the parties, the Court at this time has jurisdiction over only those HAVA roles relating to the development and implementation of the voter registration list.

[8] At this time, the court exercises jurisdiction over only those HAVA funds dedicated to the development and implementation of the voter registration list, together with all interest income earned thereon.

6.         Communications between the Special Master and parties, and between the Special Master and the Court, including the extent to which ex parte communications with the Special Master will be allowed.

The parties shall also address other Rule 53 factors in their responses.

Pending completion of the appointment process, the Secretary of State is DIRECTED: to continue compilation of a vendor solicitation list; to prepare a proposed revised or new RFP for consideration of the Special Master; to compile, organize, and identify all HAVA records relating to development of the statewide voter list; and to prepare an accounting of HAVA funds budgeted or dedicated to the development of the statewide voter list (the "Funds"), including a pro rata share of interest earned thereon, and further indicating the amounts expended, the purposes of the expenditures, any accounts payable from the Funds, and the location of deposits of the Funds. The accounting shall be filed **on or before July 31, 2006.** It is further ORDERED that the Secretary of State shall forward immediately a copy of this Order to each Alabama registrar and probate judge.

DONE this the 21st day of July, 2006.

                                                  /s/  W. Keith Watkins
                                                  UNITED STATES DISTRICT JUDGE