# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| STATE OF ALABAMA, and | ) | 2:06-cv-0392-WKW-SRW |
| NANCY L. WORLEY, Secretary of State; | ) | |
| in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER**

WHEREAS, on May 1, 2006, Plaintiff United States of America commenced an action in this Court alleging that Defendants State of Alabama and Nancy L. Worley, Secretary of State, in her official capacity, had failed to comply with their responsibilities under Section 303 of the Help America Vote Act of 2002 (HAVA), 42 U.S.C. § 15483 *et seq*., to implement a single, uniform, official, centralized, interactive computerized statewide voter registration list in elections for federal office,

AND WHEREAS, by Order dated June 7, 2006, this Court declared that Defendants were not in compliance with Section 303 of the Help America Vote Act of 2002 (HAVA), 42 U.S.C. § 15483 *et seq*., with regard to implementing a single, uniform, official, centralized, interactive computerized statewide voter registration list in elections for federal office, and entered a declaratory judgment and preliminary injunction against Defendants,

1

AND WHEREAS, in its Order of July 21, 2006, this Court gave notice of the appointment of a Special Master to be responsible for bringing Defendant State of Alabama into complete compliance with Section 303 of HAVA,

NOW, the Court HEREBY ENTERS the following Order appointing the Special Master:

1.      The Court hereby appoints Governor Bob Riley, or such person as he shall select, as Special Master to regulate all proceedings and take all appropriate measures to perform fairly and efficiently the development and implementation of a single, uniform, official, centralized, interactive computerized statewide voter registration list in elections for federal office which complies with Section 303 of the Help America Vote Act of 2002, 42 U.S.C. § 15483, *et seq.*, and to perform such other duties as the Court may assign in accordance with the other provisions of this Order.

2.      The Special Master shall have the duty and authority to take all actions necessary and proper to ensure the development and implementation of the single, uniform, official, centralized, interactive computerized statewide voter registration list for elections for federal office described in Paragraph 1 of this Order.  The Alabama Office of the Secretary of State is expressly divested of any such authority except as expressly delineated by this Order.

3.      The Special Master shall have the duty and authority to consult with the Court and take such actions as are ordered by the Court to ensure compliance with other sections of the Help America Vote Act of 2002, 42 U.S.C. §§ 15301, *et seq.,* should violations of other portions of HAVA be brought to the attention of either the Special Master or the Court.

4.      The Special Master shall be the Chief Election Official of the State of Alabama,

as defined in Section 10 of the National Voter Registration Act of 1993, 42 U.S.C. § 1973gg-8 and in Section 253(e) of HAVA, 42 U.S.C. § 15403(e), for the purposes of implementing Section 303 of the Help America Vote Act of 2002, 42 U.S.C. § 15483.

5.    There is established independent of the Alabama Office of the Secretary of State an Office of the Special Master, to be comprised of the Special Master and such staff as he may acquire pursuant to Paragraph 6 of this Order.

6.    The Special Master shall have the authority to requisition such staff as he deems necessary from the Alabama Office of the Secretary of State and to delineate the terms, conditions, and duties of their employment.  In addition, the Special Master shall have the authority to hire such additional staff as he deems necessary, not to exceed five individuals, and to delineate the terms, conditions, and duties of their employment as well as their compensation. Should the Special Master deem the employment of more than five additional staff members necessary, he shall have the authority to petition the Court of the appointment of such additional individuals.

7.    No individual detailed from the Alabama Office of the Secretary of State shall be subject to any retaliation, retribution, or other disciplinary action by the Alabama Office of the Secretary of State for activities carried out while detailed to the Office of the Special Master except upon recommendation of the Special Master.  Any employee of the Alabama Office of the Secretary of State who is detailed to the Office of the Special Master shall accrue leave, benefits, tenure in office, and credit towards promotion while so detailed as if that individual remained employed in his or her present capacity.  The State of Alabama shall continue to pay the salary of any individual detailed to the Office of the Special Master, and any such individual

3

shall have reemployment rights in his or her present position at the termination of his or her detail to the Office of the Special Master.

8.      Absent other arrangements by the Special Master, the Alabama Office of the Secretary of State shall provide adequate office space for the Office of the Special Master separate and apart from the Office of the Secretary of State and shall be responsible for the upkeep and maintenance of said office space.

9.      The Special Master shall have access to all records in the possession of the State of Alabama and its counties and other political subdivisions that pertain to the implementation of the Help America Vote Act of 2002, 42 U.S.C. §§ 15301, *et seq.*, except those records in the possession of the Alabama Office of the Attorney General which are subject to a claim of either attorney work product or attorney-client privilege.  Should the Special Master require access to any material that the Alabama Office of the Attorney General claims is subject to such privilege, he shall have the power to request that the Court examine such material *in camera* to determine whether the requested material is exempt from disclosure to the Special Master.

10.      The Special Master shall have the authority to communicate directly with agencies of the State of Alabama and its counties and political subdivisions other than the Alabama Office of the Attorney General subject to no prohibition on *ex parte* contacts.  The Special Master shall not conduct *ex parte* contacts with counsel representing either party to this action, but shall have the authority to conduct consultative proceedings, independent of the Court, at which counsel for both parties are present, should he deem this necessary.  Such consultative proceedings may, at the direction of the Special Master, be conducted on the record and be taken down stenographically or in any other manner authorized by Fed. R. Civ. P. 30(b)(2).  The Special Master is authorized to conduct such proceedings by telephone,

videoconference, or other remote means, and the term "present" shall be construed to include being connected by telephone, videoconference, or other such remote means as the Special Master may deem proper.

11.    The Special Master shall have the authority to conduct any contacts he deems necessary with the Court, expressly to include petitioning the Court for additional orders necessary to implement the duties and responsibilities delineated in this Order.

12.    The Special Master shall receive compensation at a rate to be negotiated, not to exceed the amount usual and customary for performing duties of the nature outlined in this Order.

13.    The State of Alabama shall be responsible for paying all fees and expenses associated with the implementation of this Order.  No funds appropriated by the United States Congress in accordance with the Help America Vote Act of 2002 may be utilized in any way toward the compensation of the Special Master and his staff.

14.    All funds appropriated by the United States Congress under the Help America Vote Act of 2002 and which are dedicated to the development and implementation of the voter registration list delineated in Paragraph 1 of this Order, together with all interest income earned thereon, shall be at the disposal of the Special Master for the implementation of this Order.  The Special Master shall be responsible for compliance with the requirements of Section 902 of the Help America Vote Act of 2002, 42 U.S.C. § 15542, and may requisition such staff as necessary from agencies of the State of Alabama to aid him in compliance with such requirements.

15.    The Special Master shall recommend to the Court such procedures as he may deem necessary and proper outlining materials to be preserved and filed as the record of the master's activities; time limits; and the method of filing the record.

16.    The Special Master shall recommend to the Court any procedures for any fact-finding or evidentiary procedures that he may deem necessary.  The Special Master shall exercise the power of the court to compel, take, and record evidence and may by order impose upon a party any noncontempt sanction against a party provided by Fed. R. Civ. P. 37 or 45 and may recommend a contempt sanction against a party and sanctions against a nonparty.

17.    Recommendations promulgated under Paragraphs 15 and 16 shall be submitted to the parties for comments and objections thereto.

18.    The Special Master shall issue a report to the Court once every two months detailing the progress that has been made on the implementation of the single, uniform, official, centralized, interactive computerized statewide voter registration list in elections for federal office delineated in Paragraph 1.  Copies shall be provided to the parties.  The reports shall be deemed matters of public record.

DONE this _____ day of _____, 2006

_____
W. Keith Watkins
UNITED STATES DISTRICT JUDGE