# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-392-WKW |
| | ) | |
| The STATE OF ALABAMA and | ) | |
| NANCY L. WORLEY, | ) | |
| Alabama Secretary of State, | ) | |
| in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

On May 1, 2006, the United States filed suit against the State of Alabama and Nancy L. Worley, in her official capacity as Alabama Secretary of State, alleging that the State had not complied with Sections 303(a) and (b) of the Help America Vote Act of 2002 ("HAVA"), *codified at* 42 U.S.C. § 15483(a) & (b). (Doc. 1)  The United States also moved for a preliminary injunction, (Doc. 2), which motion was accompanied by a memorandum of law, including various exhibits (Doc. 3).  A hearing was held on May 30, 2006, and the Court issued its oral findings and order (Doc. 26 at 36-40).

On June 7, 2006, the Court issued a Memorandum and Order Granting Declaratory Judgment and Preliminary Injunction (hereinafter Preliminary Injunction) (Doc. 16), *available at United States v. State of Ala.*, 2006 WL 1598839 (M.D. Ala. 2006).  In pertinent part, the Court declared that "[t]he defendants are not in compliance with § 303(a) of HAVA, 42 U.S.C. § 15483(a), with respect to having a single, uniform, official, centralized, interactive computerized statewide voter registration list in elections for federal office; and . . . [t]he defendants are not in compliance with § 303(b) of

1

HAVA, 42 U.S.C. § 15483(b), with respect to . . . matching procedures in elections for federal office . . . ." (Doc. 16 at 8). *United States v. State of Ala.*, 2006 WL 1598839, at *5 (M.D. Ala. 2006). The Preliminary Injunction further directed that a HAVA compliance plan be developed (Doc. 16 at 9). *United States v. State of Ala.*, 2006 WL 1598839, at *5 (M.D. Ala. 2006).

On June 29, 2006, the Secretary of State timely filed her HAVA compliance plan (Doc. 22 at Exhibit 1). On July 13, 2006, the United States filed Plaintiff's Response to Defendants' Submission of HAVA Plan (Doc. 31). That same day, Shelby County Judge of Probate Patricia Fuhrmeister filed her Motion for Leave to Participate as Amicus Curiae, including her affidavit (Doc. 32; *see also* Doc. 33, ruling on said motion). On July 18, 2006, the Alabama Probate Judges Association, also appearing as amicus, filed its response to the Secretary's HAVA compliance plan (Doc. 34; *see also* Doc. 20, Doc. 23, Doc. 25, Doc. 28, Doc. 29, Doc. 30, and Doc. 33, all concerning the participation of the Alabama Probate Judges Association in this litigation). That same day, the State of Alabama and the Secretary of State filed Defendants' Reply to Plaintiff's Response to Defendants' Submission of HAVA Plan (Doc. 36).

A hearing to consider the Secretary's plan was held on July 20, 2006. The next day, the Court issued its order, giving notice that a Special Master is to be appointed to "bring[] Defendant State of Alabama into complete compliance with HAVA with regard to the development and implementation of a single, uniform, official, centralized, interactive computerized statewide voter registration list in elections for federal office"

2

(Doc. 38 at 5).[1] Following briefing by the parties and the amici, this matter is now before the Court on the appointment of the Special Master.

Because the running of elections is an essential state function which cannot, and should not, be delegated to a private entity, the Court agrees that the appointment must be made to a State official. The Governor, as the chief executive officer of the State, is the appropriate official, and has indicated, through his legal advisor, a willingness to accept the appointment. Accordingly, the Governor of the State of Alabama, the Honorable Bob Riley, is hereby appointed Special Master.

To accomplish the voter registration system requirements of HAVA, the Special Master will, among other things, select a professional services company to develop the voter registration system software; negotiate a contract with the vendor; work with the vendor to design and implement the new statewide voter registration system, including developing interfaces with the Department of Public Safety, the Department of Public Health, and the Administrative Office of Courts; buy the hardware necessary to support the new voter registration system, including a server or servers, computers, and printers; and, train local election officials on the use of the new voter registration system.

The Special Master shall have the power and authority necessary to implement the Court's order. He shall be permitted to communicate *ex parte* with the Court, the

---

[1] In its complaint, the United States also challenged the voter registration forms used by the State of Alabama, contending that the forms did not comply with Section 303(b) of HAVA, 42 U.S.C. § 15483(b), (Doc. 1 at 8). The Secretary of State revised the forms, and those revised forms have been precleared by the Department of Justice pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c, (see Doc. 35 at Exhibit 2). At the July 20, 2006 hearing, counsel for the plaintiffs announced that the revised forms were HAVA compliant. The Secretary has already initiated the process of having the forms printed, (Doc. 36 at 7), and will continue to oversee the printing and distribution of the forms.

parties, and any other entities that he deems appropriate in completing his duties. The Special Master file monthly progress reports with the Court and make these reports accessible to the general public, *e.g.,* on the Governor's official website.

The Secretary of State and her Office, Registrars, Judges of Probate, Circuit Clerks/ absentee ballot managers, the Department of Public Safety, the Department of Public Health, the Administrative Office of Courts, and the Information Services Division of the Finance Department, and officers, agents, servants, employees, attorneys, successors in office, and all persons in active concert and participation with them are ENJOINED to fully cooperate with the Special Master in the performance of his duties. If necessary, at an appropriate time, the Court will revisit whether any additional enforcement mechanism, *e.g.,* rulemaking, is required. Prior to that time, the Secretary shall not promulgate any rule impacting on the new voter registration system.

In his capacity as Governor, the Special Master has in place sufficient staff for initial assessment and administrative purposes. Additional staffing will be provided as needed. Staff will be paid with HAVA funds (if permissible) or with State funding (if HAVA funds cannot be used). The details of these matters will be resolved after staffing needs have been determined. To the extent necessary, the Governor will provide office space for these individuals.

By previous Order, the Secretary has been directed "to compile, organize, and identify all HAVA records relating to development of the statewide voter list" (Doc. 38 at 6). The Special Master shall have full access to all these records. Depending on the nature and volume of the records, and in the sole discretion of the Special Master, these records may be accessible to the Special Master in the Secretary's Office or they may be

4

transferred to the Special Master's office. The Special Master will protect those portions of the record which are confidential or which contain vendor trade secrets. Once the Special Master has been discharged by the Court, the records he received from the Secretary of State and those that he accumulated in his work shall be transferred to the Secretary of State.

Notwithstanding the provisions of Ala. Code § 17-25-1, the Special Master is hereby authorized to establish a separate trust fund in the Alabama State Treasury known as the "Help America Vote Act – Voter Registration Fund" (hereinafter HAVA-VRF). This fund is for the use of the Special Master in developing and implementing the State's new voter registration system. In accordance with past large disbursements from the Help America Vote Fund, payments from the HAVA-VRF should dual approval (*i.e.,* approval from both a representative of the Governor and a representative of the Secretary of State) before large disbursements are made. The Secretary shall demonstrate the same level of cooperation that the Governor has thus far shown in these matters.

The amount transferred from the Help America Vote Fund to the HAVA-VRF shall consist of the monies allocated to the purchase of the software and hardware for the voter registration system, the money allocated for training on the new voter registration system, and the interest earned thereon. Based on the Secretary's accounting, filed pursuant to this Court's July 21, 2006 Order, (Doc. 38 at 6), that amount is $ _____. The Governor shall be allotted up to $250,000 to cover his expenses as Special Master.

Within two weeks of being appointed, the Special Master shall advise the Court of the funding level he believes is necessary to complete the voter registration system. In

the event that the funds transferred for the use of the Special Master are insufficient for the assigned task, the Special Master should so advise the Court. Any funds that are transferred to the HAVA-VRF and not expended by the Special Master in the development and implementation of the voter registration system should revert back to the Help America Vote Fund once the new voter registration system is completed.

The Secretary of State remains the State's chief elections official responsible for all election duties not herein designated to the Special Master; this specifically includes other HAVA duties. Recognizing this fact and that the fact that the voter registration system will revert to the custody and control of the Office of the Secretary of State once the Special Master has been discharged by this Court, the Special Master shall coordinate with the Secretary and her staff, including periodic meetings, updates, and briefings, when appropriate, and shall allow the Secretary an opportunity to offer advisory input concerning the selection of a vendor.

DONE this the _____ day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE