IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER: |
| | ) | |
| STATE OF ALABAMA, AND | ) | 2:06-cv-00392-WKW-SRW |
| NANCY L. WORLEY, | ) | |
| Alabama Secretary of State, | ) | |
| in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO INTERVENE OF JOE TURNHAM IN HIS INDIVIDUAL CAPACITY AND AS CHAIR OF THE STATE DEMOCRATIC EXECUTIVE COMMITTEE OF ALABAMA**

COMES NOW Joe Turnham in his individual capacity as an Alabama voter and in his official capacity as Chair of the State Democratic Executive Committee of Alabama (Chair of the Democratic Party), respectively, pursuant to Rules 24(a) and 24(b), Federal Rules of Civ. P., and moves to intervene as Defendant in this action. As grounds for said motion, Movant shows unto the Court as follows:

1. Movant claims an interest relating to fair and adequate voter registration procedures and in ensuring that voters have confidence in Alabama's electoral systems, including the development of a single statewide computerized voter registration database. Turnham, as both Chair of the Democratic Party and as an Alabama voter, is so situated that the disposition of this action may as a practical matter impair or impede his ability to protect those interests.

–2–

  2. None of the existing parties to this lawsuit can adequately represent the particular political and associational interests of Democrats in Alabama who support the Democratic Party and their own statewide and local political organizations and of voters in general who have an interest in ensuring that partisan politics do not taint the development of the single statewide computerized voter registration system or otherwise create distrust in Alabama's electoral systems. While Secretary of State Nancy Worley has appeared in this action, she is represented by the Republican Attorney General's office and, upon information and belief, is not at liberty to express her own positions in her official capacity as duly elected Secretary of State in this lawsuit. See, e.g., § 36-15-1(3) and § 36-15-21, Code of Alabama 1975. Moreover, as noted below, the other parties in this action are all aligned with the Republican Party.

  3. After the publication of a news article on July 25, 2006, Joe Turnham and other Democratic Party officials first became aware of the Court's ruling in this lawsuit that a Special Master would be appointed to replace Secretary of State Worley to complete the job of developing a single statewide computerized voter registration database as required by the Help America Voting Act, 42 U.S.C. § 15843 (HAVA). That same article alerted Turnham and Democratic Party officials to the possibility that the Court was contemplating appointing Governor Bob Riley for that position.

  4. The United States Justice Department and the Attorney General, who is representing all Defendants in this action, have each taken the position that Governor Riley should be appointed as Special Master. See Docs. 40 & 41.

  5. Turnham, as a voter and as Chair of the Democratic Party, takes the position that, while the Court has ordered that a Special Master be appointed, the appointment should not be made to Governor Riley for several distinct reasons, among which are: (1) the Governor has no special expertise in voter registration matters; (2) there are current or past government officials who have

substantial expertise in those areas; (3) while cost is a consideration, the Governor's office and the Secretary of State's office could, and should be directed by the Court to, provide support personnel to a Special Master not presently involved in a contested partisan election to minimize the cost and maximize the efficiency of the Special Master's work; (4) that substantial expertise is essential in this task is evidenced by the fact that, upon information and belief, there are numerous other states that have also failed to complete the centralized computerized voter registration system by the federal deadlines evidencing that the task is a complex one; (5) removal of the election-related task from the duly elected state official charged with completing the task and elected, in part, to do so and assigning the task to a state official from the opposing political party who is facing a contested election himself will instill doubt in the minds of voters regarding the fairness of the registration system itself; (6) furthermore, the appearance of impropriety and bias to the public will create certain doubt in the minds of some as to the fairness of the centralized computer system which is to be developed given that: (a) the Justice Department that brought this lawsuit is controlled by the Republican President and the Justice Department suggested the Republican Governor; (b) the Attorney General, who represents both Defendants in this case and who specifically suggested that the Republican Governor serve as Special Master, is a Republican official; (c) the Governor to whom the appointment may be made is a Republican official (facing election in November against a Democratic contender); and (d) the elected Democratic official (a Constitutional office-holder) from whom the duties are being stripped and who was elected to undertake this duty, among others, related to state and federal elections is, upon information and belief, just one of many Secretaries of State in the country who have not been able to meet the federally-mandated deadlines set out in HAVA. In short, the appearance is that of a partisan attempt to affect the Democratic Secretary of State negatively in the upcoming election, while affecting the Republican Governor and other

Republican candidates positively. Moreover, the scenario creates the perception that there is a vested interest on the part of the Republican Party to control the computerized voter registration system to its own ends. While this may or may not be the case, Movant Turnham seeks to intervene to suggest alternative Special Masters who could be appointed and who would be both more qualified and experienced than the Governor to undertake the task at hand and whose appointment would undermine any possibility or appearance that this effort will result in a system controlled by the Republican Party for purposes of furthering partisan political ends.

(6)     Movant is entitled to intervene as of right under Rule 24(a) to protect the interest of those voters, who, like him, desire that the voter registration system, which was required under HAVA for purposes of giving voters more confidence in the electoral process, not be undermined by the suspicion or reality that the development of the system is being hijacked and used to further partisan political agendas. Both as a voter himself and as Chair of the Democratic Party, Turnham has an interest in seeing that Democratic voters do not lose further confidence in the registration system and in the electoral system in Alabama. As the Court is probably familiar, the prior gubernatorial election in Alabama between former Democratic Governor Siegelman and now Governor Riley was rife with controversy much like that which resulted after the Bush and Gore election which led to the passage of HAVA. In both cases, Democratic voters believed that they were disenfranchised by a system that was flawed and/or corrupt. The belief among many was that they had been disenfranchised because the Democratic candidate was the true winner of those controversial elections. Voter confidence in the system is essential to the continuation of democracy in this state and in this country. The appointment of the Republican Governor in what will appear to many to be a collusive action by the various Republican officials involved in this action to ensure that the effort is controlled by Republicans will only further serve to undermine Democratic voters'

confidence which is already fragile in this state.[1]

The Report of the Commission on Federal Election Reform (usually called the Carter-Baker Commission after its co-chairs, former President Jimmy Carter and former Secretary of State James Baker) calls for nonpartisan administration of elections at the State level and non-partisan member of the U.S. Election Assistance Commission. See http://www.american.edu/ia/cfer/report/CFER_section6.pdf at page 3. While it may be difficult to find a Special Master with the essential experience who has no partisan ties, Alabama would be better served if this Court were to appoint a Special Master who is not presently involved in a contested partisan election, rather than appointing an official who serves as the titular head of one of the major parties and who is presently involved in a contested partisan election.

7. Movant also satisfies the requirements of Rule 24(b) for permissive intervention. Movant's defenses have questions of law and fact in common with those of the named defendants, Movant's motion is timely, and granting intervention will not unduly delay or prejudice the rights of the original parties. Movant does not, for instance, seek to oppose the Court's decision to appoint a Special Master or to re-litigate those matters. (Although, had Movant Turnham been made aware of these issues earlier, he might well have done so.) Rather, Movant Turnham seeks only to take a position and to be heard regarding the appointment of a Special Master in this action.

WHEREFORE, Joe Turnham moves that he be allowed to intervene as a Defendant in this action, individually and in his official capacity.

---

[1] In addition to the concerns cited in the text, it should be noted that as recently as a few weeks ago, the Executive Committee of State Republican Party passed a resolution calling on the U.S. Senate not to reauthorize the 1964 Voting Rights Act in its current form, including Section 5, without changes and amendments. It was renewed in spite of the State Party's objections. The State Democratic Executive Committee, for its part, supported the re-authorization of the 1964 Voting Rights Act.

Submitted this 27th day of July, 2006

James H. Anderson, Esq.
Beers, Anderson, Jackson, Patty & VanHeest, P.C
P. O. Box 1988
Montgomery AL 36102
Telephone: 334-834-5311
Facsimile: 334-834-5362
Email: janderson@beersanderson.com

Shannon Holliday, Esq.
Copeland Franco Screws & Gill, PA
P O Box 347
Montgomery AL 36101-0347
Telephone: 334-834-1180
Facsimile: 334-834-3172
Email: holliday@copelandfranco.com

Respectfully submitted,

/s/ Edward Still
Edward Still
2112 11th Avenue South
Suite 201
Birmingham AL 35205-2844
Telephone: 205-320-2882
Facsimile: 877-264-5513
Email: Still@votelaw.com

**Attorneys for Movant/Defendant Interventor Joe Turnham, in his individual capacity and in his official capacity as Chairman of the Executive Committee of the Republican Party**

## CERTIFICATE OF SERVICE

I certify that on the 27th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

- **Algert Swanson Agricola, Jr**
  aagricola@slatenlaw.com kboothe@slatenlaw.com

- **Frank Corley Ellis, Jr**
  fellis7324@aol.com

- **Misty S. Fairbanks**
  mfairbanks@ago.state.al.us condef@ago.state.al.us

- **Margaret L. Fleming**
  mfleming@ago.state.al.us condef@ago.state.al.us;msimpson@ago.state.al.us

- **Christy A. McCormick**
  christy.mccormick@usdoj.gov

- **R. Randolph Neeley**
  Rand.Neeley@usdoj.gov
  Annie.Williams@usdoj.gov;DeeDee.Calhoon@usdoj.gov;Deloris.Aldridge@usdoj.gov; marsha.tunnell@usdoj.gov;Antrena.Gardner@usdoj.gov

- **Donald Palmer**
  donald.palmer@usdoj.gov

- **Robert D. Popper**
  robert.popper@usdoj.gov

- **Michael W. Robinson**
  mrobinson@dps.state.al.us tfogarty@dps.state.al.us

- **Winfield J. Sinclair**
  wsinclair@ago.state.al.us msimpson@ago.state.al.us

- **Dorman Walker**
  dwalker@balch.com dharris@balch.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**Wan J. Kim**
Voting Section
U.S. Department of Justice Civil Rights Division
Room 7254-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530

**John K. Tanner**
U S Department of Justice -- DC
Chief, Voting Section
Civil Rights Division
Room 7254-NWB
950 Pennsylvania Avenue NW
Washington, DC 20530

/s/ Edward Still
Of Counsel