IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

MAR - 8 1983

CLERK
U.S. DIST. COURT
MIDDLE DIST. OF ALA.
DEPUTY CLERK, BY

RICKY WYATT, by and through
his aunt and legal guardian
MRS. W. C. RAWLINS, JR., et al.,          )
                                          )
          Plaintiffs,                     )
                                          )
CALVIN MOORE, et al.,                     )
                                          )
          Plaintiff-Intervenors,          )
                                          )
     v.                                   )    CIVIL ACTION NO. 3195-N
                                          )
GLENN IRELAND, as Commissioner            )
of Mental Health and THE STATE            )
OF ALABAMA MENTAL HEALTH                   )
OFFICER, et al.,                          )
                                          )
          Defendants,                     )
                                          )
UNITED STATES OF AMERICA,                 )
et al.,                                   )
                                          )
          Amici Curiae.                   )

## OPINION

This case is now before the court on the Governor's February 24, 1983, nomination of the Honorable Ken Wallis as receiver of the Alabama mental health system.[1] The plaintiffs and plaintiff-intervenors filed a response to the nomination on February 28, 1983. This court held a hearing on the nomination and response on March 2, 1983, and requested that the parties file statements regarding

---

1. The term "mental health system" will be used in this opinion to refer to the "mental illness and mental retardation operation" of the state of Alabama as defined in the order entered in accordance with this opinion.

the understandings and concerns expressed at that time. The plaintiffs have responded with a supplemental memorandum identifying several areas of concern. The Governor has responded with a statement setting out Mr. Ken Wallis's basic intentions and understandings in assuming the receivership, should he be appointed. For the reasons which follow, this court is of the opinion that the Honorable Ken Wallis should be appointed as interim receiver of the Alabama mental health system.

On January 14, 1983, former Governor Fob James submitted his resignation as receiver of the Alabama mental health system. On February 2, 1983, after considering the proposals and nominations of the parties, this court appointed Mr. David A. Harvey, Executive Director of the Calhoun-Cleburne Mental Health Center,[2] as receiver to replace former Governor James and to serve during the period of time necessary to resolve motions now pending before this court. The court based its decision to appoint a receiver on the grounds that (1) the defendants had not made a sufficient showing to modify the receivership, and (2) there existed no adequate alternative remedy to the appointment of a receiver to replace former Governor James. As the court found:

> The failure to appoint a receiver,... would not only impede the continued implementation of this court's orders, it would substantially risk disruption of the delivery of adequate care and treatment to the plaintiff residents. These facts as well as the fact that there have been over ten years of delay on the part of the defendants to achieve compliance with this court's minimum standards justifies the maintenance of extraordinary measures unless and until this court determines that those standards should be modified.

Opinion of February 2, 1983, at 14. This court chose Mr. David A. Harvey as a

---

2. The plaintiffs have not contended that the Calhoun-Cleburne Mental Health Center is a state agency. It is not under the mandatory injunction of this court. See generally, Williams v. Eastside Mental Health Center, 669 F.2d 671, 679 (11th Cir. 1982), cert. denied, 103 S. Ct. 318 (discussing the status of a similar mental health center).

-2-

recognized mental health professional who was in a position "to devote his time
and abilities exclusively to the administration of the state's mental illness and
mental retardation facilities now under the mandatory injunction of this court
pending this court's resolution of the existing motions." Id. at 16. As the
court concluded:

> [T]he receivership decision has already been made on
> the basis of a full factual record. The current
> receivership orders of this court, therefore, repre-
> sent the status quo rather than a departure from the
> status quo. While it is this court's intention to
> return the operation of state facilities to the
> direction of properly elected officials at the
> earliest available time, it is this court's duty to
> grant the plaintiff and plaintiff-intervenor classes
> full enforcement of existing orders and decrees unless
> and until those orders and decrees are modified.
> Newman v. State of Alabama, 683 F.2d 1312, 1319 (11th
> Cir. 1982).

Opinion of February 2, 1983, at 17.

The Governor sought appeal of the order appointing Mr. Harvey receiver,
and requested that this court stay the order pending appeal. After this court
denied the request for stay, the Governor sought a stay from the Court of Appeals.
On February 18, 1983, the Court of Appeals for the Eleventh Circuit granted the
Governor's request for a stay with the following order:

> It is ORDERED that the motion of defendants-appellants
> for a stay pending appeal is granted. Without pre-
> judging the issues now pending before the district
> court, on the basis of the record before us, we con-
> clude that there is a substantial likelihood that
> defendants will succeed in establishing that the
> extraordinary step of appointing an outside receiver
> is not warranted at this stage of the litigation.
> This order does not preclude the appointment of an
> interim receiver who is a state official or other
> person agreed upon by the state. We understand that
> the defendants have agreed to fully cooperate in imple-
> menting the court orders, and we enter the instant
> order upon that assumption.

-3-

Wyatt v. Ireland, No. 83-7094, slip op. at 1 (11th Cir. February 18, 1983).

While this stay is not a final judgment as to the substantive issues of the appeal, it has the effect of leaving the mental health system without a receiver at a critical period. In granting the stay the Court of Appeals stated that: "This order does not preclude the appointment of an interim receiver who is a state official or other person agreed upon by the state." Id. Because this court remains of the opinion that a receiver must be named to serve pending resolution of motions now before the court, this court finds that the Governor's nominee, the Honorable Ken Wallis, is due to be appointed as interim receiver of the mental health system in accordance with the order of the Court of Appeals.

Mr. Wallis currently serves as the Governor's legal advisor and appears fully capable of administering the mental health system. The plaintiffs have no objection to Mr. Wallis's personal and professional credentials, nor to his adminis- trative ability. The plaintiffs have raised a number of concerns, however, in the following areas: (1) plans concerning the administration of the system and imple- mentation of this court's orders; (2) efforts to provide adequate funding; (3) com- mitment to implementing the January 1980 plan of compliance developed by receiver James; (4) the role of Mr. David Harvey during the transition period; (5) steps to effectuate an open and neutral receivership; and (6) the potential conflict between Mr. Wallis's role as legal advisor to the Governor and his role as the court's receiver. The plaintiffs in all of these areas seek to insure that Mr. Wallis will be committed fully to the duties and functions of the receiver. In addition, plaintiffs seek to have the intentions and understandings of the parties clarified at the outset of the appointment rather than risk the emergence of divisive conflict

-4-

at a later date.  This court found all of these concerns legitimate when raised at the March 2, 1983, hearing.  The court additionally raised the issue of the potential conflict which may arise in the event that Mr. Wallis is called on at a future date to give testimony regarding the receivership.  See Code of Professional Responsibility of the Alabama State Bar EC 5-9, 5-10; DR 5-101, 5-102 (1974).

The Governor's March 3, 1983, response to these issues states that:

> As Governor Wallace's nominee for interim receiver, it would be Ken Wallis' objective to operate the Alabama Department of Mental Health so as to provide high quality care and treatment to the resident/patient in accordance with constitutional standards enunciated by this Court.  Detail plans for this objective, and specific details of administration can best be formulated after Mr. Wallis has had a meaningful opportunity to assess existing circumstances within the Department, consult with departmental personnel and others, and give orderly consideration to various alternatives.

As to the issues concerning potential conflict concerning the attorney-client relationship the Governor's response states that:

> As interim receiver, Mr. Wallis would make information and documents available to all parties on the same terms as would any other interim receiver.  To remove any concern regarding an attorney-client privilege and related questions raised by this Court, Governor Wallace and Mr. Wallis agree that while serving as interim receiver, Mr. Wallis will not simultaneously act as Governor Wallace's attorney for purposes of this lawsuit.

This court finds the Governor's response adequate at this time for the purpose of appointing Mr. Wallis as interim receiver.  This court will make the appointment on the understanding that Mr. Wallis is committed to implementing this court's orders in every respect and that Mr. Wallis recognizes that his first duty

-5-

as a neutral receiver is to the court and the orders of this court.[3]  It is this
court's further understanding that while serving as receiver, Mr. Wallis will not
serve as the Governor's attorney regarding this case, now will he provide legal
counsel to the Governor regarding this case or issues involved in this case.  It
is also this court's understanding that Mr. Wallis will furnish the court with a
plan of implementing this court's orders as well as plans to secure adequate fund-
ing and development of the mental health system.[4]  These plans shall be furnished
as soon as is practicable and in accordance with this court's orders.  With these
understandings the court will appoint the Honorable Ken Wallis as receiver of the
mental health system.

An appropriate order will be entered in accordance with this opinion.

DONE, this the 8th day of March, 1983.


_____
UNITED STATES DISTRICT JUDGE


---

    3.  This basic understanding as to the defendants was the basis of
the Eleventh Circuit's stay.

    4.  Nothing in this court's opinion or order should be construed as
inhibiting the receiver from pursuing efforts to obtain JCAH accreditation and
maintain Title XIX certification.  See Order of February 2, 1983, at 8 n.3.
The court in fact encourages the receiver to pursue these efforts as long as
they do not impede or interfere with implementation of this court's orders.


-6-