IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| STATE OF ALABAMA, and ) | 2:06-cv-0392-WKW-SRW |
| NANCY L. WORLEY, Secretary of State; ) | |
| in her official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFF UNITED STATES OF AMERICA'S OBJECTIONS TO
DEFENDANTS' PROPOSED ORDER AND TO
DEFENDANTS' RESPONSE TO THE COURT'S ORDER (Doc. 38)**

Pursuant to the Court's Order of July 21, 2006, Plaintiff United States of America, by and through counsel, submits its objections to Defendants' Proposed Order and to Defendants' Response to the Court's Order (Doc. 38), both of which were filed July 25, 2006. As set forth within, while we are encouraged by the tenor and effect of Defendants' Proposed Order, and believe that it represents a serious effort, consonant with the objectives of the parties and of the Court, to bring the State of Alabama into compliance with Section 303 of HAVA, the United States objects to specific provisions of Defendants' Proposed Order, enumerated below. In particular, the United States objects to Defendants' request to grant approval power to the Secretary of State concerning any "large" expenditures, which would engender further delay and, possibly, needless motion practice. The United States also objects to provisions suggested by Defendants that would define the Special Master's authority in an overly restrictive way; that would permit *ex parte* contacts in a way that would prejudice the United States; and that would seek to identify and restrict the State agencies required to comply with the Court's order. In

1

each case, the proposed requirements threaten to delay the work of the Special Master, while requiring further determinations by this Court. Finally, the United States objects to certain provisions – and omissions – that are either contrary to this Court's directions or contrary to Fed. R. Civ. P. Rule 53.

## Background

The Help America Vote Act of 2002, 42 U.S.C. 15483, *et seq*. ("HAVA") was signed into law on October 29, 2002. Pursuant to Section 303 of that statute, the State of Alabama was required to implement a compliant statewide, computerized voter registration database no later than January 1, 2004. 42 U.S.C. §§ 15483(d)(1)(A). The State of Alabama received more than $41 million dollars in federal assistance in order to help it to comply with HAVA's various mandates. *See* Complaint, ¶16.

Alabama applied for, and received, a waiver of compliance with the statutory deadline, until January 1, 2006. 42 U.S.C. § 15483(d)(1)(B); *see* the Declaration of Christy McCormick, dated May 1, 2006, submitted in support of Plaintiff's motion for a preliminary injunction ("McCormick Decl."), at ¶ 5. Alabama missed that extended deadline.

On May 1, 2006, the United States filed the instant action, along with a motion for a preliminary injunction. In their response to that motion, Defendants did not dispute any of the facts alleged or documents submitted by Plaintiff in its motion. *See* Defendants' Response to Plaintiff's Motion for a Preliminary Injunction, dated May 17, 2006. At a May 30, 2006, hearing in this matter, Plaintiff's submissions were made part of the record, without objection.

On June 7, 2006, the Court granted a declaratory judgment to Plaintiff and granted its motion for an injunction, and directed Defendants to submit a proposed plan to bring Alabama

into full compliance with HAVA. Defendants duly submitted a plan, and Plaintiff filed its objections thereto.

On July 21, 2006, following an evidentiary hearing, the Court issued an order (the "July 21 Order") that sustained Plaintiff's objections to the lengthy time-line contained in Defendants' plan, and that noticed the appointment of a Special Master who would be "responsible for bringing Defendant State of Alabama into complete compliance with HAVA . . ." July 21 Order, at 5. Pursuant to that Order, the parties submitted proposed orders governing the appointment of the Special Master on July 25, 2006.

### 1. Defendants' Proposed Plan inappropriately gives the Secretary of State veto power over the expenditure of HAVA funds.

Defendants' Proposed Order would require "dual approval (*i.e.*, approval from both a representative of the Governor and a representative of the Secretary of State) before large disbursements are made." Defendant's Proposed Order, submitted July 13, 2006 ("Def. Pr. Ord."), at 5. The term "large disbursement" is nowhere defined.

There is no basis in either the record or this Court's July 21 Order for granting the Secretary of State this power. This lawsuit is based upon evidence that Alabama officials waited too long to choose a database vendor and in implementing the database required by HAVA. *See* McCormick Decl., *passim.* Giving these same officials power to direct the remedy imposed by this Court may prolong the process of choosing a vendor.[1]

Although Defendants' Proposed Order adds that "[t]he Secretary shall demonstrate the same level of cooperation that the Governor has thus far shown in these matters" (Def. Pr. Ord.,

---

[1] The United States does not object to those provisions of Defendants' Proposed Order directing the Special Master to "coordinate with the Secretary and her staff," or to "allow the Secretary an opportunity to offer advisory input concerning a vendor" (Def. Pr. Ord., at 6), so long as the Special Master has the final say in any decision, and so long as he retains the widest possible latitude and discretion in determining where, when, and how to seek input and advice.

3

at 5), this provision solves nothing, and even raises additional problems. It is obviously a vague and unenforceable assurance. It refers to no meaningful standard or definition of cooperation and, thus, serves no real purpose. Indeed, as a practical matter, this provision may cause further delays, as the parties may have to litigate – and this Court may have to determine – whether the Secretary of State is adequately "cooperating" in one or another of the innumerable circumstance that are sure to arise as the database project progresses.

For these reasons, the United States respectfully suggests that the provision in Defendants' Proposed Order contemplating a "dual approval" be rejected.

**2.    Defendants' Proposed Order needlessly limits the purposes for which funds can be used by the Special Master.**

Plaintiff's Proposed Order simply directs that "[a]ll funds appropriated by the United States Congress and which are dedicated to the development and implementation of the voter registration list" should be placed at the Special Master's disposal. Plaintiff's Proposed Order, submitted July 13, 2006 ("Pltf. Pr. Ord."), at 5, ¶14.

By contrast, Defendants' Proposed Order envisions the creation of a trust fund composed of "the monies allocated to the purchase of the software and hardware for the voter registration system, the money allocated for training on the new voter registration system, and the interest earned thereon." Def. Pr. Ord., at 5. There is simply no reason to adopt this restrictive wording. It unnecessarily creates legal uncertainty regarding certain expenditures. It is unclear, for example, whether funds so described could be spent to establish necessary links between the hardware and software of the voter registration system, or between the relevant state agencies with information concerning deaths and felony convictions. *See* 42 U.S.C. § 15483(a)(2)(A)(ii)(I)-(II).

As above, Defendants' proposal probably would entail further hearings before this Court in order to clarify what funds are or are not part of "software and hardware" or for "training." The United States respectfully submits that its proposal provides the Special Master with all the HAVA funds that may be necessary to do his job.

### 3. Unlimited *ex parte* communications raise potential attorney-client privilege problems.

Defendants propose that the Special Master be permitted unlimited ex parte communications with "the Court, the parties, and other entities that he deems appropriate in completing his duties." Def. Pr. Ord., at 3-4. The United States, conversely, has proposed that he "shall have the authority to communicate directly with agencies of the State of Alabama and its counties and political subdivisions other than the Alabama Office of the Attorney General subject to no prohibition on *ex parte* contacts," and outlines a process for the Special Master to communicate directly with the parties when both parties are present in person or via electronic communications. Pltf. Pr. Ord., at 4, ¶10.

Were the Special Master not otherwise an official of the State of Alabama, the United States might not oppose granting him the authority to conduct *ex parte* communications with the parties. But in this instance, the Special Master proposed by both parties is a State official, and in that capacity, he is represented by the Alabama Attorney General's office. Thus, there is a colorable claim of attorney-client privilege for any communications between the state official who is serving as Special Master and the Alabama Attorney General's office. Should there be further litigation in this matter, any *ex parte* communications between the Special Master and the United States would be fully discoverable by the State of Alabama, but a claim of privilege might be made for communications between the Special Master and the Alabama Attorney General. This would obviously place the United States in an untenable position. Therefore, *ex*

5

*parte* communications between the Special Master and either of the parties should not be permitted. (In the alternative, Defendants should expressly waive any claim of privilege relating to their communications with the Special Master.)

The mechanism proposed by the United States avoids these problems.

**4.     Defendants needlessly attempt to name every entity that may be have a role in complying with HAVA.**

Defendants propose to enjoin "[t]he Secretary of State and her Office, Registrars, Judges of Probate, Circuit Clerks/absentee ballot managers, the Department of Public Safety, the Department of Public Health, the Administrative Office of Courts, and the Information Services Division of the Finance Department, and officers, agents, servants, employees, attorneys, successors in office, and all persons in active concert and participation with them" to fully cooperate with the Special Master in the performance of his duties. Def. Pr. Ord., at 4. In so doing, Defendants propose to supersede the language in the Court's initial order granting Plaintiff's requested relief, in which the Court enjoined "[t]he defendants, their officers, agents, servants, employees, attorneys, successors in office, and all persons in active concert and participation with any of them . . ." Mem. and Order Granting Decl. J. and Prelim. Inj., dated June 7, 2006, at 9.

The Court's broad language is superior. The State of Alabama ultimately is responsible for complying with federal law. U.S. Const., art. VI. There is no point in trying to predict which state agencies or entities may be involved in this process, as Defendants have tried to do. All Alabama agencies and entities must comply with this Court's order. Moreover, by naming particular agencies in an order, this Court would necessarily invite motions by those agencies to intervene, and to seek amicus status. The Court's injunction was proper as written.

6

**5. Defendants' Proposed Order does not identify the Special Master as the chief State election official responsible for compliance with the database requirements of HAVA.**

According to Section 303(a)(1)(A) of HAVA, "each State, acting through the chief State election official, shall implement, in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level[.]" 42 U.S.C. § 15483(a)(1)(A).

The July 21 Order provided that "[t]he Special Master shall be responsible for bringing Defendant State of Alabama into complete compliance with HAVA with regard to the development and implementation of a single, uniform, official, centralized, interactive computerized statewide voter registration list in elections for federal office." *Id.*, at 5.

Defendants' Proposed Order states only that "[t]he Secretary of State remains the State's chief elections official responsible for all election duties not herein designated to the Special Master; this specifically includes other HAVA duties." Def. Pr. Ord., at 6. The United States does not object to this language. However, Defendants fail to make clear who *is* the chief election official with respect to those duties which *are* "designated to" the Special Master.

Paragraph 4 of the United States' Proposed Order explicitly states that "[t]he Special Master shall be the Chief Election Official of the State of Alabama, as defined in Section 10 of the National Voter Registration Act of 1993, 42 U.S.C. § 1973gg-8 and in Section 253(e) of HAVA, 42 U.S.C. § 15403(e), for the purposes of implementing Section 303 of the Help America Vote Act of 2002, 42 U.S.C. § 15483." Pltf. Pr. Ord., at 2-3, ¶4. The United States respectfully submits that, without this explicit language, these duties arguably remain with the Secretary of State,[2] and that this result is in conflict with the Court's purpose in issuing an order appointing a Special Master.

---

[2] *See* Ala. Code § 17-1-8 ("[t]he Secretary of State is the chief elections official in the state").

**6.     Plaintiff's proposed records-access is properly broad and should be included.**

Plaintiff's Proposed Order allows the Special Master "access to all records in the possession of the State of Alabama and its counties and other political subdivisions that pertain to the implementation of the Help America Vote Act of 2002, 42 U.S.C. §§ 15301, *et seq.*, except those records in the possession of the Alabama Office of the Attorney General which are subject to a claim of either attorney work product or attorney-client privilege." Pltf. Pr. Ord., at 4. Plaintiff respectfully submits that this language should be included in any order.

While the Special Master will primarily need access to records that relate to the development of the statewide voter list, he will also need access, *inter alia*, to those records that pertain to the development of links between the statewide voter list and the Alabama Department of Public Safety, the Department of Public Health, and the Administrative Office of the Courts. The Help America Vote Act of 2002 is a complex piece of legislation, and the voter registration list provisions interrelate with other portions of the Act. There may be records which relate to the absentee ballot provisions, the provision of equipment for the disabled, or other voting equipment provisions that the Special Master will need access to in order to develop the requirements of the database itself.

The Special Master, who will be a State official, may safely be granted access to state records that pertain to other parts of HAVA.[3] Plaintiff respectfully submits that the protection of privileged material is a sufficient safeguard.

---

[3] This is especially true because Alabama has one of the broadest freedom of information statutes in the United States. Ala. Code § 36-12-40 states forthrightly that "Every citizen has a right to inspect and take a copy of any public writing of this state[.]" Plaintiff's proposed wording simply removes bureaucratic hurdles to providing a state officer with information that may well be relevant to his duties.

**7.    Other matters.**

Defendants have not addressed in their Proposed Order the practical issue of protections for staff detailed from the Secretary of State's office (Pltf. Pr. Ord., at 3-4, ¶7).

Defendants have not addressed matters required to be addressed under Fed. R. Civ. P. Rule 53 concerning procedures for preservation and filing of the record (Pltf. Pr. Ord., at 5, ¶15); and fact-finding or evidentiary procedures that may be necessary (*id.*, at 6, ¶16).

Defendants include provisions regarding the segregation of HAVA funds within the Alabama State Treasury and the respective rulemaking authority of the Secretary of State and the Governor.  Def. Pr. Ord., at 4-5.  The United States respectfully submits that these State law issues need not be addressed in a federal court order.

As a final point, the United States is in receipt of the Motion to Intervene of Joe Turnham in his Individual Capacity and as Chair of the State Democratic Executive Committee of Alabama (Turnham Motion to Intervene), and will respond to that motion separately.  Plaintiffs note here that it is their understanding that it is the intent of the Governor of Alabama not to personally exercise the duties of the office of Special Master, but to delegate those duties to Jim Bennett, Alabama's former two-term Secretary of State and currently its Labor Commissioner.  Mr. Bennett is not an elected official "presently involved in a contested partisan election" (Turnham Motion to Intervene 3, ¶5(3)).  Accordingly, the United States would not object to a provision in the Court's order which would either directly name Mr. Bennett (who is also a state official) as Special Master or which would name the Governor as Special Master provided that, within a reasonable period of time, he delegate his powers to Labor Commissioner Bennett and that, if he failed to do so, the issue would return to the Court for further proceedings.

## **CONCLUSION**

For the reasons stated herein, Plaintiff United States of America respectfully requests that the Court's order appointing a special master resolve the issues outlined above in the manner indicated.

Respectfully submitted this 31st day of July 2006.

        ALBERTO R. GONZALES
        Attorney General

        WAN J. KIM
        Assistant Attorney General
        Civil Rights Division

        LEURA GARRETT CANARY
        United States Attorney
        R. RANDOLPH NEELY
        Assistant United States Attorney

        JOHN K. TANNER
        Chief, Voting Section

By:    s/Christy A. McCormick
        ROBERT D. POPPER
        CHRISTY A. McCORMICK
        DONALD L. PALMER
        Attorneys
        Voting Section
        Civil Rights Division
        U.S. Department of Justice
        Room 7254-NWB
        950 Pennsylvania Ave., NW
        Washington, D.C. 20530
        (800) 253-3931 (telephone)
        (202) 307-3961 (facsimile)

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 31st day of July 2006, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

       Nancy L. Worley
       Secretary of State of the State of Alabama
       State Capitol, Room 5105
       600 Dexter Avenue
       Montgomery, Alabama 36101

       State of Alabama
       c/o Troy King
       Attorney General for the State of Alabama
       Winfield J. Sinclair
       Margaret L. Fleming
       Misty S. Fairbanks
       Assistant Attorneys General
       11 South Union Street
       Montgomery, Alabama 36130

       Algert S. Agricola, Jr.
       Slaten & O'Connor, P.C.
       Winter Loeb Building
       105 Tallapoosa Street, Suite 101
       Montgomery, Alabama 36104

       Michael W. Robinson, Esq.
       Attorney for Department of Public Safety
       Department of Public Safety, Legal Unit
       Post Office Box 1511
       Montgomery, Alabama 36102-1511

       Dorman Walker, Esq.
       Balch & Bingham
       P.O. Box 78
       2 Dexter Avenue
       Montgomery, Alabama 36101-0078

                T.A. Lawson, II, Esq.
                Jeffrey M. Sewell, Esq.
                Assistant County Attorneys
                Jefferson County
                280 Jefferson County Courthouse
                716 Richard Arrington Jr. Blvd. North
                Birmingham, Alabama 35203

                Frank Corley Ellis, Jr., Esq.
                Wallace, Ellis, Fowler & Head
                P.O. Box 587
                Columbiana, Alabama 35051

| Address of Counsel: | S/ Christy McCormick |
| --- | --- |
| | Trial Attorney |
| Voting Section, Room 7254-NWB | U.S. Department of Justice |
| Civil Rights Division | |
| U.S. Department of Justice | |
| 950 Pennsylvania Avenue, NW | |
| Washington, D.C. 20530 | |
| (800) 253-3931 (telephone) | |
| (202) 307-3961 (facsimile) | |
| E-mail: Donald.Palmer@usdoj.gov | |