IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALABAMA, and )<br>NANCY L. WORLEY, )<br>Alabama Secretary of State, )<br>in her official capacity, )<br>)<br>Defendants. ) | Civil Action Number<br><br>2:06-CV-00392-WKW-SRW |

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO COURT'S
NOTICE OF APPOINTMENT OF SPECIAL MASTER (Doc. 40)

Come now Defendants State of Alabama and Nancy L. Worley, in her official capacity as Alabama Secretary of State, by and through Troy King, Attorney General for the State of Alabama, and, in accordance with this Honorable Court's July 21, 2006 Order (Doc. 38), hereby submit their reply to the Plaintiff's Response to Court's Notice of Appointment of Special Master (Doc. 40), filed by the United States on July 25, 2006 (hereinafter Plaintiff's Proposed Order).

The Defendants reiterate and reincorporate the analysis and arguments made in their original submission on the appointment of the Special Master, his duties, and his powers (*see* Doc. 41, Defendants' Response to the Court's Order).  Set out

below, the Defendants have a few additional comments in light of the Plaintiff's Proposed Order.

**Plaintiff's Proposed Paragraph 1**

The United States agrees that the Special Master should be the Governor of the State of Alabama (*see* Plaintiff's Proposed Order at 1). Defendants continue to contend that the duties and powers of the Special Master necessarily involve both sovereignty issues and essential State functions, and thus the Special Master must be a State official. The Governor is the Chief Executive of the State of Alabama, Ala. Const. Art. V, § 113, and so the tender of the appointment as Special Master must first be made to him. The Governor has indicated that he is willing to accept the tender.

For a more detailed discussion of why the tender must first be made to the Governor, see Doc. 41 at 13-15, Doc. 36 (Defendant's Reply to Plaintiff's Response to Defendants' Submission of HAVA Plan) at 27-29, and Doc. 46 (Response of the Alabama Probate Judges Association to Court Order) at 1-2.

**Plaintiff's Proposed Paragraphs 2 and 4**

The United States proposes that the Secretary of State be expressly removed as the Chief Elections Official of the State of Alabama for purposes of implementing Section 303 of the Help America Vote Act of 2002 (hereinafter HAVA) (*see* Plaintiff's Proposed Order at 2-3). The Plaintiff further proposes

express removal of State statutory authority from the Secretary of State (see Plaintiff's Proposed Order at 2). The Defendants submit that the Plaintiff's proposals are unnecessary, unreasonable, and not in keeping with the civilities owed between two sovereigns. Moreover, the United States has offered no analysis or reasoning to justify these proposals. The Defendants submit that the language of their proposed order (*see* Exhibit A to Document 41) is sufficient to accomplish the ends of the relief sought by the United States.

**Plaintiff's Proposed Paragraph 3**

The Plaintiff proposes that:

> The Special Master shall have the duty and authority to consult with the Court and take such actions as are ordered by the Court to ensure compliance with *other sections* of the Help America Vote Act of 2002, 42 U.S.C. §§ 15301, *et. seq.*, should violations of *other portions* of HAVA be brought to the attention of either the Special Master or the Court.

(Plaintiff's Proposed Order at 2) (emphasis added).

Defendants submit that this language is not only unnecessary, but that it goes beyond this Court's jurisdiction. When the United States filed this lawsuit, it stated that the action was brought "to enforce the requirements of Sections 303(a) and (b) of the Help America Vote Act of 2002 ("HAVA"), with respect to the conduct of elections for Federal office in the State of Alabama" (*see* Doc. 1 at 1, Complaint). The primary focus of the complaint was on the voter registration

system, though there was an additional issue over voter registration forms (*see* Doc. 1, generally). The United States has since "announced approval of the voter registration forms in open court at the July 20, 2006 hearing." (Doc. 38 at 1 n. 1, the Court's July 21, 1006 Order; *see also* Doc. 44 at 11, transcript of the July 20, 2006 hearing). With the forms now HAVA compliant, *only* the voter registration system remains at issue in this case.

The United States has not even *alleged* that the Secretary has violated any other section of HAVA (*see* Doc. 1, generally). The United States has certainly not proven that it – or anyone else – is entitled to any relief for any such speculative violations. Accordingly, the Plaintiff seeks relief far beyond the scope of this lawsuit when it argues that the Special Master should "have the duty and authority to consult with the Court and take such actions as are ordered by the Court to ensure compliance with *other sections* of [HAVA] should violations of *other portions* of HAVA be brought to the attention of either the Special Master or the Court." (Plaintiff's Proposed Order at 2) (emphasis added).

If such speculative violations should occur in the future, they represent separate cases or controversies to be brought before a tribunal and proven before any relief is to be awarded. The United States is without authority to bypass Article 3 of the federal Constitution. Moreover, neither the Special Master nor, indeed, this Court may unilaterally find and remedy HAVA violations which are

not the subject matter of this lawsuit and for which Due Process has never been awarded the Defendants.

**Plaintiff's Proposed Paragraphs 5, 6, 7, 8, and 14**

The allocation of office space, acquisition of personnel, and other details of administration (*see* Plaintiff's Proposed Order at 3-4, 5) are matters best left to the discretion of the Special Master. The Defendants submit that there is no need to micromanage the details of the administration of the Special Master.

**Plaintiff's Proposed Paragraphs 9, 10 and 11**

Paragraphs 9, 10 and 11 of the United States' proposed order concern access to records, *ex parte* communications, and communications with this Honorable Court (*see* Plaintiff's Proposed Order at 4-5). The proposals made by the United States vary from the proposals submitted by the Defendants (Doc. 41 at 11-12). As to records, the United States' position is very broad, reaching records in the possession of others to which the Secretary herself may not have access, as well as records concerning HAVA but not necessarily the provisions of HAVA operative in this lawsuit, *i.e.,* Sections 303(a) and 303(b). As to communications, the United States' position is more restrictive than the Defendants' position and is also cumbersome. The United States has failed to provide any explanation to support its position or provide insights to its concerns. Accordingly, the Defendants

submit that the Defendants' position should be adopted. If a problem arises and cannot be resolved, the special Master can seek additional powers from the Court.

**Plaintiff's Proposed Paragraphs 12, 13, and 14**

Proposed paragraphs 12, 13, and 14 concern money. In proposed paragraph 12, the United States suggests that "[t]he Special Master shall receive compensation at a rate to be negotiated, not to exceed the amount usual and customary for performing duties of the nature outlines in this Order" (*see* Plaintiff's Proposed Order at 5). The Defendants submit that the Special Master will not receive compensation in addition to his regular State salary.

In proposed paragraph 13, the United States seeks to restrict the manner in which the Special Master may spend the HAVA funds designated for the voter registration system. Specifically, the Plaintiff suggests that:

> The State of Alabama shall be responsible for paying all fees and expenses associated with the implementation of this Order. No funds appropriated by the United States Congress in accordance with the Help America Vote Act of 2002 may be utilized in any way toward the compensation of the Special Master and his staff.

(Plaintiff's Proposed Order at 5).

It is not clear what fees or expenses the Plaintiff has in mind. Furthermore, the United States cites no any legal authority suggesting that the Secretary of State would have been unable to spend HAVA money on staffing HAVA projects had this lawsuit not been brought, nor does it cite any legal authority for its position as

to the unspecified fees and expenses. Absent such legal authority, the Defendants submit that this proposed provision constitutes the improper imposition of punitive damages on the State of Alabama in contravention of the Eleventh Amendment. It also goes beyond the relief sought by the Plaintiff in the Complaint, and thus the Court is without jurisdiction to include such language in its injunctive relief.

In proposed paragraph 14, the United States' proposal is not generally objectionable. The Defendants' only concern is, again, that staffing matters should be left to the Special Master. *Cf.* (Plaintiff's Proposed Order at 5) ("The Special Master . . . may requisition such staff as necessary from agencies of the State of Alabama to aid him in compliance with such requirements.").

**Plaintiff's Proposed Paragraphs 15, 16, and 17**

The United States suggests that the Special Master should recommend to the Court procedures for preserving records and for fact-finding and evidentiary procedures, and that the parties should be permitted to comment on, or object to, these recommendations (*see* Plaintiff's Proposed Order at 5-6). Again, the Defendants submit that the United States in interfering in affairs best left to the discretion of the Special Master. The United States has offered no legal authority for its intense supervision, nor has it offered any reasoning as to why such supervision is necessary here and not in other States. Indeed, these statements appear to be made simply in response to Fed. R. Civ. P. 53 factors which may, or

may not, be relevant to this particular use of a Special Master. Absent further explication of the United States' thinking on these matters, the Defendants object to these paragraphs in their entirety.

**Plaintiff's Proposed Paragraph 18**

The United States has recommended that the Special Master report to the Court every two months and that the reports be provided to the parties (*see* Plaintiff's Proposed Order at 6). Because "[t]he appointment of a Special Master . . . has implications that impact upon State sovereignty and the State's statutory framework" and because "[i]t also raises various State and Federal constitutional concerns," the Defendants have "suggest[ed] that the Special Master file monthly reports with the Court and make these reports accessible to the general public" (Doc. 41 at 16).

Moreover, the Special Master should be allowed to electronically file his report directly with the Court, and he should not be obliged to provide paper copies to counsel who have declined to receive materials electronically if said counsel represents any party that is also represented by someone who does receive the materials electronically. (The United States has been receiving at least four electronic copies and two paper copies of all filings.)

Respectfully submitted,

TROY KING
ATTORNEY GENERAL
BY:

s/Winfield J. Sinclair

Winfield J. Sinclair
Assistant Attorney General
Attorney No. ASB-1750-S81W

s/ Misty S. Fairbanks

Misty S. Fairbanks
Assistant Attorney General
Attorney No. ASB-1813-T71F

Attorneys for Defendants

CERTIFICATE OF SERVICE

This is to certify that on the 31st day of July, 2006, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

>Michael W. Robinson, Esq.
>Alabama Dept. of Public Safety
>Legal Unit
>P.O. Box 1511
>Montgomery, Alabama 36102-1511
>
>Christy A. McCormick, Esq.
>United States Department of Justice
>1800 G Street, Room 7246
>Washington, D.C. 20006
>
>Robert D. Popper, Esq.
>United States Department of Justice
>1800 G Street, Room 7270
>Washington, D.C. 20006
>
>Donald Palmer, Esq.
>Civil Rights Division
>Voting Section
>United States Department of Justice
>950 Pennsylvania Avenue, N.W.
>Room No. 7149
>Washington, D.C. 20006
>
>R. Randolph Neeley, Esq.
>United States Attorney's Office
>P.O. Box 197
>Montgomery, Alabama 36101-0197

Algert Swanson Agricola, Jr., Esq.
Slaten & O'Connor, P.C.
P.O. Box 1110
Montgomery, Alabama 36101-1110

G.R. Trawick, Esq.
Slaten & O'Connor, P.C.
P.O. Box 1110
Montgomery, Alabama 36101-1110

Dorman Walker, Esq.
Balch & Bingham
P.O. Box 78
2 Dexter Avenue
Montgomery, Alabama 36101-0078

Frank Corley Ellis, Jr., Esq.
Wallace, Ellis, Fowler & Head
P.O. Box 587
Columbiana, Alabama 35051

Edward Still, Esq.
2112 11th Avenue South, Suite 201
Birmingham, Alabama 35205-2844

James H. Anderson, Esq.
Beers, Anderson, Jackson, Patty & VanHeest, P.C.
P.O. Box 1988
Montgomery, Alabama 36102

Shannon Holliday, Esq.
Copeland, Franco, Screws & Gill, PA
P.O. Box 347
Montgomery, Alabama 36101-0347

And by first class mail, postage prepaid, to the following:

>Wan J. Kim, Esq.
>Voting Section
>United States Department of Justice
>Civil Rights Division
>Room 7254-NWB
>950 Pennsylvania Avenue, N.W.
>Washington, D.C. 20530
>
>John K. Tanner, Esq.
>United States Department of Justice
>Chief, Voting Section
>Civil Rights Division
>Room 7254-NWB
>950 Pennsylvania Avenue, N.W.
>Washington, D.C. 20530

>s/Winfield J. Sinclair
>
>Winfield J. Sinclair
>Assistant Attorney General

Address of Counsel:

Office of the Attorney General
11 South Union
Montgomery, Alabama 36130
TEL: 334-242-7300
FAX: 334-353-8440
E-mail: wsinclair@ago.state.al.us