IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| STATE OF ALABAMA, and | ) | 2:06-cv-0392-WKW-SRW |
| NANCY L. WORLEY, Secretary of State; | ) | |
| in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE OF JOE TURNHAM IN HIS INDIVIDUAL CAPACITY AND AS CHAIR OF THE STATE DEMOCRATIC EXECUTIVE COMMITTEE OF ALABAMA

Plaintiff United States of America opposes the Motion to Intervene of Joe Turnham in his Individual Capacity and as Chair of the State Democratic Executive Committee of Alabama, for the reasons set forth in the accompanying Memorandum of Law in Support of Plaintiff's Opposition to Motion to Intervene of Joe Turnham in his Individual Capacity and as Chair of the State Democratic Executive Committee of Alabama.

The instant motion fails to articulate any concrete grievance or interest that has been or may be violated, and is not timely. Mr. Turnham accordingly has manifestly failed to demonstrate that he meets the standards either for intervention as of right, as set forth in Fed. R. Civ. P. 24(a), or for permissive intervention, as set forth in Fed. R. Civ. P. 24(b).

Accordingly, Plaintiff United States of American respectfully requests that the Court deny Mr. Turnham's Motion to Intervene.

Respectfully submitted this 1st day of August, 2006.

ALBERTO R. GONZALES
Attorney General

WAN J. KIM
Assistant Attorney General
Civil Rights Division

LEURA GARRETT CANARY
United States Attorney
R. RANDOLPH NEELY
Assistant United States Attorney

JOHN K. TANNER
Chief, Voting Section

By:    s/ Donald L. Palmer
       ROBERT D. POPPER
       CHRISTY A. McCORMICK
       DONALD L. PALMER
       Attorneys
       Voting Section
       Civil Rights Division
       U.S. Department of Justice
       Room 7254-NWB
       950 Pennsylvania Ave., NW
       Washington, D.C. 20530
       (800) 253-3931 (telephone)
       (202) 307-3961 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| STATE OF ALABAMA, and | ) | 2:06-cv-0392-WKW-SRW |
| NANCY L. WORLEY, Secretary of State; | ) | |
| in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
MOTION TO INTERVENE OF JOE TURNHAM IN HIS INDIVIDUAL CAPACITY
AND AS CHAIR OF THE STATE DEMOCRATIC EXECUTIVE COMMITTEE OF
ALABAMA**

**Table of Contents**

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   I.  The Proposed Intervenor Does Not Meet The Standard For Intervention
     As Of Right . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.  The Proposed Intervenor Has No Interest In This Action . . . . . . . . . . . . . . . . . . . 3

       1.  Mr. Turnham Has No Interest In This Action Because HAVA Provides
          No Private Right Of Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       2.  Mr. Turnham Has No Legally Cognizable Interest In This Matter Because
          There Is No Conceivable Way Implementation Of The Statewide
          Centralized Voter Registration Database Could Harm Alabama Democrats
          As A Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       3.  Any Interests Mr. Turnham Alleges Are, At Best, Extremely Speculative . . . . . . . 5

    B.  Failure To Establish Impairment Of Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C.  Adequate Representation Of Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       1.  There Is No Evidence Of Collusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       2.  There Is No Adversity Of Interest Between Mr. Turnham And
          The United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

       3.  The United States Has Not Failed To Represent Mr. Turnham's Interests . . . . . . 10

       4.  Mr. Turnham's Interests Are Adequately Represented . . . . . . . . . . . . . . . . . . . . . 10

    D.  The Proposed Intervenor's Application Is Not Timely . . . . . . . . . . . . . . . . . . . . . . 10

       1.  The Proposed Intervenor Should Have Intervened Months Ago If At All . . . . . . 11

       2.  Both Parties Are Severely Prejudiced As A Result Of Proposed Intervenor's
          Failure To Move For Intervention Prior To This Time . . . . . . . . . . . . . . . . . . . . . 12

       3.  There Is No Prejudice To The Proposed Intervenor If His Motion Is Denied . . . . 14

E.  Mr. Turnham's Rule 24(a) Motion For Intervention As Of Right Must Be Denied  .  14

II.  The Proposed Intervenor Does Not Meet The Standard For Permissive Intervention  . .  14

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

<u>**Table of Authorities**</u>

**Page**

***Constitution, Statutes, and Rules***

Help America Vote Act of 2002, 42 U.S.C. 15301 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    Section 303, 42 U.S.C. § 15483 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    Section 303(a)(1)(A), 42 U.S.C. § 15483(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    Section 401, 42 U.S.C. § 15511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Help America Vote Act of 2002, Pub. L. No. 107-252, 116 Stat. 1666 . . . . . . . . . . . . . . . . . . 9

Federal Rules of Civil Procedure:
    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    Rule 24(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    Rule 24(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    Rule 24(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 14
    Rule 24(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    Rule 24(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Alabama Code:
    § 17-16-4(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

***Cases***

*Bandemer v. Davis*, 603 F. Supp. 1479 (D. Ind. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Chiles v. Thornburgh,* 865 F.2d 1197 (11th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . 2, 3, 10-11
*Davis v. Butts*, 290 F.3d 1297 (11th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
*Georgia v. U.S. Army Corps of Eng'rs,* 302 F.3d 1242 (11th Cir. 2002) . . . . . . . . . . . . . . 2, 11
*Laube v. Campbell*, 215 F.R.D. 655 (M.D. Ala. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6
*ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . 6
*McDonald v. E.J. Lavino Corp.*, 430 F.2d 1065 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
*Meadow v. Procter & Gamble Co., Inc.*, 107 F.3d 846 (11th Cir. 1997) . . . . . . . . . . . . . . . . 11
*Middlesex County Sewerage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1 (1981) . . 4
*Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.,* 425 F.3d 1308 (11th Cir. 2005) . . . . . . 2, 3
*Pin v. Texaco*, 793 F.2d 1448 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
*Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . 2
*Sellers v. United States,* 709 F.2d 1469 (11th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
*Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
*Stallworth v. Monsanto Co.*, 558 F.2d 267 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . 11
*Stone v. FirstUnion Corp.*, 371 F.3d 1305 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11 (1979) . . . . . . . . . . . . . . . . . . . 4
*United Airlines v. McDonald*, 482 U.S. 385 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
*United States v. Baxter Int'l, Inc.*, 345 F.3d 881 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15
*United States v. City of Chicago*, 798 F.2d 969 (7th Cir. 1986),
    *cert denied*, 484 U.S. 1041 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Dallas County Com'n*, 850 F.2d 1433 (11th Cir. 1988) . . . . . . . . . . . . . . . . .  2

*United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983) . . . . . . . . . . . . . . . . .  11, 12

*United States v. South Florida Water Management Dist.*, 922 F.2d 704 (11th Cir. 1991) . . . . .  3

## **_Newspaper Articles_**

*Been Here, Done This: Editorial*, Birmingham News, May 5, 2006, at 10A  . . . . . . . . . . . . .  11

*Lawsuits Embarrassing: State Drops Ball on Voting Issues*, Montgomery Advertiser,
    May 7, 2006, at A4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Orndorff, Mary, *U.S. Sues State Over Voter Database*, Birmingham News,
    May 3, 2006, at 6C  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Peck, John, *Bennett Seeks "Lasting Impression" With Push for Constitutional Reform,*
    Huntsville Times, May 16, 2002, available at http://www.al.com./specialreport/
    huntsvilletimes/index.ssf?constitution/ala_constitution_hsv_03.html . . . . . . . . . . . . . . . . . .  7

Sanders, Topher, *Secretary of State Candidates Trade Blame for Suits*,
    Montgomery Advertiser, May 8, 2006, at A1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

## BACKGROUND

On May 1, 2006, the United States filed its complaint in this action, alleging that the State of Alabama had failed to come into compliance with the statewide centralized voter registration database requirements of Section 303 of the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15483, *et seq.* (Complaint, at 6-8.) Specifically, the United States alleged that the State of Alabama had failed to "implement, in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level that contains the name and registration information of every legally registered voter in the State" and meets the other requirements of Section 303. HAVA § 303(a)(1)(A), 42 U.S.C. § 15483(a)(1)(A). The State of Alabama admitted liability, and the parties proposed schedules to come into compliance. The proposal of the State offered no assurance that the State would achieve compliance even by the 2008 federal primary elections, and the United States reluctantly sought, and the Court agreed to, the appointment of a Special Master to bring the State of Alabama into compliance with Section 303. (Order of 7/21/2006, at 5.) The parties agreed *inter se* to the formal appointment of the Governor of Alabama under the clear understanding that the Governor would transfer the duties to Mr. Jim Bennett, the immediate past Secretary of State of the State of Alabama and current Alabama Commissioner of Labor.

At this late stage of the proceedings, Mr. Turnham seeks status as a Defendant-Intervenor of right and/or by permission. (Mot. To Intervene of Joe Turnham in his Individual Capacity and as Chair of the State Democratic Executive Committee of Alabama ["Mot. To Intervene"], *passim.*) A mere seven days prior to the hearing at which the Court is to consider the arguments of the existing parties concerning the identity and specific duties of the Special Master, and

following the submissions of those arguments in writing to the Court, Mr. Turnham seeks to participate formally in the selection process. For the reasons specified below, his motion should be denied.

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 24 provides for intervention of right and permissive intervention. Intervention of right is appropriate if the proposed intervenor: (1) files in a timely manner; (2) demonstrates an interest in the action; (3) shows that the interest may be impaired by the disposition of the action; and (4) has an interest not otherwise adequately protected. Fed. R. Civ. P. 24(a)(2); *see also Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002); *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996); *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Failure to meet any one of these requirements suffices for a denial of the motion. See *Chiles*, 865 F.2d at 1213; *United States v. City of Chicago*, 798 F.2d 969, 972 (7th Cir. 1986), *cert. denied*, 484 U.S. 1041 (1988).

Permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(2) may be appropriate if the proposed intervenor submits a timely motion and states a claim or defense which has a common question of law or fact with the action. "Permissive intervention under Fed. R. Civ. P. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the individual parties." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005), *see also Georgia v. U.S. Army Corps of Eng'rs,* 302 F.3d 1242, 1250 (11th Cir. 2002). A district court is vested with broad discretion to decide a motion for permissive intervention. *United States v. Dallas County Com'n.,* 850 F.2d 1433, 1443 (11th Cir. 1988); *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983).

## ARGUMENT

I. **THE PROPOSED INTERVENOR DOES NOT MEET THE STANDARD FOR INTERVENTION AS OF RIGHT.**

    A. **The Proposed Intervenor Has No Interest In This Action.**

To support intervention, an intervenor's interest must be a particularized interest rather than a general grievance. *Chiles*, 865 F.2d at 1212. It must be a direct, substantial, and legally protectable interest which the substantive law recognizes as belonging to or being owned by the applicant. *Mt. Hawley*, 425 F.38 at 1311; *United States v. South Florida Water Management Dist.*, 922 F.2d 704, 710 (11th Cir. 1991). However, the Help America Vote Act confers no private right of action, and Mr. Turner has failed to identify any conceivable harm that could occur to the individuals whose interests Mr. Turnham claims to represent from the appointment of Governor Riley as Special Master.

    1.   <u>Mr. Turnham Has No Interest In This Matter Because HAVA Confers No Private Right of Action</u>.

The only enforcement provision in HAVA which provides for a cause of action in federal court is found at Section 401, which provides that:

> The Attorney General may bring a civil action against any State or jurisdiction in an appropriate United States District Court for such declaratory and injunctive relief (including a temporary restraining order, a permanent or temporary injunction, or other order) as may be necessary to carry out the uniform and nondiscriminatory election technology and administration requirements under sections 301, 301, and 303.

42 U.S.C. § 15511. Aside from this right of action, granted explicitly to the Attorney General of the United States, no other explicit right of action in federal court exists to enforce the provisions of HAVA.

Absent an explicit private right of action, the Supreme Court has "recently and repeatedly said that a decision to create a private right of action is one better left to legislative judgment in the great majority of cases." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 727 (2004). "In the absence of strong contrary Congressional intent," the Supreme Court has stated, "we are compelled to conclude that Congress provided precisely the remedies it considered appropriate." *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1, 15 (1981). "Where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 20 (1979). Because there is no strong Congressional intent, and Congress has created the only remedy for the enforcement of HAVA in the form of suits by the Attorney General, HAVA provides no private right of action.

> 2.    <u>Mr. Turnham Has No Legally Cognizable Interest In This Matter Because There Is No Way Implementation Of The Statewide Centralized Voter Registration Database Could Harm Alabama Democrats As A Class</u>.

Mr. Turnham identifies no way that implementation of a HAVA-compliant database could possibly harm Alabama Democrats, and no way that the outcome of this litigation could affect the interests he claims to represent. Accordingly, Mr. Turnham has no interest in this matter.

Mr. Turnham claims to partake of, and to represent, the "political and associational interests of Democrats in Alabama who support the Democratic Party and their own statewide and local political organizations and of voters in general who have an interest in ensuring that partisan politics do not taint the development of the single statewide computerized voter registration system or otherwise create distrust in Alabama's electoral systems." (Mot. to Intervene, at 2.)

-4-

At the simplest level, before the interests of any Democrats in Alabama can be violated by the Special Master, the Special Master must have some way of knowing who is a Democrat. In Alabama, however, voters do not register by party. *See* Exhibit A (Alabama's mail-in and agency-based voter registration forms, and update forms). Alabama holds open primaries, in which any registered voter may participate. Ala. Code § 17-16-4(a). There is thus no reason for any voter registration system in Alabama to even contain information which would specify a person's party identification. Assuming, *arguendo*, that the Special Master wished to discriminate against Alabama Democrats, he could not do so, because he would not know who is a Democrat.

Indeed, Mr. Turnham never identifies how even a biased Special Master could implement a HAVA-compliant statewide database in a "biased" way. Generating a statewide, computerized voter registration list is not, after all, an inherently partisan activity. There is no "Democratic" or "Republican" approach to constructing a computerized database – any more than there is a "partisan" approach to building a bridge. Mr. Turnham identifies no way that even a biased Special Master, merely by striving to comply with the database requirements of Section 303 of HAVA, possibly could inflict the kind of harm that would support a motion to intervene.

The basic absence of a partisan threat – in essence, of anything to be partisan about – when constructing a statewide computerized database constitutes a glaring defect in Mr. Turnham's motion to intervene. This defect alone is sufficient reason to deny Mr. Turnham's request.

        3.    <u>Any Interests Mr. Turnham Alleges Are, At Best, Extremely Speculative.</u>

"Interests that are contingent upon some future events and which are purely a matter of speculation are not the kind of protectable interest necessary to support intervention as of right."

*Laube v. Campbell*, 215 F.R.D. 655, 657 (M.D. Ala. 2003) (citing *ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1322 (11th Cir. 1990)).  Because Mr. Turnham's motion is based on precisely this kind of speculation, his motion should be denied.

Unable to allege either concrete evidence of bias, or a specific harm that might fairly be traced to any bias that might exist, Mr. Turnham resorts to the most vague, general, and speculative allegations of "interest," based primarily on a supposed "appearance" – rather than the existence – of some sort of  wrongdoing.  To be clear, Mr. Turnham never even attempts to allege that there has been a specific act or instance of wrongdoing.  Rather, he suggests that the effect of appointing the Special Master proposed by both the United States and Defendants is to cause "the appearance . . . of a partisan attempt to affect the Democratic Secretary of State negatively in the upcoming election, while affecting the Republican Governor and other Republican candidates positively." (Mot. to Intervene, at  2-3.)

Every word Mr. Turnham submits in support of this speculative contention is equally speculative.  Thus, he speaks of "creat[ing] the perception that there is a vested interest on the part of the Republican Party to control the computerized voter registration system to its own ends." (*Id.*, at 4.)  He states his "desire that the voter registration system . . . not be undermined by the suspicion or reality" of wrongdoing (*id.*, at  4), and talks of "seeing that Democratic voters do not lose further confidence" (*id.*, at  4).  He always makes clear, however, that he is not in a position to allege or establish any actual misconduct.  Thus, he qualifies a reference to a "perception" of partisan chicanery by adding, "[w]hile this may or may not be the case . . ." (*Id.*, at  4.)

The evanescence of the suspicions Mr. Turnham has voiced concerning the conduct of the Special Master with respect to the primary are underlined by the absence of specific tasks to

be performed by the Special Master prior to the general election: the integration of state agency records under the supervision of the Special Master will not occur until after the 2006 general election is over.  There is no significant action, partisan or otherwise, that will be taken prior to the upcoming general election.  Even at the point when concrete actions are taken, *after* the November 2006 general elections, the Special Master will act under the authority of whatever person is elected Governor of Alabama – itself a matter of speculation only.[1]

All of these circumstances serve to establish that Mr. Turnham simply has not stated a tangible interest in this case.[2]

### B.    Failure to Establish Impairment of Interests.

There is no private right of action which Mr. Turnham is permitted to attempt to enforce in this Court.  Further, as set forth above, there is absolutely no way that he or the individuals whose interests he seeks to represent could possibly be harmed by the outcome of this litigation

---

[1]Mr. Turnham appears concerned that the need for a Special Master is in itself an embarrassment to a candidate of his party as a reflection on the performance of that candidate.  The United States has been at some pains to avoid any comment on the performance of any official except as necessary to bring the State into compliance with federal law without further unnecessary delay.

[2]As a practical matter, any fears that the appointment of a Republican seeking reelection in November as Special Master might provide the appearance of partisan taint could be ameliorated by the direct appointment of Alabama Labor Commissioner Jim Bennett as Special Master, an appointment to which the United States does not object.  It is the clear understanding of the parties that Governor Riley will delegate his powers as Special Master to Mr. Bennett in any case.  Mr. Bennett is a former two-term Alabama Secretary of State and the immediate predecessor of Ms. Worley who, by virtue of his former position, probably has greater knowledge of Alabama's voter registration systems than any other individual in the state.  It is the understanding of the United States that Mr. Bennett managed to change his political affiliation while retaining the esteem of Alabama Democrats and Republicans alike.  *See, e.g.,* Democratic Alabama State Senator Ted Little: "When he switched parties, Jim became an individual that still held the respect of many of us rank-and-file Democrats and was seemingly respected and accepted by the hierarchy of the Republican Party."  John Peck, *Bennett Seeks "Lasting Impression" With Push for Constitutional Reform*, Huntsville Times, May 16, 2002, *available at*
http://www.al.com/specialreport/huntsvilletimes/index.ssf?constitution/ala_constitution_hsv_03.html.  "Sen. E.B. McClain, D-Brighton, said Bennett's decision in the Hooper-Hornsby race earned him respect even from those who vehemently disagreed.  Little said Bennett is skilled at coalition-building and 'crystallizing points of compromise.'"  *Id.*  It is on the basis of this understanding that the United States has agreed to the appointment of Mr. Bennett.

because there is no identified harm that even a "biased" Special Master could inflict, and because the harms Mr. Turnham does posit are purely speculative.

Thus, there is no interest that Mr. Turnham could possibly seek to protect in this litigation other than the generalized interest of all Alabamians, and indeed of all Americans, in the fair and equitable administration of elections. Without an interest, proposed intervenors' claims of impairment of that interest must fail.

### C.     Adequate Representation of Interests.

In order for adequate representation to exist, the following criteria must be met: (1) there must be no collusion shown between the representative and the opposing party; (2) the representative may not have or represent an interest adverse to the proposed intervenor; and (3) the representative must not have failed in fulfillment of his duty. *Stone v. First Union Corp.*, 371 F.3d 1305, 1312 (11th Cir. 2004). There is a presumption that representation is adequate, and a proposed intervenor alleging otherwise must adduce at least some evidence that it is not. *Id.*

#### 1.     There Is No Evidence Of Collusion.

Mr. Turnham has shown no evidence of collusion between the United States and the Defendants in this matter – other than that both have suggested the appointment of Governor Bob Riley, and thorugh him Jim Bennett, as the Special Master. The United States submits that there is no collusion, and that both parties came independently to the conclusion that Governor Riley is the appropriate individual to appoint Mr. Bennett because of his ability to draw on the considerable resources of the State of Alabama to implement the state centralized voter registration database.

    2.    <u>There Is No Adversity Of Interest Between Mr. Turnham And The United States</u>.

It is axiomatic in a democracy that all citizens have an interest in fair elections. *Bandemer v. Davis*, 603 F. Supp. 1479, 1492 (D. Ind. 1984). The goal of HAVA is to improve the administration of elections. Pub. L. No. 107-252, 116 Stat. 1666. The United States instituted this action for the express purpose of enforcing Section 303 of HAVA. (Complaint, at 6-8). The stated aim of Mr. Turnham's proposed intervention is to ensure "that voters have confidence in Alabama's electoral systems, including the development of a single statewide computerized voter registration database." (Mot. to Intervene, at 1.) He states that he represents "the particular political and associational interests of Democrats in Alabama who support the Democratic Party and their own statewide and local political organizations and of voters in general who have an interest in ensuring that partisan politics do not taint the development of the single statewide computerized voter registration system or otherwise create distrust in Alabama's electoral system." (*Id.*, at 2.) While he posits that he "is so situated that the disposition of this action may as a practical matter impair or impede his ability to protect those interests," (*id.*, at 1), and that "[n]one of the existing parties to this lawsuit can adequately represent the particular political and associational interests of Democrats in Alabama," (*id.*, at 2), he fails to present any evidence why this is the case, aside from a bald allegation that the other parties to this action are allegedly beholden to the Republican Party. Indeed, Mr. Turnham fails to identify what those particular political and associational interests might be in the context of a sound and secure statewide computerized voter registration system.

It is in the interest of all citizens – Republicans, Democrats, and others alike – that elections be administered fairly. Mr. Turnham has failed to demonstrate how his interest and the

interest of Alabama Democrats in the fair administration of elections are adverse to the interests of all Alabamians in such elections.  The United States represents those interests in this action.  Mr. Turnham presents no evidence to the contrary.

           3.      The United States Has Not Failed To Represent Mr. Turnham's Interests.

Finally, Mr. Turnham presents no evidence that the United States has failed in its duty to represent the interests of all Alabamians in fair elections untainted by partisan politics.  Indeed, the United States instituted suit in this action on May 1, 2006, and has moved expeditiously to obtain a preliminary injunction, to require the submission of a HAVA plan, to demonstrate the inadequacies in that HAVA plan, and finally, to have a Special Master appointed when it became apparent that the Secretary of State had a longer time-table for accomplishing the task of bringing the state into compliance with Section 303 of HAVA.  It has proposed the individual who can marshal the most governmental resources in the state as the person most capable of acting as Special Master.  The United States has effectively represented the interests of all Alabamians in having Section 303 of HAVA enforced.  Mr. Turnham has adduced no evidence to the contrary.

           4.      Mr. Turnham's Interests Are Adequately Represented.

Mr. Turnham's generalized interests in fair elections and in their efficient administration is represented adequately in this matter by the United States of America.  Mr. Turnham has presented no evidence to contravene the presumption of adequate representation.

**D.**      **The Proposed Intervenor's Application Is Not Timely.**

The timeliness inquiry considers four factors:  (1) the length of time during which the proposed intervenor knew or reasonably should have known of their interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed

intervenors' failure to move for intervention as soon as they knew or reasonably should have known of their interest; (3) the extent of prejudice to the proposed intervenors if their motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely. *Chiles*, 865 F.2d at 1213; *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983); *Georgia v. Corps of Eng'rs*, 302 F.3d at 1259. "Timeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *Chiles*, 865 F.2d at 1213, *quoting McDonald v. E.J. Lavino Corp.*, 430 F.2d 1065, 1074 (5th Cir. 1970). Whether a motion to intervene is timely is within the sound discretion of the district court, though the district court must explicitly rule on all four of the factors noted above. *Meadow v. Procter & Gamble Co. Inc.*, 107 F.3d 846, 854 (11th Cir. 1997); *Stallworth v. Monsanto Co.*, 558 F.2d 267, 263 (5th Cir. 1977).

      1.    <u>The Proposed Intervenor Should Have Intervened Months Ago If At All</u>.

As noted above, the United States filed its complaint in this matter on May 1, 2006, naming the State of Alabama and Nancy Worley, its Democratic Secretary of State, in her official capacity, as Defendants. The suit was widely reported in the newspapers, and indeed, Worley was quoted. *See, e.g.,* Topher Sanders, *Secretary of State Candidates Trade Blame for Suits*, Montgomery Advertiser, May 8, 2006, at A1; *Lawsuits Embarrassing: State Drops Ball on Voting Issues*, Montgomery Advertiser, May 7, 2006, at A4; Mary Orndorff, *U.S. Sues State Over Voter Database*, Birmingham News, May 3, 2006, at 6C; *Been Here, Done This: Editorial*, Birmingham News, May 5, 2006, at 10A. The proposed intervenor states that he only learned of the Court's ruling in this matter that a Special Master would be appointed on July 25, 2006, and

that this is his reason for intervening. The United States submits that Mr. Turnham, as the Chair

of the State Democratic Executive Committee of Alabama, should have been aware of the fact

that the second-highest elected Democrat in the State of Alabama was being sued by the Federal

Government.

The interest asserted by the proposed intervenor in this matter is an interest in "ensuring

that voters have confidence in Alabama's electoral systems, including the development of a

single statewide computerized voter registration database." (Mot. to Intervene, at 1.) The

proposed intervenor claims that its interests are divergent from those of the existing Defendants

in this matter because Defendant Secretary of State Nancy Worley is represented by the Attorney

General of Alabama, who is a Republican, and that the Attorney General can therefore not

represent the interests of Alabama's Democrats. (*Id.*, at 2.) This is a condition that has existed

since the beginning of the litigation and one that is not affected by the proposed appointment of

Alabama Governor Bob Riley as Special Master that the proposed intervenor cites as

justification for his intervention. (*Id.*, at 2.)

Courts in the Eleventh Circuit have generally been reluctant to allow intervention when a

proposed intervenor is aware of litigation but has delayed unduly in seeking to intervene. This is

especially the case where the proposed intervenor is aware that its interests are divergent from

the parties already in the action but sits by idly. *U. S. v. Jefferson County*, 720 F.2d at 1516,

*citing United Airlines v. McDonald*, 482 U.S. 385, 394 (1977).

> 2.  <u>Both Parties Are Severely Prejudiced As A Result Of Proposed
> Intervenors' Failure To Move For Intervention Prior To This Time</u>.

This action is at an advanced stage. The Court has heard evidence; it has ruled that

Alabama is not in compliance with Section 303 of HAVA (Prelim. Inj., at 5); it has found

Defendants' proposed plan wanting (Order of 7/21/06, at 4-6 (sustaining Plaintiff's objections to Defendants proposed plan)); and it has announced that the remedy will be the appointment of a Special Master to bring the State of Alabama into compliance with HAVA (Order of 7/21/06, at 5). The only thing remaining for the Court to do is to rule on the merits of the respective parties' recommendations as to the identity and duties of the Special Master. (*Id.,* at 5-6) The hearing on that matter is scheduled the day after this submission is due. (*Id.*, at 5.) The parties have even agreed on the identity of the Special Master. (*See* Plf's Proposed Order, 7/25/06, at 2; Defs' Proposed Order, 7/25/06, at 3.)

As the United States has noted in previous submissions, the State of Alabama was supposed to be in compliance with Section 303(a) of HAVA by January 1, 2006, (Compl., at 4), and there is no time for further delay (Plf's Mem. of Law in Support of United States' Mot. For Prelim. Inj., at 1). It is obviously unfair to *both* the United States *and* Defendants to require them to abide Mr. Turnham's objections to the identity of the Special Master now – especially as Mr. Turnham has not even suggested an alternative.

The only conceivable manner in which Mr. Turnham's intervention could be made fair to the existing parties would be to postpone the appointment of the Special Master until Mr. Turnham has had the chance to make his suggestions and then to give both the United States and the Defendants the opportunity to fully brief the question of which party's suggestions would be the most appropriate.

This is clearly unacceptable. The State of Alabama needs to begin the process of selecting a vendor to develop and implement the statewide computerized voter registration database required by Section 303 of HAVA immediately. There has been much discussion of time-lines for Alabama's compliance. Each of the parties submitted a proposed time-line. (Plf's

-13-

Opp. to Defs' Submission of HAVA Plan 15-20; Ex. A to Defs' Submission of HAVA Plan.)
The Court examined the submissions and provided its own, with the express justification that
unless the timeline were a brief one, Alabama could not be brought into compliance with HAVA
in time for the first 2008 federal election. (Order of 7/21/06, 3-5.)  Further delay will simply
deny Alabama voters the rights that HAVA seeks to grant them.

   3. <u>There Is No Prejudice to the Proposed Intervenor If His Motion Is Denied</u>.

  As noted in A. *supra*, the proposed intervenor has no interest in this matter separate and
apart from the interests of all Alabamians, and that interest is adequately represented by the
United States.  For that reason, there will be no prejudice to him if his motion is denied.  In the
unlikely event that the Special Master undertakes a course of action that would result in a
tangible, articulable harm to Mr. Turnham or others, he could seek intervention at that time.

  **E.** **Mr. Turnham's Rule 24(a) Motion for Intervention As Of Right Must Be
Denied.**

  Mr. Turnham must meet *all* of the four standards enumerated by Rule 24(a), or his
Motion to Intervene must be denied.  He has, instead, met none of them.  Accordingly, he should
not be allowed to intervene as of right.

**II.** **<u>THE PROPOSED INTERVENOR DOES NOT MEET THE STANDARD FOR
PERMISSIVE INTERVENTION.</u>**

  Rule 24(b) allows permissive intervention only when "an applicant's claim or defense
and the main action have a question of law or fact in common."  Rule 24(c) requires that an
intervenor's petition "shall state the grounds [for intervention] and shall be accompanied by a
pleading setting forth the claim or defense for which intervention is sought."  Fed. R. Civ. P.
24(c), *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003).  "'The
determination of whether the proposed intervenor's complaint states a cause of action is

controlled by the general rules on testing a pleading.'" *Baxter*, 345 F.3d at 881 (citing *Pin v. Texaco, Inc.*, 793 F.2d 1448, 1450 (5th Cir. 1986)).  In other words, the Motion to Intervene must state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  *Id.*, at 880.  Because, as noted above, Mr. Turnham has no private right of action under HAVA and has suffered no legally cognizable harm, he has no right of action and thence no claim upon which relief may be granted.

Furthermore, there is no common question of law or fact alleged in proposed intervenor's Motion to Intervene.  The only questions of law or fact at issue in this lawsuit are whether the State of Alabama has violated Section 303 of HAVA and, if so, what the appropriate remedy is.  As the proposed intervenor states:  "Movant does not . . . seek to oppose the Court's decision to appoint a Special Master or to re-litigate those matters."  (Mot. to Intervene, at  5.)  The questions of law and/or fact in proposed intervenor's Motion to Intervene all deal with whether there is a perception or suspicion of unfair elections because Republicans occupy certain state and Federal offices.  These matters are not at issue in this lawsuit.

## <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that Mr. Turnham's motion to intervene be denied.

Respectfully submitted this 1st day of August, 2006.

ALBERTO R. GONZALES
Attorney General

WAN J. KIM
Assistant Attorney General
Civil Rights Division

LEURA GARRETT CANARY
United States Attorney

R. RANDOLPH NEELY
Assistant United States Attorney

JOHN K. TANNER
Chief, Voting Section


By: s/ Donald L. Palmer
  ROBERT D. POPPER
  CHRISTY A. McCORMICK
  DONALD L. PALMER
  Attorneys
  Voting Section
  Civil Rights Division
  U.S. Department of Justice
  Room 7254-NWB
  950 Pennsylvania Ave., NW
  Washington, D.C. 20530
  (800) 253-3931 (telephone)
  (202) 307-3961 (facsimile)

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2006, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

Nancy L. Worley
Secretary of State of the State of Alabama
State Capitol, Room 5105
600 Dexter Avenue
Montgomery, Alabama 36101

State of Alabama
c/o Troy King
Attorney General for the State of Alabama
Winfield J. Sinclair
Margaret L. Fleming
Misty S. Fairbanks
Assistant Attorneys General
11 South Union Street
Montgomery, Alabama 36130

Algert S. Agricola, Jr.
Slaten & O'Connor, P.C.
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104

Michael W. Robinson, Esq.
Attorney for Department of Public Safety
Department of Public Safety, Legal Unit
Post Office Box 1511
Montgomery, Alabama 36102-1511

Dorman Walker, Esq.
Balch & Bingham
P.O. Box 78
2 Dexter Avenue
Montgomery, Alabama 36101-0078

T.A. Lawson, II, Esq.
Jeffrey M. Sewell, Esq.
Assistant County Attorneys
Jefferson County
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203

Frank Corley Ellis, Jr., Esq.
Wallace, Ellis, Fowler & Head
P.O. Box 587
Columbiana, Alabama 35051


Address of Counsel:                          s/ Donald L. Palmer
                                             Trial Attorney
Voting Section, Room 7254-NWB                U.S. Department of Justice
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(800) 253-3931 (telephone)
(202) 307-3961 (facsimile)
E-mail: Robert.Popper@usdoj.gov

EXHIBIT A



## STATE OF ALABAMA
## AGENCY-BASED VOTER REGISTRATION APPLICATION    (NVRA-1A)

IF YOU ARE NOT REGISTERED TO VOTE WHERE YOU LIVE NOW, WOULD YOU LIKE TO APPLY TO REGISTER TO VOTE HERE TODAY?

☐ I want to apply to register to vote today.

☐ I desire to change my address for voting purposes by use of this form.

☐ I do not want to apply to register to vote today.

IF YOU DO NOT CHECK ANY BOX, YOU WILL BE CONSIDERED TO HAVE DECIDED NOT TO REGISTER TO VOTE AT THIS TIME.

**Applying to register or declining to register to vote will not affect the amount of assistance that you will be provided by this agency.**

If you would like help in filling out the voter registration application form, we will help you. The decision whether to seek or accept help is yours. You may fill out the application in private.

Name_____Date_____Signature_____

*Please detach lower portion and give to applicant*

**EXHIBIT**

tabbies

C-2

IF YOU CHOOSE TO APPLY TO REGISTER TO VOTE, THE OFFICE WHERE YOU ARE SUBMITTING YOUR APPLICATION WILL REMAIN CONFIDENTIAL AND WILL BE USED FOR VOTER REGISTRATION PURPOSES ONLY.

IF YOU DECLINE TO REGISTER TO VOTE TODAY, YOUR DECLINATION WILL REMAIN CONFIDENTIAL AND WILL BE USED FOR VOTER REGISTRATION PURPOSES ONLY.

If you believe that someone has interfered with your right to register or to decline to register to vote or your right to privacy in deciding whether to register or in applying to register to vote, you may file a complaint with the Secretary of State at E-204 State Capitol, Montgomery, AL 36130 or by calling 334-242-7210 or 1-800-274-VOTE (1-800-274-8683).

# State of Alabama Postcard Voter Registration Form

*FOR USE BY U.S. CITIZENS ONLY ◆ FILL IN ALL BOXES ON THIS FORM ◆ USE INK ◆ DO NOT USE A PENCIL ◆ PRINT*

**You can use this form to:**
- ▶ Register to vote in Alabama.
- ▶ Update your voter registration record, if you have changed your name or address.

**Deadline for submitting application:**
Registration and updating of voter records cut off ten days prior to each election in Alabama.

**To register to vote in the State of Alabama, you must:**
- ▶ Be a citizen of the United States.
- ▶ Reside in Alabama.
- ▶ Be at least 18 years of age on or before election day.
- ▶ Not have been convicted of a disqualifying felony, or if you have been convicted, you must have had your civil rights restored.
- ▶ Not have been declared "mentally incompetent" by a court.

Are you a citizen of the United States of America? ☐ Yes ☐ No    Will you be 18 years of age on or before election day? ☐ Yes ☐ No
If you check "no" in response to either of these questions, do not complete this form.

① Print Your Name:  Last       First       Middle

**Driver's License Number:**
If you do not have a driver's license, then list the last four digits of your social security number.

② Print Maiden Name / Former Name (if reporting a change of name)

ID Requested: You may send with this application a copy of a current and valid photo identification, government check, paycheck, or other government document that shows your name and address. You will be required to present identification when you vote absentee or at your polling place.

③ Home Telephone ( )    ④ Work Telephone ( )    ⑤ Inside City Limits? ☐ Yes ☐ No  If yes, please name the city:    ⑥ County where you live

⑦ **Current Addresses**

| Address where you live: (Do not use post office box) | Print House Number and Street | City | State | ZIP |
| Address where you receive your mail: | Print House Number and Street (or PO Box) | City | State | ZIP |

**Old**
| Address where you were last registered to vote: (Do not use post office box) | Print House Number and Street | City | County | State | ZIP |

⑧ Date of Birth (month, day, year)    ⑪ Place of Birth  City    County    State    Country

⑨ **Race (check one)**
- ☐ White
- ☐ Black
- ☐ Asian
- ☐ American Indian
- ☐ Hispanic
- ☐ Other

⑩ **Sex (check one)**
- ☐ Female
- ☐ Male

⑫ **Map / Diagram**
If your house has no street number or name, please draw a map of where your house is located. Please include roads and landmarks.

⑬ **Did you receive assistance?**
If you are unable to sign your name, who helped you fill out this application? Give name, address, and phone number (phone number is optional).

**REGISTRARS USE ONLY**

County Pct _____

City Pct _____

DATE APPROVED _____

_____

Board member _____

Board member _____

Board member _____

**VOTER DECLARATION - READ AND SIGN**

- ▶ I am a U.S. citizen
- ▶ I live in the State of Alabama
- ▶ I will be at least 18 years of age on or before election day
- ▶ I am not barred from voting by reason of a disqualifying felony conviction
- ▶ I have not been judged "mentally incompetent" in a court of law

I SOLEMNLY SWEAR OR AFFIRM TO SUPPORT AND DEFEND THE CONSTITUTION OF THE UNITED STATES AND THE STATE OF ALABAMA AND FURTHER DISAVOW ANY BELIEF OR AFFILIATION WITH ANY GROUP WHICH ADVOCATES THE OVERTHROW OF THE GOVERNMENTS OF THE UNITED STATES OR THE STATE OF ALABAMA BY UNLAWFUL MEANS AND THAT THE INFORMATION CONTAINED HEREIN IS TRUE, SO HELP ME GOD.

Your Signature: _____    Date: _____

WARNING!  If you falsely sign this statement, you can be convicted and imprisoned for up to five years.

## Questions? Do you need assistance?

Please call your county Board of Registrars at the number listed on the back of this form.
You may also call the Elections Division of the Secretary of State's office at 334-242-7559.
**Secretary of State Nancy L. Worley**
**1-800-274-VOTE (1-800-274-8683) or 334-242-7210**



# State of Alabama <u>Agency-Based</u> Voter Registration Form

*FOR USE BY U.S. CITIZENS ONLY* ◆ *FILL IN ALL BOXES ON THIS FORM* ◆ *USE INK* ◆ *DO NOT USE A PENCIL* ◆ *PRINT*

**To register to vote in the State of Alabama, you must:**
▶ Be a citizen of the United States.
▶ Reside in Alabama.
▶ Be at least 18 years old on or before election day.
▶ Not have been convicted of a disqualifying felony, or if you have been convicted, you must have had your civil rights restored.
▶ Not have been declared "mentally incompetent" by a court.

| FOR USE BY AGENCY OFFICIAL ONLY |
|---|
| Check one (1) box: |
| ☐ Registrars |
| ☐ Motor Voter       Signature of Agency Representative |
| ☐ State Designated Agency |
| ☐ Agency-Based |
| ☐ Disabilities Services Office    Business Phone of Agency Representative |

Are you a citizen of the United States of America? ☐ Yes ☐ No    Will you be 18 years of age on or before election day? ☐ Yes ☐ No
If you check "no" in response to either of these questions, do not complete this form.

| ① Print Your Name:   Last      First      Middle | **Driver's License Number:** |
|---|---|
| | If you do not have a driver's license, then list the last four digits of your social security number. |
| ② Print Maiden Name / Former Name (if reporting a change of name) | ID Requested: You may send with this application a copy of a current and valid photo identification, government check, paycheck, or other government document that shows your name and address. You will be required to present identification when you vote absentee or at your polling place. |

| ③ Home Telephone | ④ Work Telephone | ⑤ Inside City Limits? If yes, please name the city: | ⑥ County where you live |
|---|---|---|---|
| (   ) | (   ) | ☐ Yes   ☐ No | |

| ⑦ Addresses Current | Address where you live: (Do not use post office box) | Print House Number and Street | City | | State | ZIP |
|---|---|---|---|---|---|---|
| | Address where you receive your mail: | Print House Number and Street (or PO Box) | City | | State | ZIP |
| Old | Address where you were last registered to vote: (Do not use post office box) | Print House Number and Street | City | County | State | ZIP |

| ⑧ Date of Birth (month, day, year) | ⑪ Place of Birth   City    County    State    Country |
|---|---|

| ⑨ Race (check one) | ⑫ Map / Diagram | ⑬ Did you receive assistance? |
|---|---|---|
| ☐ White   ☐ Black | If your house has no street number or name, please draw a map of where your house is located. Please include roads and landmarks. | If you are unable to sign your name, who helped you fill out this application? Give name, address, and phone number (phone number is optional). |
| ☐ Asian   ☐ American Indian | | |
| ☐ Hispanic   ☐ Other | | |

| ⑩ Sex (check one) |
|---|
| ☐ Female   ☐ Male |

**REGISTRARS USE ONLY**

County Pct _____

City Pct _____

DATE APPROVED _____

Board member _____

Board member _____

Board member _____

**Questions? Do you need assistance?**

### VOTER DECLARATION – READ AND SIGN

▶ I am a U.S. citizen
▶ I live in the State of Alabama
▶ I will be at least 18 years of age on or before election day
▶ I am not barred from voting by reason of a disqualifying felony conviction
▶ I have not been judged "mentally incompetent" in a court of law

I SOLEMNLY SWEAR OR AFFIRM TO SUPPORT AND DEFEND THE CONSTITUTION OF THE UNITED STATES AND THE STATE OF ALABAMA AND FURTHER DISAVOW ANY BELIEF OR AFFILIATION WITH ANY GROUP WHICH ADVOCATES THE OVERTHROW OF THE GOVERNMENTS OF THE UNITED STATES OR THE STATE OF ALABAMA BY UNLAWFUL MEANS AND THAT THE INFORMATION CONTAINED HEREIN IS TRUE, SO HELP ME GOD.

Your Signature: _____    Date: _____

**WARNING!**   If you falsely sign this statement, you can be convicted and imprisoned for up to five years.

Please call your county Board of Registrars
You may also call the Elections Division of the Secretary of State's office at 334-242-7559
Secretary of State Nancy L. Worley 1-800-274-VOTE (1-800-274-8683) or 334-242-7210

EXHIBIT A

# VOTER'S UPDATE FORM (NVRA-20)    FOR USE BY REGISTERED VOTERS ONLY

*FOR VOTER'S USE ONLY ♦ FILL IN ALL BOXES ON THIS FORM ♦ USE INK!*

① Your name:   Last          First          Middle          Maiden

Social Security Number: ☐☐☐ - ☐☐ - ☐☐☐☐

*Social Security Number is requested, but not required, by authority of §17-4-122, Code of Alabama, 1975, for record-keeping purposes.*

② Home Telephone    ③ Work Telephone    ④ Inside City Limits?   If yes, please name the city:    ⑤ County where you live
                                          ☐ Yes   ☐ No

| Addresses | | House Number and Street | City | State | ZIP |
|---|---|---|---|---|---|
| Current | Address where you live:<br>(do not use post office box) | | | | |
| | Address where you<br>receive your mail: | House Number and Street (or PO Box) | City | State | ZIP |
| Old | Address where you were<br>last registered to vote:<br>(do not use post office box) | House Number and Street | City | County | State | ZIP |

⑦ Date of Birth (month, day, year)

⑥ Place of Birth   City   County   State   Country

## VOTER DECLARATION - READ AND SIGN

▲ I am a U.S. citizen
▲ I live in the State of Alabama at the address in box 6.
▲ I am at least 18 years old
▲ I am not barred from voting by reason of a felony conviction
▲ I have not been judged "mentally incompetent" in a court of law

I SOLEMNLY SWEAR OR AFFIRM TO SUPPORT AND DEFEND THE CONSTITUTION OF THE UNITED STATES AND THE STATE OF ALABAMA AND FURTHER DISAVOW ANY BELIEF OR AFFILIATION WITH ANY GROUP WHICH ADVOCATES THE OVERTHROW OF THE GOVERNMENTS OF THE UNITED STATES OR THE STATE OF ALABAMA BY UNLAWFUL MEANS AND THAT THE INFORMATION CONTAINED HEREIN IS TRUE, SO HELP ME GOD.

Your Signature: _____    Date: _____

⑧ Race (check one)
☐ White   ☐ Black
☐ Asian   ☐ American Indian
☐ Hispanic   ☐ Other

⑨ Sex (check one)
☐ Female   ☐ Male

**WARNING!**
If you sign this statement even though you know it is untrue, you can be convicted and imprisoned for up to five years.

A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,           )
                                )
      v.                         )  Civil Action No.
                                )
STATE OF ALABAMA, and            )  2:06-cv-0392-WKW-SRW
NANCY L. WORLEY, Secretary of State;  )
in her official capacity,        )
                                )
            Defendants.          )
_____ )

### **ORDER**

Upon consideration of the Motion to Intervene of Joe Turnham in his Individual Capacity and as Chair of the State Democratic Executive Committee of Alabama and the responses thereto, it is hereby ORDERED that the Motion is DENIED IN ITS ENTIRETY.

DONE this _____ day of _____, 2006

_____
Hon. W. Keith Watkins
UNITED STATES DISTRICT JUDGE