IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE STATE OF ALABAMA and )<br>NANCY L. WORLEY, Secretary of )<br>State, in her official capacity, )<br>)<br>Defendants. ) | CASE NO. 2:06-cv-392-WKW |

### JUDGE PATRICIA FUHRMEISTER'S RESPONSE
### TO JOE TURNHAM'S MOTION TO INTERVENE

Comes now Shelby County Judge of Probate Patricia Fuhrmeister and in compliance with the Court's order of July 28, 2006, *doc. no. 45*, makes this response to Joe Turnham's motion to intervene, *doc. no. 42*:

1. Mr. Turnham does not meet the criteria for intervention under either Rule 24(a)(2)[1] or Rule 24(b); consequently the motion should be denied.

2. Mr. Turnham seeks to intervene personally or alternatively as the Chair of the State Democratic Executive Committee ("SDEC").[2] In support of his motion, he claims "an interest relating to fair and adequate voter registration procedures and in ensuring that voters have confidence in Alabama's electoral systems, including the development of a single statewide computerized voter registration database." *Doc. no. 42 at 1*. He does not indicate whether this is his interest individually, or "officially" as the Chair of the SDEC. Either way, he claims an

---

[1] In terms of claiming a right to intervene, Mr. Turnham apparently seeks intervention under Rule 24(a)(2). He makes no claim to a statutory right to intervene under Rule 24(a)(1).

[2] Mr. Turnham has not provided a resolution or other indication that his motion to intervene is authorized by the SDEC.

170399.1

insufficient interest to allow intervention under Rule 24(a)(2) or Rule 24(b). All Alabama voters and political parties have an interest in the prompt and effective implementation of HAVA's voter-list requirement. What Mr. Turnham has failed to show is how this interest will be impaired or impeded if he is not made a party, or why the Court should use its discretion to make him a party. For example, if there were a field that the Democratic Party wanted included in the computer file, or some other technical detail of how the voter list is to be compiled or reported, which is uniquely Mr. Turnham's or the Democratic Party's interest, then Mr. Turnham has failed to identify it, and failed to carry his burden of showing that this interest would be impaired without his participation as a party.

3. What Mr. Turnham has done is claim without any evidentiary basis that Governor Bob Riley, were he appointed Special Master, would not be an honest broker, and that his own participation in this lawsuit as a party is necessary to save the electorate from "the suspicion or reality that the development of the system is being hijacked and used to further partisan political agendas [sic]." *Doc. no. 42 at 4*. Mr. Turnham also claims that Governor Riley should not be appointed as the Special Master because he is facing a contested election, *doc. no. 42 at 3*, and that if the Secretary of State (who also is facing a contested election) will not be in charge of Alabama's efforts to comply with HAVA, then that responsibility should be overseen by someone with substantial expertise in elections and with no party affiliation (should such a unicorn exist). *Doc. no. 42 at 2-3 and 5*. In short, while Mr. Turnham was not alarmed by having a Democrat, Secretary of State Worley, oversee HAVA compliance, he has discovered that public confidence in the electoral process will plummet if a Republican, who as the Governor represents all the people of Alabama, is in charge of the administrative task of bringing

the State into HAVA compliance. He seems unaware that Secretary of State Worley supports the appointment of Governor Riley as the Special Master.[3] *See, e.g., doc. no. 51 at 2.*

4.   In summary, not only has Mr. Turnham failed to meet the requirements of Rule 24, he has injected partisan politics into a proceeding that heretofore had been remarkable for the extent to which state and local officials from both parties were working together without finger-pointing to bring the State into HAVA compliance. Thus, admitting Mr. Turnham as a party to this lawsuit, even under the permissive standard of Rule 24(b), would do nothing to assist the State in meeting the Court's deadline, but instead risks turning this case into a political battlefield, to no good purpose.[4] Mr. Turnham's claimed interest in creating a statewide voter registration database that all citizens may have confidence in, *doc. no. 42 at 1*, is best served by not allowing this to happen, and therefore his motion to intervene should be denied.

Respectfully submitted on August 1, 2006.

s/Frank C. Ellis, Jr.

Wallace, Ellis, Fowler & Head
Post Office Box 587
Columbiana, AL 35051
205/669-6783
205/669-4832 (fax)

---

[3] Alternatively, perhaps this explains why Mr. Turnham alleges that the Secretary of State is more or less being held hostage by the Attorney General and is "not at liberty to express her own positions." *Doc. no. 42 at 2.* Not only is this assertion ridiculous, it also is contrary to the evidence. At the hearing on July 20, 2006, the Secretary of State in fact took a position against the advice of her counsel, the Attorney General. *Doc. no. 38 at 3, n. 4.*

[4] In addition, one must assume that if the SDEC is allowed to intervene, the Republican, Libertarian, and other political parties will ask to intervene too.

                                      s/Dorman Walker

Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
334/269-3138
866/736-3854 (fax)
dwalker@balch.com

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served by United States Mail, properly addressed and postage prepaid to the following:

R. Randolph Neeley
U.S. Attorney's Office
Post Office Box 197
Montgomery, AL 36101-0197

Margaret L. Fleming
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152

Michael W. Robinson
Alabama Department of Public Safety
Legal Unit
Post Office Box 1511
Montgomery, AL 36102-1511

Al Agricola, Jr.
Slaten & O'Connor, PC
Post Office Box 1110
Montgomery, AL 36101-1110

Edward Still
Edward Still Law Firm & Mediation Center
2112 11th Avenue South
Suite 201
Birmingham, AL 35205

This the 1st day of August, 2006.

                                              s/Dorman Walker
                                              Of Counsel