IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                              )<br>      Plaintiff,                              )<br>                                                              )<br>v.                                                        )<br>                                                              )<br>STATE OF ALABAMA, and              )<br>NANCY L. WORLEY,                        )<br>Alabama Secretary of State,              )<br>in her official capacity,                     )<br>                                                              )<br>      Defendants.                           ) | Civil Action Number<br><br>2:06-CV-00392-WKW-SRW |

<u>DEFENDANTS' RESPONSE TO COURT'S ORDER (Doc. 45) TO FILE
A RESPONSE TO JOE TURNHAM'S MOTION TO INTERVENE (Doc. 42)</u>

Come now Defendants State of Alabama and Nancy L. Worley, in her official capacity as Alabama Secretary of State, by and through Troy King, Attorney General for the State of Alabama, and, in accordance with this Honorable Court's July 28, 2006 Order (Doc. 45), submit that, for the reasons set out below, Joe Turnham should be heard as an individual voter, but he should not permitted to intervene in the case at bar.[1]

On July 27, 2006, Joe Turnham, "in his individual capacity as an Alabama voter and in his official capacity as Chair of the State Democratic Executive

---

[1] While this pleading represents the position of the State of Alabama and the position of the Office of the Secretary of State, the Secretary of State has sent a letter to the Attorney General explaining her personal position on Movant Turnham's motion to intervene. This letter is attached as Exhibit A.

Committee of Alabama," (Doc. 42 at 1), moved to intervene in this litigation for the express purpose of "tak[ing] a position and . . . be[ing] heard regarding the appointment of a Special Master . . . " (Doc. 42 at 5). The Defendants do not object to Movant Turnham being heard, though they do not believe that he meets the legal requirements for intervention pursuant to Fed. R. Civ. P. 24.

As to being heard, the Defendants have attempted at every point in this litigation to make the process as open as possible because the issues being litigated are matters of great public interest. The Defendants and their counsel have sought to inform a wide variety of public officials, regardless of their political affiliations, of the pendency and the details of this litigation. *See, e.g.,* Doc. 22, Submission of HAVA Plan, Analysis, and Argument, at Exhibit 3 (June 12, 2006 facsimile communication to, among others, all of Alabama's registrars, the HAVA Committee, and all of the probate judges); *Id.* at Exhibit 2 (June 23, 2006 facsimile communication to, among others, all of Alabama's registrars and the HAVA Committee).

Moreover, the Defendants and their counsel have sought input from these public officials, again without respect to their political affiliation. *See e.g.,* Doc. 20 at 2, Motion for Leave to Comment ("The State Defendants do not object to this Court granting the motion of the Alabama Probate Judges Association for leave to comment . . . ."); Doc. 22 at Exhibit 2, *supra*; Doc. 22 at Exhibit 1-G (feedback

from various officials on the Secretary's draft plan); Doc. 32 at 12, Motion for Leave to participate as Amicus Curiae ("The office of the Attorney General has no objection to participation by Judge Fuhrmeister as amicus . . . ."); Doc. 35, Defendant's First Evidentiary Submission, at Exhibit 3 (July 6, 2006 facsimile communication to all of the probate judges seeking feedback on the feasibility of using ALVIN in November).

In this same spirit, the Defendants do not oppose Movant Turnham being heard, recognizing, of course, that the Court might have to impose some limits should others wish to be heard in their capacity as "voters." As to Movant Turnham's official capacity as Chair of the Democratic Party, the State fails to see how this provides him any greater right or reason to be heard on the non-political issue of who the Court should appoint to be its Special Master.

As to intervention, Movant Turnham relies on Fed. R. Civ. P. 24 as grounds for his motion (Doc. 42 at 1).[2] In part, Rule 24(c) says: "The motion [for

---

[2]  In its entirety, Rule 24 provides:

   (a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

   (b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a

intervention] shall state the grounds therefor and shall be accompanied by a pleading setting forth the *claim or defense* for which intervention is sought." Fed. R. Civ. P. 24(c) (emphasis added). For its part, Rule 24(b) allows permissive intervention "when an applicant's *claim or defense* and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b) (emphasis added).

---

conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(c) **Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene. When the constitutionality of an act of Congress affecting the public interest is drawn in question in any action in which the United States or an officer, agency, or employee thereof is not a party, the court shall notify the Attorney General of the United States as provided in Title 28, U.S.C. § 2403. When the constitutionality of any statute of a State affecting the public interest is drawn in question in any action in which that State or any agency, officer, or employee thereof is not a party, the court shall notify the attorney general of the State as provided in Title 28, U.S.C. § 2403. A party challenging the constitutionality of legislation should call the attention of the court to its consequential duty, but failure to do so is not a waiver of any constitutional right otherwise timely asserted.

Fed. R. Civ. P. 24.

Here, the intervenor is focused not on a claim or defense but on the specific details of the remedy—whom he wants the Special Master to be.[3]

Rule 24(a), intervention as of right, does not speak of claims or defenses. In pertinent part, it allows intervention "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

To read this provision in a manner that allows Movant Turnham a right of intervention is to read it in a way that allows every Alabamian, and maybe every American, to have a right of intervention in this case (or, for that matter, in any case in which a citizen claims that partisan politics somehow adversely affects his ability to vote). The only legal impediment to a flood of motions to intervene in this case would be the fact that any further motions would soon be untimely.

---

[3] The intervenor's motion is untimely to challenge the court's decision to appoint a Special Master, and so the intervenor seeks only to offer advice on who that Special Master should be:

> Movant does not, for instance, seek to oppose the Court's decision to appoint a Special Master or to re-litigate those matters. (Although, had Movant Turnham been made aware of these issues earlier, he might well have done so.) Rather, Movant Turnham seeks only to take a position and to be heard regarding the appointment of a Special Master in this action.

(Doc. 42 at 5).

Fortunately, the law does not require that the provision be so read. "Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." *Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002); *see also Athens Lumber Co., Inc. v. Federal Election Com'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) ("Intervention of right must be supported by direct, substantial, legally protectible interest in the proceeding.") (internal citation and quotation marks omitted).

The Eleventh Circuit "has held that a legally protectable interest is something more than an economic interest. What is required is that the interest be one which the substantive law recognizes as belonging to or being owned by the applicant. Thus, a legally protectable interest is an interest that derives from a legal right." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (internal citations, quotation marks, and footnote omitted).

The Eleventh Circuit has also explained that "[i]n essence, the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding." *Athens Lumber Co.*, 690 F.2d at 1366 (11th Cir. 1982) (internal citations omitted). "[A]n intervenor's interest must be a particularized interest rather than a general grievance." *Chiles v. Thornburgh*, 865 F.2d 1197, 1212 (11th Cir. 1989) (footnote omitted).

Here, Movant Turnham has no such interest.[4]  Indeed, his asserted interest is specious.  In the only political document filed in this case, Movant Turnham contends that he "is entitled to intervene as of right under Rule 24(a) to protect the interest of those voters, who, like him, desire that the voter registration system . . . not be undermined by the suspicion or reality that the development of the system is being hijacked and used to further partisan political agendas" (Doc. 42 at 4).

Movant Turnham's contentions are illogical and lack a legal or factual basis.  First, the appointment of the Governor as the Special Master does not logically

---

[4]   The State argues that Movant Turnham lacks the particularized, legally protectable interest necessary to support intervention under Rule 24(a).  This is not a standing argument, and the State recognizes that the Eleventh Circuit has held that an intervenor need not have standing. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).  The Court has explained this complex, fuzzy line as follows:

> The Supreme Court has held that an interest under Rule 24(a)(2) means a significantly protectable interest, but it has never articulated the precise relationship between that interest and the Article III standing requirements.  Indeed the lower courts have rendered anomalous decisions on this issue.
>
> The reason for this confusion stems from the fact that standing concerns the subject matter jurisdiction of the court. The standing doctrine ensures that a justiciable case and controversy exists between the parties. Intervention under Rule 24 presumes that there is a justiciable case into which an individual wants to intervene. The focus therefore of a Rule 24 inquiry is whether the intervenor has a legally protectable interest in the litigation. It is in this context that the standing cases are relevant, for an intervenor's interest must be a particularized interest rather than a general grievance. We therefore hold that a party seeking to intervene need not demonstrate that he has standing in addition to meeting the requirements of Rule 24 as long as there exists a justiciable case and controversy between the parties already in the lawsuit. The standing cases, however, are relevant to help define the type of interest that the intervenor must assert.

*Id.* at 1212-13 (internal citations, quotation marks, and footnotes omitted).

equate with the Republican Party "controlling" the statewide voter registration system. Such a suggestion ignores the fact that the law assumes that the Governor will faithfully discharge his duties, just as the law assumes Secretary of State Worley will discharge her duties in the same non-partisan fashion. Second, the State finds it hard to understand how alleged "Republican control" of a statewide, computerized voter registration system designed to remove ineligible voters from the rolls would disadvantage the Democratic Party. Such an unsupported allegation is irresponsible.

Moreover, the State is unaware of any like concerns by *any* party when the voter registration system was the responsibility of an elected official who happened to be Democrat. The States notes, too, that the burden of implementing a statewide voter registration system belongs to the Office, not to the party. Should the Democratic challenger to the incumbent Governor unseat him, responsibility for implementing the statewide voter registration system would fall on her, thereby vesting in a State official who happens to be a Democrat.

Similarly the State notes that while the intervenor suggests there has been collusion, or potential collusion, between the people's representatives,[5] Movant Turnham provides no proof whatsoever that such collusion exists. Conclusory

---

[5] The Governor, the Secretary of State, and the Attorney General are State officials responsible for serving and representing all Alabamians, not just those of the same political affiliation. They are the people's representatives, and not the representatives of their parties.

allegations of fact are, and should be, disfavored in the law. *See Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984). In fact, the Attorney General, who happens to be a Republican, has taken great pains to represent the Secretary of State, who happens to be a Democrat. The record in this case bears that out.

For the forgoing reasons, the State objects to Movant Turnham being allowed to intervene, as he has failed to meet the legal requirements for intervention. While the State regrets the fact that Movant Turnham has chosen to inject politics into this litigation, the State does not object to his being heard as an individual voter.

    Respectfully submitted,

    TROY KING
    ATTORNEY GENERAL
    BY:

    s/Winfield J. Sinclair

    Winfield J. Sinclair
    Assistant Attorney General
    Attorney No. ASB-1750-S81W

    s/ Misty S. Fairbanks

    Misty S. Fairbanks
    Assistant Attorney General
    Attorney No. ASB-1813-T71F

    Attorneys for Defendants

CERTIFICATE OF SERVICE

This is to certify that on the 1st day of August, 2006, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

>Michael W. Robinson, Esq.
>Alabama Dept. of Public Safety
>Legal Unit
>P.O. Box 1511
>Montgomery, Alabama 36102-1511
>
>Christy A. McCormick, Esq.
>United States Department of Justice
>1800 G Street, Room 7246
>Washington, D.C. 20006
>
>Robert D. Popper, Esq.
>United States Department of Justice
>1800 G Street, Room 7270
>Washington, D.C. 20006
>
>Donald Palmer, Esq.
>Civil Rights Division
>Voting Section
>United States Department of Justice
>950 Pennsylvania Avenue, N.W.
>Room No. 7149
>Washington, D.C. 20006
>
>R. Randolph Neeley, Esq.
>United States Attorney's Office
>P.O. Box 197
>Montgomery, Alabama 36101-0197

Algert Swanson Agricola, Jr., Esq.
Slaten & O'Connor, P.C.
P.O. Box 1110
Montgomery, Alabama 36101-1110

G.R. Trawick, Esq.
Slaten & O'Connor, P.C.
P.O. Box 1110
Montgomery, Alabama 36101-1110

Dorman Walker, Esq.
Balch & Bingham
P.O. Box 78
2 Dexter Avenue
Montgomery, Alabama 36101-0078

Frank Corley Ellis, Jr., Esq.
Wallace, Ellis, Fowler & Head
P.O. Box 587
Columbiana, Alabama 35051

Edward Still, Esq.
2112 11th Avenue South, Suite 201
Birmingham, Alabama 35205-2844

James H. Anderson, Esq.
Beers, Anderson, Jackson, Patty & VanHeest, P.C.
P.O. Box 1988
Montgomery, Alabama 36102

Shannon Holliday, Esq.
Copeland, Franco, Screws & Gill, PA
P.O. Box 347
Montgomery, Alabama 36101-0347

And by first class mail, postage prepaid, to the following:

> Wan J. Kim, Esq.
> Voting Section
> United States Department of Justice
> Civil Rights Division
> Room 7254-NWB
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C. 20530
>
> John K. Tanner, Esq.
> United States Department of Justice
> Chief, Voting Section
> Civil Rights Division
> Room 7254-NWB
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C. 20530


> s/Winfield J. Sinclair
>
> Winfield J. Sinclair
> Assistant Attorney General

Address of Counsel:

Office of the Attorney General
11 South Union
Montgomery, Alabama 36130
TEL: 334-242-7300
FAX: 334-353-8440
E-mail: wsinclair@ago.state.al.us