IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>STATE OF ALABAMA, and  )<br>NANCY L. WORLEY,  )<br>Alabama Secretary of State,  )<br>in her official capacity,  )<br>)<br>Defendants.  ) | Civil Action Number<br><br>2:06-CV-00392-WKW-SRW |

DEFENDANTS' MOTION TO CLARIFY
MEMORANDUM OPINION AND ORDER (Doc. 64)

Come now Defendants State of Alabama and Nancy L. Worley, in her official capacity as Alabama Secretary of State, by and through Troy King, Attorney General for the State of Alabama, and, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, hereby respectfully move this Honorable Court to clarify its August 8, 2006 Memorandum Opinion and Order (Document 64) (hereinafter "Order") as set out in detail below.

**Communications with Counsel**

The Order provides:

The Special Master shall have authority to communicate directly with agencies of the State of Alabama and its counties and

>political subdivisions other than the Alabama Office of the Attorney general subject to no prohibition on *ex parte* contacts. The Special Master shall not conduct *ex parte* contacts with counsel representing either party to this action, but shall have the authority to conduct consultative proceedings, independent of the Court, at which counsel for both parties are present, as he deems necessary. Such consultative proceedings may, at the direction of the Special Master, be conducted on the record and be taken down stenographically or in any other manner authorized by Fed. R. Civ. P. 30(b)(2). The Special Master is authorized to conduct such proceedings by telephone, videoconference, or other remote means, and the term "present" shall be construed to include being connected by telephone, videoconference, or other such remote means as the Special Master may deem proper.

(Order at 13, ¶ 9).

The Governor has been appointed Special Master for the purpose of developing and implementing Alabama's HAVA-compliant voter registration system. The Attorney General is the State's chief legal officer, and as such he represents the State and the Secretary of State, in her official capacity, in this litigation. The various responsibilities of the Governor and the Attorney General extend far beyond those just enumerated, including a myriad of non-HAVA matters. The Governor and the Attorney General, either directly or through their staffs, must necessarily communicate on a frequent basis about a variety of legal, administrative, and legislative matters. Accordingly, unless this Honorable Court advises them otherwise, the Defendants read the Order to prohibit only those conversations that concern the Governor's responsibilities as Special Master.

Additionally, the Defendants consider the prohibition on "*ex parte* contacts with counsel representing either party to this action" to *not* include: the Governor's legal staff (currently Ken Wallis and Scott Rouse), the Secretary of State's legal counsel (currently Adam Bourne and Hope Ayers), and other Assistant Attorneys General who are deployed to various agencies (for example, Michael Robinson at the Department of Public Safety). These counsel do not represent any party in the litigation, and in some cases are actually clients, and can be very helpful to the Special Master in the performance of his duties, should he choose to call on them. Therefore, if the intent of this Honorable Court was to limit such contacts, the Defendants request clarification of the Order in this regard.

**HAVA Funds**

In pertinent part, the Order states:

> All funds appropriated by the United States Congress under the Help America Vote Act of 2002 and that are dedicated to the development and implementation of the voter registration list delineated in Paragraph 1 of this Order, together with all interest income earned thereon, shall be at the disposal of the Special Master for implementation of this Order. The Special Master shall be responsible for compliance with the requirements of Section 902 of the Help America Vote Act of 2002, 42 U.S.C. § 15542, and may requisition such staff as necessary from agencies of the State of Alabama to aid him in compliance with such requirements. The State of Alabama shall be responsible for paying all staff fees and expenses. No funds appropriated by the United States Congress in accordance with the Help America Vote Act of 2002 may be utilized in any way

toward the compensation of the Special Master's staff without the express approval of this Court.

(Order at 12, ¶ 7). Defendants raise two separate concerns with respect to the HAVA funds.

First, as to fees, expenses, and compensation, the United States' proposed order provided that: "The State of Alabama shall be responsible for paying all fees and expenses associated with the implementation of this Order. No funds appropriated by the United States Congress in accordance with the Help America Vote Act of 2002 may be utilized in any way toward the compensation of the Special Master and his staff" (Doc. 40-2 at 5, ¶ 13). Noting that the Plaintiff had cited no legal authority for that position, the Defendants responded: "Absent such legal authority, the Defendants submit that this proposed provision constitutes the improper imposition of punitive damages on the State of Alabama in contravention of the Eleventh Amendment. It also goes beyond the relief sought by the Plaintiff in the complaint, and thus the court is without jurisdiction to include such language in its injunctive relief" (Doc. 51 at 7).[1]

---

[1] The Defendants also note that HAVA does not appear to authorize the imposition of punitive damages for failure to comply with HAVA. The enforcement mechanism in HAVA provides:

> The Attorney General [of the United States] may bring a civil action against any State or jurisdiction in an appropriate United States District Court for such declaratory and injunctive relief (including a temporary restraining order, a permanent or temporary injunction, or other order) as may be necessary to carry

The Court's Order substantially adopts the United States' position, but adds a judicial pre-approval mechanism.  The Order states that "[n]o funds appropriated by the United States Congress in accordance with the Help America Vote Act of 2002 may be utilized in any way toward the compensation of the Special Master's staff *without the express approval of this Court*"  (Order at 12, ¶ 7) (emphasis added).   The Defendants cannot determine from the strict language of Order whether the Court pre-approval mechanism is intended for simple fiscal oversight purposes, or whether this Honorable Court intends that HAVA Voter Registration Fund monies not be used to pay for otherwise permissible HAVA activities as a punitive measure for Alabama's failure to implement HAVA by the statutory deadline.  Out of an abundance of caution, the Defendants seek clarification of this issue now, lest it be argued in the future that the entry of the Order (rather than the declination to authorize a particular requested expenditure) triggered the appeal time.

Second, the portion of the Order stating that the Special Master "may requisition such staff as necessary from agencies of the State of Alabama to aid him in compliance with such requirements" also prompts concerns   (Order at 12, ¶ 7). Read broadly, the Order would authorize the Special Master to requisition,

---

    out the uniform and nondiscriminatory election technology and administration requirements under sections 15481, 15482, and 15483 of this title.

42 U.S.C.A. § 15511.

for example, the entire Elections Division of the Secretary of State's Office or the Information Services Division, without consideration for the other important State functions for which they are responsible and without provision for their replacement and the other duties of the "lending" office.

While an employee can generally accept a different job within government without approval of his supervisor, any requisition by the Special Master would be temporary and could leave the lending office without sufficient resources to perform its statutory duty. Therefore, any requisition of more than one or two staff members from a constitutional officer other than the Governor (who, in this case, is the Special Master), should be specifically sought from the Court if the Special Master and the constitutional officer cannot agree.

If the Special Master is unable to requisition a sufficient number of State employees or otherwise needs to acquire outside expertise, then he should be permitted to hire appropriate staff, and those staff should be paid with HAVA funds, if the law permits.[2]

---

[2] In making these arguments, the Defendants have no knowledge of what the staffing needs of the Special Master will be or what staffing plans he has, beyond those stated in open court on August 2, 2006. Further the Defendants take no position on what staff may be needed. The Defendants' concern is entirely that the State not be financially penalized and that other State offices not be unreasonably deprived of the resources necessary to perform their functions.

**<u>Scope of Injunction</u>**

The Order states: "The injunction entered on May [30], 2006, in open court and memorialized in the June 7, 2006 Order shall remain in full force and effect as against any state agency, department, employee or other agent, and all persons acting in concert with them, with respect to HAVA compliance."  (Order at 14 ¶ 12).

The previously entered injunction was primarily focused on the need to develop a plan for coming into HAVA compliance, which plan has now been submitted to this Court and approved with certain modification, *e.g.,* the timeline. Moreover, necessarily, the previously entered injunction contemplated that the State would continue in its efforts to come into full HAVA compliance through its Secretary of State; the Court has now appointed a Special Master to undertake these responsibilities.

In light of these developments, the Defendants understand the Order to enjoin "any state agency, department, employee or other agent, and all persons acting in concert with them" to fully cooperate with the Special Master and to refrain from interfering with the Special Master's implementation of the voter registration system.  If the Defendants misinterpret this Honorable Court's intention, they respectfully request that the Court clarify what additional injunctive relief it has ordered the Defendants to undertake.

**Input from the Secretary of State**

In the Defendants' Response to the Court's Order (*see* Doc. 41), the Defendants stated:

> The Secretary remains the State's chief elections official responsible for all other election duties, including other HAVA duties, *see* Ala. Code § 17-1-8(a). Accordingly, the Special Master should coordinate with the Secretary and her staff, including periodic meetings, updates, and briefings, when appropriate.
>
> Additionally, because the Secretary's plan assumed her participation in the selection of the vendor and the development and implementation of the voter registration system, the plan did not specifically provide for her input. Now that a Special Master is being appointed, the Secretary should be allowed to offer advisory input into the Special Master.

(Doc. 41 at 7).

In their proposed order, the Defendants suggested the following language:

> The Secretary of State remains the State's chief elections official responsible for all election duties not herein designated to the Special Master; this specifically includes other HAVA duties. Recognizing this fact and that the fact that the voter registration system will revert to the custody and control of the Office of the Secretary of State once the Special Master has been discharged by this Court, the Special Master shall coordinate with the Secretary and her staff, including periodic meetings, updates, and briefings, when appropriate, and shall allow the Secretary an opportunity to offer advisory input concerning the selection of a vendor.

(Doc. 41 at Exhibit A at 6).

At the August 2, 2006 hearing, upon the request of the Defendants, this Honorable Court indicated that it would make provision for input by the Secretary

of State (*see* August 2, 2006 Hearing transcript at 37) ("I think I'll make some provision for her input period. She's the chief election officer of the State of Alabama."). As far as the Defendants are able to ascertain, the Order makes no provision for input from the Secretary of State into the development and implementation of the HAVA voter registration system by the Special Master. Defendants submit that the Secretary should be permitted input into the development of the voter registration system, and request modification of the Order to so provide.

**Public Access to Special Master Reports**

While the Order makes provision for the public filing of the Special Master reports (Order at 13, ¶ 11), the Defendants continue to encourage the Court to require that the reports not simply be public documents, but also be easily accessible to the public at large. The Defendants have previously submitted:

> The appointment of a Special Master, even when he is a State official, has implications that impact upon State sovereignty and the State's statutory framework. It also raises various State and Federal constitutional concerns. Therefore, to minimize these and to address any public concerns about the conduct of State business outside of the ordinary statutory framework, the Defendants suggest that the Special Master file monthly progress reports with the Court and make these reports accessible to the general public, *e.g.*, on the Governor's official website.

(Doc. 41 at 16). The Defendants request modification of the Order consistent with these comments to help ensure maximum access to the Special Master reports by the general public.

        Respectfully submitted,

        TROY KING
        ATTORNEY GENERAL
        BY:

        s/Winfield J. Sinclair

        Winfield J. Sinclair
        Assistant Attorney General
        Attorney No. ASB-1750-S81W

        s/ Misty S. Fairbanks

        Misty S. Fairbanks
        Assistant Attorney General
        Attorney No. ASB-1813-T71F

        Attorneys for Defendants

CERTIFICATE OF SERVICE

This is to certify that on the 21st day of August, 2006, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

> Robert D. Popper, Esq.
> United States Department of Justice
> 1800 G Street, Room 7270
> Washington, D.C. 20006
>
> Christy A. McCormick, Esq.
> United States Department of Justice
> 1800 G Street, Room 7246
> Washington, D.C. 20006
>
> Donald Palmer, Esq.
> Voting Section
> Civil Rights Division
> United States Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Room No. 7149
> Washington, D.C. 20006
>
> R. Randolph Neeley, Esq.
> United States Attorney's Office
> Post Office Box 197
> Montgomery, Alabama 36101-0197
>
> Michael W. Robinson, Esq.
> Alabama Dept. of Public Safety
> Legal Unit
> Post Office Box 1511
> Montgomery, Alabama 36102-1511

>Algert Swanson Agricola, Jr.
>Slaten & O'Connor, PC
>Post Office Box 1110
>Montgomery, Alabama 36101-1110
>
>Gary R. (Rick) Trawick, Esq.
>Slaten & O'Connor, PC
>105 Tallapoosa Street, Suite 101
>Montgomery, Alabama 36104
>
>Dorman Walker, Esq.
>Balch & Bingham
>Post Office Box 78
>2 Dexter Avenue
>Montgomery, Alabama 36101-0078
>
>Frank Corley Ellis, Jr., Esq.
>Wallace, Ellis, Fowler & Head
>Post Office Box 587
>Columbiana, Alabama 35051
>
>Kenneth D. Wallis, II, Esq.
>Office of the Governor
>State Capitol
>600 Dexter Avenue, Suite NB-05
>Montgomery, Alabama 36104

And by first class mail, postage prepaid, to the following:

>Wan J. Kim, Esq.
>Civil Rights Division
>United States Department of Justice
>Room 7254-NWB
>950 Pennsylvania Avenue, N.W.
>Washington, D.C. 20530

        John K. Tanner, Esq.
        Chief, Voting Section
        Civil Rights Division
        United States Department of Justice
        Room 7254-NWB
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20530


        s/Winfield J. Sinclair

        Winfield J. Sinclair
        Assistant Attorney General


Address of Counsel:

Office of the Attorney General
11 South Union
Montgomery, Alabama 36130
TEL: 334-242-7300
FAX: 334-353-8440
E-mail: wsinclair@ago.state.al.us