IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| STATE OF ALABAMA, and | ) 2:06-cv-0392-WKW-SRW |
| NANCY L. WORLEY, Secretary of State; | ) |
| in her official capacity, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO CLARIFY**

Pursuant to the Court's August 23, 2006, Order, Plaintiff United States of America submits this response to the Defendants' Motion to Clarify Memorandum Opinion and Order.

Plaintiff respectfully submits that much of Defendants' Motion consists of issues that have already been raised, argued by the parties and ruled on by the Court. However, consonant with the Court's Order, Plaintiff responds as follows.

**Communications with Counsel**

The Court's Order provides:

> The Special Master shall have authority to communicate directly with agencies of the State of Alabama and its counties and political subdivisions other than the Alabama Office of the Attorney General subject to no prohibition on *ex parte* contacts. The Special Master shall not conduct *ex parte* contacts with counsel representing either party to this action, but shall have the authority to conduct consultative proceedings, independent of the Court, at which Counsel for both parties are present, as he deems necessary.

(Order at 13, ¶ 9). In their Motion to Clarify, Defendants state that they "read the Order to

prohibit only those conversations that concern the Governor's responsibilities as Special Master." Def. Mot., at 2.  Defendants further consider this provision "to *not* include: the Governor's legal staff (currently Ken Wallis and Scott Rouse), the Secretary of State's legal counsel (currently Adam Bourne and Hope Ayers) and other Assistant Attorneys General who are deployed to various agencies (for example, Michael Robinson at the Department of Public Safety)." *Id.*, at 3.

Plaintiffs regard this provision as clearly limited to conversations with the Special Master in his capacity as Special Master, and in no way intended to concern issues unrelated to that function.  Plaintiff's concern is, and always was, that the Special Master's *ex parte* communications with the Attorney General's Office – its counsel in all litigations as a matter of State law – would implicate the attorney-client privilege and afford such communications a special status that might prejudice the Plaintiff.  Plaintiff does not object to the proposed clarifications suggested by Defendants, *provided,* that, if the Special Master communicates *ex parte* with any counsel, other than the Governor's own counsel, regarding the Special Master's responsibilities pursuant to any of this Court's Orders in this action, then any claim to attorney-client or work-product privilege be deemed to have been waived.

**HAVA Funds**

In pertinent part, the Court's order provides:

> The State of Alabama shall be responsible for paying all staff fees and expenses.  No funds appropriated by the United States Congress in accordance with the Help America Vote Act of 2002 may be utilized in any way toward the compensation of the Special Master's staff without the express approval of this Court.

(Order at 12, ¶ 7.) Defendants assert that they cannot determine whether this provision is intended as a punitive measure for Alabama's failure to implement HAVA by the statutory

deadline, or if it is one addressed to simple fiscal oversight. Def. Mot., at 4-5. Defendants seek clarification of this point "[o]ut of an abundance of caution." *Id.*, at 5.

Plaintiff interprets this provision as one concerning fiscal oversight, and respectfully submits, moreover, that there is no basis whatever for interpreting it as any sort of punitive measure. Defendants have submitted to the Court that "the Special Master will not receive compensation in addition to his regular State salary." (Doc. 51, p. 6.) Defendants have also represented to the Court that, "[w]ith respect to staffing, the Governor's legal advisor has indicated that the Governor has in place sufficient staff for initial assessment and administrative purposes." (Doc. 41, p. 8.) Given that the Governor and his staff are already being compensated by the State, there is no current need for HAVA funds, which were provided by Congress for the development and implementation of the voter registration list, to be expended to compensate Alabama State employees. Should the need arise and the Special Master determine that outside consultants or additional staff need to be hired, it is appropriate that he obtain the approval of the Court to insure that such expenditure is warranted.

Defendants also question the Court's provision allowing the Special Master to "requisition such staff as necessary from agencies of the State of Alabama to aid him in compliance with such requirements. . . ." Def. Mot., at 5-6. Defendants state that they are concerned that the Special Master might, for example, requisition "the entire Elections Division of the Secretary of State's Office, or the Information Services Division, without consideration for the other important State functions for which they are responsible and without provision for their replacement and the other duties of the 'lending office.'" *Id.*, at 6.

Such conjecture presumes that the Special Master, the Governor of the State of Alabama,

would be willing to requisition wholesale the staff of another State office at the expense of other important state functions and statutory duties. Defendants present absolutely no basis for believing that any Governor would undertake such an unprecedented action; that Defendants or, indeed, the United States, could not move this Court to prevent any intemperate action; or that the Court would tolerate such action in any way. There is no need for clarification or revision of this provision.

**Scope of Injunction**

Defendants ask the Court to clarify the Order with regard to the following language: "The injunction entered on May [30], 2006, in open court and memorialized in the June 7, 2006 Order shall remain in full force and effect as against any state agency, department, employee or other agent, and all persons acting in concert with them, with respect to HAVA compliance." Defendants state that they "understand the Order to enjoin 'any state agency, department, employee or other agent, and all persons acting in concert with them' to fully cooperate with the Special Master and to refrain from interfering with the Special Master's implementation of the voter registration system." Def. Mot., at 7.

Plaintiff does not object to Defendants' understanding of the of the scope of the Court's injunction.

**Input from the Secretary of State**

Defendants complain that the Court has not provided a formal mechanism by which the Secretary of State may provide input with regard to the development and implementation of the HAVA voter registration system by the Special Master. Def. Mot., at 8-9.

Plaintiff submits that there should be no Court directive requiring the Special Master to

consult with, accept, or reject the suggestions of any other government official, including the Secretary of State.  The Plaintiff is confident that the Special Master – accountable, as ever, to this Court – will approach the implementation of the statewide voter registration system with an open mind and will solicit input from all who might assist him in his efforts to comply with this Court's Order.  Accordingly, the Special Master should retain the maximum flexibility to consult or not consult with any government official that he chooses.  This flexibility is guaranteed by the scope of the Court's injunction, which requires all state employees, including the Secretary of State, to cooperate with the Special Master in the performance of his task.

Plaintiff also observes that Defendants have not indicated to the Court how or to what degree the Secretary of State should participate in the process, or how they propose to amend the Court's Order.

Accordingly, there should be no order either mandating or restricting consultations between the Special Master and Defendants or any other person.

**Public Access to Special Master Reports**

Plaintiff has no objection to permitting the Special Master to post progress reports on any of the official websites of any of the elected officials of the State of Alabama, including the Governor's website (*see* Def. Mot., at 9-10); but Plaintiff respectfully submits that the Special Master should retain the leeway to determine which reports are significant enough to warrant such posting, subject, as ever, to the oversight and review of this Court.

Respectfully submitted this 30th day of August 2006.

        ALBERTO R. GONZALES
        Attorney General

        WAN J. KIM
        Assistant Attorney General
        Civil Rights Division

        LEURA GARRETT CANARY
        United States Attorney
        R. RANDOLPH NEELY
        Assistant United States Attorney

        JOHN K. TANNER
        Chief, Voting Section

By:   s/Christy A. McCormick
      ROBERT D. POPPER
      CHRISTY A. McCORMICK
      DONALD L. PALMER
      Attorneys
      Voting Section
      Civil Rights Division
      U.S. Department of Justice
      Room 7254-NWB
      950 Pennsylvania Ave., NW
      Washington, D.C. 20530
      (800) 253-3931 (telephone)
      (202) 307-3961 (facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of August 2006, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

      Nancy L. Worley
      Secretary of State of the State of Alabama
      State Capitol, Room 5105
      600 Dexter Avenue
      Montgomery, Alabama 36101

      State of Alabama
      c/o Troy King
      Attorney General for the State of Alabama
      Winfield J. Sinclair
      Margaret L. Fleming
      Misty S. Fairbanks
      Assistant Attorneys General
      11 South Union Street
      Montgomery, Alabama 36130

      Algert S. Agricola, Jr.
      Slaten & O'Connor, P.C.
      Winter Loeb Building
      105 Tallapoosa Street, Suite 101
      Montgomery, Alabama 36104

      Michael W. Robinson, Esq.
      Attorney for Department of Public Safety
      Department of Public Safety, Legal Unit
      Post Office Box 1511
      Montgomery, Alabama 36102-1511

      Dorman Walker, Esq.
      Balch & Bingham
      P.O. Box 78
      2 Dexter Avenue
      Montgomery, Alabama 36101-0078

      T.A. Lawson, II, Esq.
      Jeffrey M. Sewell, Esq.
      Assistant County Attorneys

        Jefferson County
        280 Jefferson County Courthouse
        716 Richard Arrington Jr. Blvd. North
        Birmingham, Alabama 35203

        Frank Corley Ellis, Jr., Esq.
        Wallace, Ellis, Fowler & Head
        P.O. Box 587
        Columbiana, Alabama 35051

| Address of Counsel: | S/Christy A. McCormick |
|---|---|
|  | Trial Attorney |
| Voting Section, Room 7254-NWB | U.S. Department of Justice |
| Civil Rights Division |  |
| U.S. Department of Justice |  |
| 950 Pennsylvania Avenue, NW |  |
| Washington, D.C. 20530 |  |
| (800) 253-3931 (telephone) |  |
| (202) 307-3961 (facsimile) |  |
| E-mail: Christy.McCormick@usdoj.gov |  |