IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:06-cv-392-WKW |
| | ) |
| The STATE OF ALABAMA and | ) |
| NANCY L. WORLEY, Secretary of State, | ) |
| in her official capacity, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The case is before the Court on the defendants' Motion for Clarification (Doc. # 65). It is ORDERED that the motion is GRANTED, and the Court clarifies its August 8, 2006 Order as follows:

**Communications with Counsel**

In its August 8, 2006 Order appointing the Special Master, the Court limited the Special Master's *ex parte* communications with counsel representing the parties to this action:

> The Special Master shall have the authority to communicate directly with agencies of the State of Alabama and its counties and political subdivisions other than the Alabama Office of the Attorney General subject to no prohibition on *ex parte* contacts. The Special Master shall not conduct *ex parte* contacts with counsel representing either party to this action, but shall have the authority to conduct consultative proceedings, independent of the Court, at which counsel for both parties are present, as he deems necessary. Such consultative proceedings may, at the direction of the Special Master, be conducted on the record and be taken down stenographically or in any other manner authorized by Fed. R. Civ. P. 30(b)(2). The Special Master is authorized to conduct such proceedings by telephone, videoconference, or other remote means, and the term "present" shall be construed to include being connected by telephone, videoconference, or other such remote means as the Special Master may deem proper.

(Doc. # 64, Order, ¶ 9.)

Defendants ask the Court whether the Governor may communicate with the Alabama Attorney General on non-HAVA matters. This provision of the Order is clearly limited to communications between the Special Master in his capacity as Special Master and counsel of the parties. There is no limitation on the communications of the Special Master on non-HAVA matters. With respect to HAVA matters, the Special Master shall not have *ex parte* communications with counsel to the parties, i.e., Robert Popper, Christy McCormick, Donald Palmer, John Tanner, Wan Kim, and Rand Neeley for the United States, and Winfield Sinclar, Misty Fairbanks, and Margaret Fleming for the State of Alabama and the Secretary of State.

**HAVA Funds**

The Order provided the Special Master with HAVA funds dedicated to the development and implementation of the voter registration list:

> All funds appropriated by the United States Congress under the Help America Vote Act of 2002 and that are dedicated to the development and implementation of the voter registration list delineated in Paragraph 1 of this Order, together with all interest income earned thereon, shall be at the disposal of the Special Master for the implementation of this Order. The Special Master shall be responsible for compliance with the requirements of Section 902 of the Help America Vote Act of 2002, 42 U.S.C. § 15542, and may requisition such staff as necessary from agencies of the State of Alabama to aid him in compliance with such requirements. The State of Alabama shall be responsible for paying all staff fees and expenses. No funds appropriated by the United States Congress in accordance with the Help America Vote Act of 2002 may be utilized in any way toward the compensation of the Special Master's staff without the express approval of this Court.
>
> Notwithstanding the provisions of Ala. Code § 17-25-1, the Special Master is hereby authorized to establish a separate trust fund in the Alabama State Treasury known as the "Help America Vote Act – Voter Registration Fund" (hereinafter HAVA-VRF). Payments from the HAVA-VRF are not subject to dual approval before disbursements are made. Based on the Secretary of State's accounting, filed pursuant to this Court's July 21, 2006 Order, that amount is $ 12,000,000 plus $ 420,932.38 interest (less certain amounts for prior expenditures on the voter registration system).

> Any funds that are transferred to the HAVA-VRF and not expended by the Special Master in the development and implementation of the voter registration system will revert back to the Help America Vote Fund once the new voter registration system is completed.

(Doc. # 64, Order, ¶ 7 footnote omitted.)

First, the defendants question a specific provision:

> The State of Alabama shall be responsible for paying all staff fees and expenses. No funds appropriated by the United States Congress in accordance with the Help America Vote Act of 2002 may be utilized in any way toward the compensation of the Special Master's staff without the express approval of this Court.

(*Id*.) Defendants ask whether this provision is "the improper imposition of punitive damages on the State of Alabama in contravention of the Eleventh Amendment."

This provision is neither punitive nor an award of damages. Rule 53 of the Federal Rules of Civil Procedure allows for compensation to masters. Fed.R.Civ.P. 53(h). However, such compensation is unnecessary here, where the Special Master and some of his staff are already employed and compensated by the State of Alabama. Should the Special Master determine that he needs to hire additional staff who are not already employed by the State, the Order requires (as does Rule 53) that he obtain approval of the Court to ensure that such expenditure is warranted. If such expenditure is warranted, the Court would then determine the amount of compensation and from what funds the compensation would come. Until that time, HAVA funds are not to be used for staff fees, expenses, and compensation.

Second, the Defendants also speculate that the Special Master may attempt to requisition staff from other State agencies "without consideration for the other important State functions for which they are responsible and without provision for their replacement and the other duties of the 'lending

office.'" (Defs.' Mot. 6.) Defendants, however, have demonstrated no basis for this concern; accordingly, no further clarification of this provision is necessary.

**Scope of Injunction**

The Order provided that "[t]he injunction entered on May 29, 2006, in open court and memorialized in the June 7, 2006 Order shall remain in full force and effect as against any state agency, department, employee or other agent, and all persons acting in concert with them, with respect to HAVA compliance." (Doc. # 64, Order, ¶ 13.) Defendants state that they understand this language to mean that all state employees and agents must "fully cooperate with the Special Master and to refrain from interfering with the Special Master's implementation of the voter registration system." (Defs.' Mot. 7.) No additional injunctive relief has been ordered beyond the defendants' stated understanding of the scope of the injunction.

**Input from the Secretary of State**

Defendants state that "the Order makes no provision for input from the Secretary of State into the development and implementation of the HAVA voter registration system by the Special Master." (*Id*. 9.) Defendants also request a modification of the Order to allow for the Secretary of State's input. This request is denied. Although the Court considered including such a provision in the Order, it ultimately determined that the Special Master should develop and implement the voter registration system in whatever manner he sees fit. Additional court directives on which elections officials to consult would only hamper the Special Master's needed flexibility to achieve HAVA compliance. To the extent the Special Master deems communication necessary, the Court expects the Special Master and his staff to communicate and consult with the Secretary of State and her staff.

**Public Access to Special Master Reports**

The Order requires the Special Master to file with the Court a monthly report, which is deemed a matter of public record. (Doc. # 64, Order, ¶ 11.) The defendants request a modification of the Order to require the Special Master post these reports on the Governor's official website. This request is denied as unnecessary. The reports are public record and, accordingly, accessible to the public. Although the Special Master *may* post the reports on a website, he shall not be *required* to do so.

DONE this the 14th day of September, 2006.

                                    /s/  W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE