IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-392-WKW |
| ) | |
| The STATE OF ALABAMA and ) | |
| NANCY L. WORLEY, Secretary of State, ) | |
| in her official capacity, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case is before the Court on the Special Master's Second (October 2006) Interim Report (Doc. # 73). This Court is dismayed at the representations made by the Special Master to the extent that Defendant Nancy L. Worley, Secretary of State, may have impeded the progress of the Special Master in bringing the State of Alabama into compliance with HAVA. The Court has made it abundantly clear to all of the parties involved, and specifically to Defendant Worley, what is required in the defendants' and the Special Master's efforts to become HAVA compliant:

(1)     The Court requires the defendants to diligently and fully comply with HAVA. *See* June 7, 2006 Order ("Suffice it to say that diligent, full and whole (as opposed to dilatory, partial and piecemeal) compliance with the duly established Congressional mandate of HAVA will be required of Alabama and its political subdivisions.");

(2)     The Court has directed Defendant Worley to prepare a new RFP for the voter registration database and to organize her HAVA records for the Special Master. *See* July 21, 2006 Order ("Pending completion of the appointment process, the Secretary of State is DIRECTED: to continue compilation of a vendor solicitation list; to prepare a proposed revised or new RFP for

consideration of the Special Master; to compile, organize, and identify all HAVA records relating to development of the statewide voter list . . . .");

(3) The Court has ordered the Special Master to achieve HAVA compliance on or before August 31, 2007. *See* August 8, 2006 Order ("It is ORDERED that the Special Master must 'proceed with all reasonable diligence,' Rule 53(b)(2), and achieve HAVA compliance on or before August 31, 2007.");

(4) The Court has given the Special Master ***and his designees*** full access to all HAVA-related records. *See* August 8, 2006 Order ("The Special Master or his designees shall have full access to these records, and to other HAVA-related records in the possession of Alabama counties and other political subdivisions . . . and in the sole discretion of the Special Master, these records may be accessible to the Special Master in the Secretary of State's Office or they may be transferred to the Special Master's office.");

(5) The Court has clarified for the defendants that the injunction entered against them means that all state employees and agents must not interfere with the Special Master. *See* September 14, 2006 Order ("Defendants state that they understand this language to mean that all state employees and agents must 'fully cooperate with the Special Master and to refrain from interfering with the Special Master's implementation of the voter registration system.' (Defs.' Mot 7.) No additional injunctive relief has been ordered beyond the defendants' stated understanding of the scope of the injunction."); and

(6) The Court has denied Defendant Worley an active role in the development and implementation the of voter registration database. *See* September 14, 2006 Order ("Although the Court considered including such a provision in the Order, it ultimately determined that the Special

Master should develop and implement the voter registration system in whatever manner he sees fit. Additional court directives on which elections officials to consult would only hamper the Special Master's needed flexibility to achieve HAVA compliance.").

In light of these directives, it is ORDERED that **on or before October 12, 2006**, Defendant Nancy L. Worley, Secretary of State, shall file a complete, detailed, and verified response to the Special Master's representations in paragraphs F, G, H, I, and L of the Report. The Special Master shall file his reply **on or before October 16, 2006.** After that date and upon consideration of the response and reply, the Court will determine whether to order Defendant Worley to show cause as to why she should not be held in contempt for failure to comply with the orders of this Court. In making her responses to the Court, Defendant Worley is advised not to parse the words of the Orders of this Court, nor to test the Court's willingness to utilize its contempt powers.

DONE this the 6th day of October, 2006.

                                    /s/  W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE