IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Number: |
| v. | ) | |
| | ) | 2:06-CV-00392-WKW |
| STATE OF ALABAMA, and | ) | |
| BETH CHAPMAN, Secretary of State, | ) | |
| in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

REPLY TO PLAINTIFF'S RESPONSE TO
MOTION TO MODIFY EX PARTE COMMUNICATIONS ORDER (Doc. 98)

On January 4, 2007, the State of Alabama requested that this Court modify its *ex parte* communications order, for good cause set forth therein. (Doc. 97). On January 16, 2007, the United States responded to the motion, proposing lesser modifications than requested by the State. (Doc. 98). The United States' response demonstrates that its counsel fails to grasp the problem faced by the State. The State replies as follows:

1.    On May 1, 2006, the United States filed this action against the State of Alabama and "Nancy L. Worley, Secretary of State, in her official capacity." (Doc. 1, 1-2).

2.    As pertinent here, Rule 25(d)(1) of the Federal Rules of Civil Procedures provides: "When a public officer is a party to an action in his official

capacity and during its pendency dies, resigns, otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."

3.    On January 15, 2007, Nancy L. Worley ceased to hold office and Beth Chapman was sworn in as Alabama's new Secretary of State.  Pursuant to Rule 25(d)(1), Secretary Chapman is now a named defendant in this litigation.

4.    As a named defendant in on-going litigation, Secretary Chapman is entitled to full legal representation.[1]

5.    Under Alabama law, the Attorney General's Office is charged with the duty of representing State officials, including the Secretary of State, in litigation.  *See* Ala. Code § 36-15-21 ("All litigation concerning the interest of the [S]tate, or any department of the [S]tate shall be under the direction and control of the Attorney General. . . .").

6.    The Attorney General provides representation through Assistant Attorneys General and/or Deputy Attorneys General.

7.    George Beck is a Deputy Attorney General assigned to represent the Secretary of State in this litigation.

---

[1]    The United States' suggestion that Secretary Chapman needs no legal representation because her interests have realigned (Doc.  98, 2), and the United States' apparent presumption that the litigation has effectively ended, do nothing to relieve the Attorney General of his duty to represent the Secretary of State so long as she remains a named defendant in on-going litigation.

2

8.     Jean Brown is Secretary Chapman's General Counsel.   She is a Deputy Attorney General.

9.     Not only is the Attorney General charged with the responsibility of representing the Secretary of State in litigation, but no one else has the authority to do so.   *See* Ala. Code § 36-15-1 ("Any statute to the contrary notwithstanding, no attorney shall represent the state in any litigation in any court or tribunal unless the attorney has been appointed as a deputy attorney general or assistant attorney general.").

10.     Because Secretary Chapman is sued in her official capacity, as opposed to her individual capacity, she cannot even represent herself *pro se*.

11.     Accordingly, if Secretary Chapman is to remain a defendant in this litigation, then her representation must be provided by the Attorney General.

12.     In order for the Office of the Attorney General to represent Secretary of State Chapman, the Office must be able to communicate directly with Secretary Chapman in a manner that preserves attorney-client confidences and litigation strategies.[2]

---

[2]     Legal representation necessarily includes the right for attorneys to be able to conduct candid, confidential discussions with clients about matters under litigation (or which may come into litigation).   Indeed, in Alabama Bar General Counsel Opinion Number 1995-09 (copy attached as Exhibit A), the General Counsel of the Alabama State Bar stated that an attorney for a public body discussing pending litigation could insist upon a closed or executive session notwithstanding the Alabama Sunshine Law.   Indeed, the General Counsel stated: "'. . . and if the attorney is of the opinion that it would be detrimental to the best interest of his client to allow

3

13.    As set out in the State's motion to modify, due to Secretary Chapman's membership on the HAVA Implementation Committee, counsel for the State views communications with Secretary Chapman as subject to the *ex parte* communications prohibition.[3]  *See* (Doc. 72).

14.    The Attorney General and his staff have an immediate and on-going need to communicate with Secretary Chapman, a client of this Office, on *this* litigation.[4]   In fact, a meeting is scheduled tomorrow for the Attorney General's staff to brief Secretary Chapman and Deputy Attorney General Brown about on-going litigation involving the Office of the Secretary of State.  If the *ex parte* communications order is not relaxed, the meeting will necessarily not include a briefing on the HAVA litigation (which, by any account, is litigation having a major impact on the Office of the Secretary of State).

---

public access to the meeting, he would be guilty of a violation of the Code of Professional Responsibility should he not insist upon a closed or executive meeting.'" Opinion Number 1995-09 at 1 (*quoting* Disciplinary Commission Ruling RO-85-08).   Furthermore, Rule 1.6(a) of the Alabama Rules of Professional Conduct requires that an attorney not reveal confidential information.

[3]    Before Ms. Chapman was sworn in as Secretary of State, the Attorney General and his staff could communicate with the Secretary of State and the Secretary of State could in turn communicate with the Special Master and his office with no violation whatsoever of the *ex parte* communications order.

[4]    Paragraph 7 of the original motion referred to the "orderly transfer of representation." That reference pertained to last week.  The Attorney General had hoped to have a quick ruling which would allow his staff to begin communicating with then-Secretary-elect Chapman in anticipation of her new role.  As stated in paragraphs 8 and 10 of the original motion, and as stated in the text above, the Attorney General must now communicate with Secretary Chapman on an on-going basis.

15.    In short, so long as Secretary Chapman remains a defendant in this litigation, the litigation counsel reporting to the Attorney General must be permitted to speak confidentially with her, but so long as Secretary Chapman remains a member of the Special Master's HAVA Implementation Committee and the *ex parte* communications order is not modified, such communication is prohibited.

16.    At this time, Secretary Chapman is without representation in this matter.  Deputy Attorney General Beck and his team, Deputy Attorney General Brown, the undersigned, or any other attorneys who might be assigned to represent Secretary Chapman in this litigation are all forbidden to confer with Secretary Chapman about the HAVA litigation.  This is an unacceptable situation.

17.    Because the State perceives it to be unlikely that the United States would agree to drop the Secretary from the litigation,[5] and because it may be undesirable to force Secretary Chapman to end her service with the Special

---

[5]    The United States has suggested that the Secretary's interests are now aligned with the Special Master, as opposed to with the State. (Doc. 98, 2) ("During her membership on the HAVA Implementation Committee, and during the appointment of the Special Master, the Secretary of State's role with regard to HAVA matters coincides with the responsibilities of Special Master, thereby temporarily altering her relationship with the Office of the Attorney General on HAVA matters.")  If that be the case, then perhaps the United States should dismiss the Secretary as a defendant in this litigation, thereby relieving the Attorney General of his duty to represent her in this matter.

Master's HAVA Implementation Committee,[6] the State continues in its requests for modification of the *ex parte* order.

18.    The United States' suggestion that it should be permitted to participate in the confidential conversations of defendant Chapman and her litigation counsel is entirely objectionable.   The United States seems to proceed as if the HAVA litigation is essentially over and confidential conversations are unnecessary.   The State disagrees.   There are significant matters outstanding, and others could arise.

19.    The United States' suggestion, that the *ex parte* requirement be relaxed only insofar as to allow consultations between the Secretary of State and her litigation attorneys about the HAVA litigation if the United States may unilaterally decide to have its attorneys present, is a demand that the Secretary's attorneys violate the very essence of attorney-client confidentiality.   Indeed, at best it would interfere with litigation counsels' ability to conduct candid conversations with their client about litigation issues and, at worst, it would provide the United States with unfair litigation advantage.

20.    For these reasons, the State asks that the *ex parte* communications order be modified to allow communications between the Office of the Attorney

---

[6]    Because counsel cannot discuss the HAVA litigation with Secretary Chapman, there is no way for counsel to even ascertain whether Secretary Chapman's participation has been merely helpful to her understanding her new role (which she has now assumed) or whether it is critical for her to continue on the HAVA Implementation Committee so that body can meet the Special Master's timetable.

General and Secretary Chapman.  Alternatively, the United States should move to dismiss Secretary Chapman as a defendant in this litigation, or Secretary Chapman will have to withdraw from the Special Master's HAVA Implementation Committee.

21.    Courtesy copies of this Motion are being delivered to Secretary Chapman and Deputy Attorney General Brown.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL
BY:


s/ Winfield J. Sinclair (SIN006)
Winfield J. Sinclair
Assistant Attorney General

s/ Misty S. Fairbanks
Misty S. Fairbanks (FAI005)
Assistant Attorney General

Attorneys for State of Alabama

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 17th day of January, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

Kenneth D. Wallis, II, Esq.
Scott L. Rouse, Esq.
Office of the Governor
State Capitol
600 Dexter Avenue, Suite NB-05
Montgomery, Alabama 36104

Robert D. Popper, Esq.
Christy A. McCormick, Esq.
Donald Palmer, Esq.
United States Department of Justice
1800 G Street, Room 7270
Washington, D.C. 20006

R. Randolph Neeley, Esq.
United States Attorney's Office
P.O. Box 197
Montgomery, Alabama 36101-0197

George Beck, Jr., Esq.
Terrie Scott Biggs, Esq.
Chad W. Bryan, Esq.
Capell Howard PC
P.O. Box 2069
Montgomery, Alabama 36102-2069

Algert Swanson Agricola, Jr., Esq.
Gary R. (Rick) Trawick, Esq.
Slaten & O'Connor, P.C.
P.O. Box 1110
Montgomery, Alabama 36101-1110

Dorman Walker, Esq.
Balch & Bingham
P.O. Box 78
2 Dexter Avenue
Montgomery, Alabama 36101-0078

Frank C. Ellis, Jr., Esq.
Wallace, Ellis, Fowler & Head
P.O. Box 587
Columbiana, Alabama 35051

Michael W. Robinson, Esq.
Alabama Dept. of Public Safety
Legal Unit
P.O. Box 1511
Montgomery, Alabama 36102-1511

8

And by first class mail, postage prepaid, to the following:

Wan J. Kim, Esq.                          John K. Tanner, Esq.
Voting Section                            United States Department of Justice
United States Department of Justice       Chief, Voting Section
Civil Rights Division                     Civil Rights Division
Room 7254-NWB                             Room 7254-NWB
950 Pennsylvania Avenue, N.W.             950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530                    Washington, D.C. 20530


                              s/Misty S. Fairbanks

                              Misty S. Fairbanks
                              Assistant Attorney General



Address of Counsel:

Office of the Attorney General
11 South Union
Montgomery, Alabama 36130
TEL:      334-353-8674
FAX:      334-353-8440
E-mail:   mfairbanks@ago.state.al.us


9