# Exhibit A

**Opinion Number: 1995-09**

Search for: [                    ] **search**

Lawyer's obligation to comply with confidentiality of information rule and client's adherence to Sunshine Law (open meetings act) discussed

QUESTION:

"This letter is written pursuant to our recent telephone conversation in which I had requested your advice concerning conflicts between the Sunshine Law and the obligation of attorneys to hold inviolate the attorney-client privilege. Our firm represents a number of public sector clients that are subject to The Sunshine Law and are also often involved in legal matters which require confidential discussions with the members of our firm.

The only real guidance we have had in the past is an advisory opinion from the State Bar Association rendered in May, 1985, until the Supreme Court visited this issue in Dunn v. Alabama State University Board of Trustees, 628 So.2d 519 (Ala. 1993). In Dunn, the Court appears to carve out an exception to The Sunshine Law which allows attorneys for public bodies to meet with their attorney concerning pending litigation where the public body is actually named as a party in the lawsuit.

The Dunn decision appears to be at odds with certain comments to the Alabama Rules of Professional Conduct which provide that "the confidentiality rule applies not merely to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source." Ala. R. Prof. Conduct, 1.6, Comment. The Comment further provides that "Whether another provision of law supersedes Rule 1.6 is a matter of interpretation beyond the scope of these Rules, but a presumption should exist against such supersession." These comments appear to indicate that an attorney has a duty to protect client confidentiality in regard to all matters and not just those matters relating to present or pending litigation.

I will appreciate any guidance you can give me regarding this apparent conflict that exists between the decision in Dunn and the comments to the Alabama Rules of Professional Conduct. Does a lawyer have to discuss trial strategy with a public body client in an open meeting? If the public body wants to discuss the possibility of filing a lawsuit with its attorney, does this discussion and relative strengths and weaknesses of the client's case have to be discussed in a public meeting since the lawsuit is not yet filed? In Dunn, the Court appears to hold that if there is any discussion of settlement of the case involving a public body that such discussion must occur in a public meeting. Does this mean that if the public body's attorney gives legal advice concerning the settlement in a closed meeting does the meeting have to be opened to the public if one of the members of the public body asks the attorney a question relative to what he or she thinks of a proposed settlement? Assuming the same facts, if a member of the public body has facts concerning the proposed settlement that should be brought to the attorney's attention, should discussion of these facts occur in a public meeting? As you can see, the questions which arise in this area are too numerous to list, but I believe you get the flavor for the problems we encounter on a fairly regular basis. Again, I would very much appreciate any guidance you can give me."

ANSWER:

The Disciplinary Commission has previously determined, in RO-85-08 that:

"The provisions of §13A-14-2, Code of Alabama, 1975, to the contrary notwithstanding, if an attorney representing a public entity that comes within the scope of this statute makes a good faith professional judgment that a meeting with his client is for the purpose of imparting legal advice and discussing strategy concerning pending litigation, contemplated litigation or other purely legal matter, the attorney would not be guilty of violating any of the provisions of the Code of Professional Responsibility of the Alabama State Bar by insisting that the meeting be held in closed or executive session and if the attorney is of the opinion that it would be detrimental to the best interest of his client to allow public access to the meeting, he would be guilty of a violation of the Code of Professional Responsibility should he not insist upon a closed or executive meeting."

PREAMBLE:

The determination of this ethical inquiry by the Disciplinary Commission is limited to the application of the Rules of Professional Conduct and a lawyer's responsibilities to his or her client pursuant to said rules. The Disciplinary Commission has no authority or jurisdiction to interpret statutes, nor render opinions which require an interpretation of law. The Commission further recognizes that in some instances a lawyer's ethical duty to his or her client may conflict with statutory or case law. The opinion of the

Disciplinary Commission grants protection to the lawyer only as it relates to the disciplinary process and enforcement of the Rules of Professional Conduct.

DISCUSSION:

Rule 1.6(a), Alabama Rules of Professional Conduct, requires that a lawyer not reveal information relating to the representation of the client unless the client consents after consultation. This prohibition is carried forward in §12-21-161, Code of Alabama, 1975, which states:

"Testimony of attorney, etc., for or against client.

No attorney or his clerk shall be competent or compelled to testify in any court in this state for or against the client as to any matter or thing, knowledge of which may have been acquired from the client, or as to advice or counsel to the client given by virtue of the relation as attorney or given by reason of anticipated employment as attorney unless called to testify by the client, but shall be competent to testify, for or against the client, as to any matter or thing the knowledge of which may have been acquired in any other manner. (Code 1907, §§3962, 4012; Code 1923, §§7658, 7726; Code 1940, T. 7, §438.)"

The Comment to Rule 1.6 states that "The confidentiality rule applies not merely to matters communicated in confidence by the client, but also to all information relating to the representation, whatever its source." This position is an expansion of that previously adhered to under the former Code of Professional Responsibility, which more restrictively defined "confidence" and "secret" within the context of confidentiality of information in the attorney-client relationship.

In representation of a public agency, the attorney should adhere to the provisions of §13A-14-2, Code of Alabama, 1975, which provides:

"Executive or secret sessions of certain boards.

(a) No executive or secret session shall be held by any of the following named boards, commissions or courts of Alabama, namely: Alabama Public Service Commission; school commissions of Alabama; board of adjustment, state or county tax commissions; any county commission, any city commission or municipal council; or any other body, board or commission in the state charged with the duty of disbursing any funds belonging to the state, county or municipality, or board, body or commission to which is delegated any legislative or judicial function; except, that executive or secret sessions may be held by any of the above named boards or commissions when the character or good name of a woman or man is involved."

In reviewing the attorney's responsibility in such a situation, wherein the ethical requirement of confidentiality appears to conflict with the statutory provision on open meetings, the Commission is of the opinion that the reasons for the confidentiality rule outweigh the statutory requirement as to public meetings. To hold otherwise would abrogate the long-recognized cornerstone of the attorney-client relationship, that being confidentiality of information which is imparted by a client to the attorney during the attorney-client relationship.

In Dunn v. Alabama State University Board of Trustees, 628 So.2d 519 (Ala. 1993), the Supreme Court of Alabama adopted the holding of the Supreme Court of Tennessee in the case of Smith County Education Association v. Anderson, 676 S.W.2d 328 (Tenn. 1984). Therein, the Supreme Court of Tennessee carved out an exception to the Tennessee "Open Meetings Act". The Court held that discussions between a public body and its attorney concerning pending litigation were not subject to the open meetings act, with the caveat that the exception applied only to those situations wherein the public body was a named party in the lawsuit.

A further review of the Supreme Court of Tennessee opinion recognizes the possibility that an overbroad exception to the open meetings act could be abused whereby the public body could meet with its attorney for the ostensible purpose of discussing pending litigation and instead conduct public business in violation of the open meetings act.

In Dunn, supra, the Supreme Court of Alabama determined that the "inherent, continuing, and plenary" control of the Court over attorneys as officers of the Court could not be abridged by legislative action. At p.529. Relying upon Smith once again, the Supreme Court of Alabama determined that the legislature had no authority to enact a law which would impair an attorney's ability to fulfill his ethical duties as an officer of the Court.

The recognition of the supremacy of the attorney-client relationship is further recognized in the Comment to Rule 1.6:

"In addition to these provisions, a lawyer may be obligated or permitted by other provisions of law to give information about a client. Whether another provision of law supersedes Rule 1.6 is a matter of interpretation beyond the scope of these Rules, but a presumption should exist against such a supersession." The Commission would encourage strict adherence to the confidentiality provisions of the Alabama Rules of Professional Conduct. In order for an attorney to effectively represent a client, the client must feel that any and all information imparted to the attorney in the attorney-client relationship will remain inviolate, absent consent of the client or order of a tribunal of competent jurisdiction.

With regard to public meetings and attorneys who should represent public agencies covered by the open meetings law, said attorneys should insure compliance with the confidentiality requirement, and recognize the long-established principle of privileged communications by the client to the attorney. The attorney must make a determination as to whether a particular situation constitutes a true attorney-client discussion and take whatever steps are necessary to guarantee the confidentiality of such communications.

The Commission notes that the Supreme Court of Alabama in the Dunn case, adopting the Tennessee Supreme Court's rationale, dealt with the specific issue involving "present or pending litigation". The Commission concludes that, pursuant to Rule 1.6 and the Comment thereto, this protection would also cover any discussions with the client which would otherwise be deemed attorney-client communications, and thereby privileged.

Finally, the Commission would also note that the Dunn opinion and the statute applied therein concerned a governmental entity and its responsibilities under the statute. The Rules of Professional Conduct deal specifically with the lawyer's responsibility to the client which should not in any way be diminished by statutory or case law provisions to the contrary. As the province of the Commission deals only with the ethical responsibilities of the lawyer to the client, the Commission's opinion limits itself to an application of the Rules of Professional Conduct to the factual scenario posed in this inquiry.

The Disciplinary Commission urges lawyers confronted with this dilemma to ensure that the client is aware of the requirements of the statute as well as the lawyer's ethical responsibilities under the Rules of Professional Conduct. The client must be adequately informed in order to make a decision on what action it will pursue. Disclosure by the lawyer of his or her ethical obligations under the Rules to the client allows the client to better understand the ramifications of the lawyer's advice and counsel, and should involve a discussion of the requirements of the statute as enunciated in Dunn.

JAM/vf

10/27/95

revised

5/24/96

JAM/vf

Click your browser's **BACK** button to continue...

415 Dexter Avenue • Montgomery, Alabama 36104 • (334) 269-1515 • (334) 261-6310 Fax
Copyright © 2007, Alabama State Bar.