IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-392-WKW |
| | ) | |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

This matter is before the court on the State of Alabama's Motion to Modify *Ex Parte* Communications Order (Doc. # 97). For the reasons stated below, the motion will be DENIED.

In the court's Order Appointing the Special Master, the Special Master's ex parte communications with counsel of the parties were limited:

> The Special Master shall have the authority to communicate directly with agencies of the State of Alabama and its counties and political subdivisions other than the Alabama Office of the Attorney General subject to no prohibition on *ex parte* contacts. The Special Master shall not conduct *ex parte* contacts with counsel representing either party to this action, but shall have the authority to conduct consultative proceedings, independent of the Court, at which counsel for both parties are present, as he deems necessary. Such consultative proceedings may, at the direction of the Special Master, be conducted on the record and be taken down stenographically or in any other manner authorized by Fed. R. Civ. P. 30(b)(2). The Special Master is authorized to conduct such proceedings by telephone, videoconference, or other remote means, and the term "present" shall be construed to include being connected by telephone, videoconference, or other such remote means as the Special Master may deem proper.

(Doc. # 64, Order ¶ 9.) The defendants later sought clarification of the order, to which the court stated that this provision "is clearly limited to communications between the Special Master in his capacity as Special Master and counsel of the parties. There is no limitation on the communications

of the Special Master on non-HAVA matters." (Doc. # 72, Order 2.)

On November 2007, Beth Chapman was elected Secretary of State. Shortly thereafter, the Special Master appointed Ms. Chapman to the HAVA Implementation Committee. Upon being sworn into office on or about January 15, 2007, Ms. Chapman replaced Defendant Nancy L. Worley in her official capacity.[1] The Secretary of State is represented in all litigation by the Office of the Attorney General, who also represents the State of Alabama. Counsel for the State views communications with Ms. Chapman as subject to the prohibition on *ex parte* communications. Thus, the State is asking the court to modify the Order to allow *ex parte* communications between the Office of the Attorney General and Ms. Chapman.

The United States is opposed to the modification, reasoning that the prohibition on ex parte communications is limited to HAVA-related matters. Nevertheless, the United States has conceded that "[d]uring her membership on the HAVA Implementation Committee, and during the appointment of the Special Master, the Secretary of State's role with regard to HAVA matters coincides with the responsibilities of [the] Special Master, thereby temporarily altering her relationship with the Office of the Attorney General on HAVA matters." (Doc. # 98, Pl. Resp. ¶ 6.) Opposed to unlimited *ex parte* communications between the Office of the Attorney General and the new Secretary of State on HAVA matters, the United States proposed an alternative. The proposal involved giving the United States the notice of and an opportunity to participate in communications about HAVA matters.

In a reply to the brief filed by the United States, the State of Alabama emphasized the

---

[1] Beth Chapman is automatically substituted as a party defendant in this action. *See* Fed. R. Civ. P. 25 (d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party.").

importance of the need for the Office of the Attorney General to fully represent the Secretary of State. The State urges the court to relax the prohibition on *ex parte* communications in order for the Secretary of State to receive the benefit of counsel on the HAVA litigation and "because it may be undesirable to force Secretary Chapman to end her service with the Special Master's HAVA Implementation Committee." (Doc. # 99, Def. Reply ¶ 17.)

Although the prohibition on *ex parte* communications applies to the Special Master, the court appreciates the defendant's concerns that communications between Ms. Chapman and her counsel may lead to a violation of the court order. The Office of the Attorney General is in an untenable position when it cannot readily communicate with its client on matters related to the HAVA litigation.

The court is pleased with the Special Master's desire to include the new Secretary of State in the implementation process. However, the communications conflict foretells of other potential conflicts when the new Secretary of State, who remains a defendant in this action, is aligned with the Special Master in a material capacity. The independence of both offices is subject to compromise, and confusion of the roles of the parties is virtually inevitable. The court is especially concerned that confusion may develop among election officials and vendors as to the status and authority of the Secretary of State when acting, or appearing to act, on behalf of the Implementation Committee or the Special Master. As valuable as the Secretary of State's service may be to the HAVA Implementation Committee, the Special Master alone is tasked with the responsibility of achieving implementation. The court reminds the parties that for purposes of implementing Section 303 of HAVA, the Special Master is the Chief Election Official of the State of Alabama. (*See* Doc. # 64, Order ¶ 2.) The Secretary of State was and remains expressly divested of such authority. (*Id.*)

Because Ms. Chapman's participation on the Special Master's committee not only impedes

candid communications with her own counsel, but also may cause other unforeseeable legal conflicts or operational problems with the implementation process, it is ORDERED that the Secretary of State's membership on the Special Master's HAVA Implementation Committee is TERMINATED effective immediately. As such, the State of Alabama's Motion to Modify *Ex Parte* Communications Order (Doc. # 97) is DENIED.

The Court encourages the Special Master and the Secretary of State to keep each other fully informed of matters that may affect the HAVA implementation process and reiterates that HAVA compliance must be achieved on or before August 31, 2007. (*See* Doc. # 64, Order ¶ 1.)

DONE this 22nd day of February, 2007.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE