

# ALABAMA PROBATE JUDGES ASSOCIATION

## (APJA)

February 14, 2007

### *RESOLUTION RELATING TO THE IMPLEMENTATION OF A STATEWIDE VOTER REGISTRATION AND ELECTION MANAGEMENT SYSTEM*

WHEREAS, the APJA, at a public hearing in Montgomery, Alabama on October 17, 2006 presented recommendations to the HAVA Implementation Commission regarding a statewide voter registration system. The APJA recommendations were based on the needs of all probate judges of this state as it related to the implementation of a statewide voter registration system and it's effect upon their statutory duties relating to administering and managing elections; and

WHEREAS, the APJA considers the hybrid approach of local redundancy as described in the RFP (a mirrored copy of the data from the State to the local server) to be achievable by August 31, 2007. The APJA strongly opposes any effort of ES&S or any other selected vendor to delay implementation of **functional (base) local redundancy** by August 31, 2007 and **comprehensive local redundancy** by October 31, 2007. The APJA encourages the Special Master and HAVA Implementation Commission to consider any effort to confuse local redundancy in any other manner than as defined below to be a lack of acting in good faith.

WHEREAS, the APJA recognizes the significance and complexity of system implementation including: hardware and software integration, system configuration, and the establishment of local redundancy, data migration and the training of State and local officials. Therefore, the APJA

acknowledges the need for federal judicial oversight during the implementation of the voter registration aspect and shall request and commits to seeking continued federal judicial oversight during implementation of the election management components of the system.

WHEREAS, the APJA and/or the Special Master shall seek and formally request continued judicial oversight of the Alabama Implementation through and until the completion the 2008 election cycle. Due to ES&S representations in a conference call with the Past Presidents and Executive Committees of APJA on February 12, 2007 that **comprehensive local redundancy** may not be attainable by August 31, 2007 but that **functional (base) local redundancy** shall be attainable by August 31, 2007, the commitment of all parties in defining and providing **functional (base) local redundancy** by August 31, 2007 shall include: (a) the installation of a locally redundant server in each of the 67 probate judges offices or in their designated locations within the counties in the State of Alabama (b) the connection of said servers to the high speed interconnective network, provided by the Information Services Division of the Alabama Department of Finance (c) providing the chief election official in each county accessibility to voter registration data: tools for polling place, election day, precinct, and poll worker management; the ability to create and assign ballot styles to the voter registration data, the ability to print the official list of registered voters by precinct, the ability to provide the voter registration list for publication in electronic format and the ability to create any other related reports; and

WHEREAS, the APJA, in a spirit of good faith, cooperation and in preparation for the 2008 Presidential Preference Primary, requests all parties to insure to all aspects of **comprehensive local redundancy** shall be fully implemented by October 31, 2007. A commitment by all parties including ES&S or other selected vendor to the October 31, 2007 deadline for **comprehensive local redundancy** shall include training for the chief election official for each county and their designees. Such training will insure the operation of the election management system, including local redundancy, on or before November 1, 2007; and

WHEREAS, the APJA membership acknowledges that time is of the essence and that election preparation must begin no later than November 1, 2007. The APJA recognizes that without the necessary data provided by

local redundancy and without the ability to ensure proper connectivity, proper testing of the mirrored data from the state voter registration system, and without adequate time for training of local officials in the use of the election management software and hardware, probate judges ability to administer the February 2008 election may be in jeopardy. Due to these factors, the APJA points out that being HAVA compliant, without the ability for the local chief election official to effectively manage and administer the election, stands to bring the State of Alabama, the Special Master, the HAVA Implementation Commission and ES&S or other selected vendor into a very negative light. The APJA urges the Special Master and the HAVA Implementation Commission to acknowledge the necessity for the local redundancy component and election management software and hardware to be provided as referred to above; and

THEREFORE BE IT RESOLVED, the APJA adopts all of the above items of this resolution to be the stated position of its membership; and

BE IT FURTHER RESOLVED, the APJA urges the Special Master and all members of the HAVA Implementation Commission to require ES&S or any other selected vendor to comply with these recommendations before any contract is executed; and

BE IT FURTHER RESOLVED, the APJA membership, in their capacity as local chief election officials, made up of both Democrats and Republicans, reaffirms their commitment to refrain from or allow partisan political concerns to influence their stated positions and calls on all interested persons to do likewise; and

BE IT FURTHER RESOLVED that copies of this resolution be forwarded to the Special Master and to each member of the HAVA Implementation Commission.

DONE THIS THE 14th DAY OF FEBRUARY 2007.

_____
President, APJA

WITNESS: _____
Secretary, APJA