IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| STATE OF ALABAMA, and ) | 2:06-cv-0392-WKW |
| NANCY L. WORLEY, Secretary of State; ) | |
| in her official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFF'S RESPONSE TO SPECIAL
MASTER'S MOTION FOR EXTENSION OF TIME**

Plaintiff United States of America respectfully submits this response to the Special Master's motion for an extension of time of 60 days to meet the requirement's of the Court's Order of August 8, 2006. For the reasons set forth herein, the United States respectfully requests a hearing on this motion, to be attended by such witnesses as are described herein, and to be preceded by reports of the kind and nature set forth herein.

1.  The Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15301 et seq., was enacted on October 29, 2002. Alabama's original statutory deadline to comply with the mandates of Section 303 of HAVA regarding the implementation of a computerized statewide voter registration list was January 1, 2004. *See* 42 U.S.C. § 15483(d)(1)(A). Alabama applied for, and received, a waiver of compliance with this deadline from the U.S. Election Assistance Commission, until January 1, 2006. 42 U.S.C. § 15483(d)(1)(B). To date, Alabama has received over $41 million in federal funds for the purpose of complying with HAVA. *See* Declaration of Christy McCormick, dated May 1, 2006 (Doc. # 3, Part 2), submitted in support of the United

States' motion for a preliminary injunction ("McCormick Decl."), ¶ 38.

2.  On August 12, 2003, Secretary of State Worley issued a request for proposals for a new voter registration system that would meet the requirements of Section 303 of HAVA. McCormick Decl., ¶ 7.  Despite issuing this RFP and receiving responses to it, as of May 2006 – more than three and a half years after HAVA was enacted, and more than two and a half years after the issuance of the RFP – the State had not even selected a vendor to fulfill it.  *Id.*, ¶¶ 34-35.

3.  This complaint in this action was filed on May 1, 2006, alleging violations of Section 303 of HAVA.  Doc. # 1.  The United States contemporaneously filed a motion for preliminary relief enjoining further violations.  Doc. # 2.

4.  This Court issued an Order, dated July 21, 2006, directing, *inter alia*, that the State of Alabama comply with Section 303 of HAVA by August 31, 2007.  Doc. # 38, at 4.  The Court issued a subsequent Order, dated August 8, 2006, directing, *inter alia,* the appointment of Governor Bob Riley, in his official capacity, as Special Master to achieve compliance with Section 303 of HAVA.  Doc. # 64, at 9.

5.  In the twelve months since the Special Master was appointed, a HAVA implementation committee was established, a vendor was solicited and selected, a contract with that vendor was negotiated and signed, work was commenced, and training was undertaken and now appears to be largely complete.  Most significantly, all 67 Alabama counties have now "gone live" on the statewide computerized voter registration system.  The United States recognizes that this is a signal improvement over the previous "ALVIN" system, which was used as a primary system by only about three-fifths of Alabama's counties, and which was admitted to

be a "dinosaur" by Alabama's Secretary of State. McCormick Decl., ¶¶ 13, 15. The State's progress has been set forth in monthly reports filed with the Court by the Special Master.

6. Notwithstanding this progress, the State of Alabama has not achieved full compliance with the requirements of HAVA or with the deadline contained in the Court's Orders. The State has announced that it expects a delay in implementing three important electronic interfaces: one with the Department of Public Safety, and secondarily with the U.S. Social Security Administration, concerning verification; one with the Department of Public Health, concerning death records; and one with the Administrative Office of Courts, concerning felony convictions. Doc. # 122, ¶ B.

7. The Special Master was given full authority under the relevant Court orders to marshal all resources necessary to achieve compliance with Section 303 of HAVA. The Special Master was also afforded advance notice as early as January 2006 that the three interfaces that are now expected to be delayed had not been established. *See* McCormick Decl., ¶¶ 22-23.

8. In order to allow the Court and the parties to understand the nature and causes of the expected delay, and to convince all concerned that full compliance will be achieved within the 60 additional days requested by the Special Master, the United States respectfully requests:

    A. That a hearing be held on the Special Master's motion for an extension of time;[1]

    B. That witnesses be made available from the Department of Public Safety, the Department of Public Health, and the Administrative Office of Courts who are

---

[1] Counsel for the Special Master and for defendants have agreed that they will not object to the United States' request for a hearing. Consent to the other relief requested herein was not sought or obtained.

able to describe in full the interaction of such agencies with the Special Master with respect to achieving the necessary interfaces;

C. That witnesses be made available to appear at that hearing who are knowledgeable about all issues necessitating or affecting the request for additional time, including, if helpful, witnesses from ES&S and Digimarc;

D. That, at least five (5) business days prior to the hearing, the Special Master file a report describing the issues involved in sufficient detail to allow the United States' technical personnel to provide meaningful commentary about those issues;

E. That, at about the same time, the Special Master file the most recent estimate available (including the same kind of task analysis and milestone summary the Special Master appended to Doc. # 120) discussing when the remaining tasks will be complete.

Respectfully submitted this 11th day of September 2007.

LEURA GARRETT CANARY  
United States Attorney

RENA J. COMISAC  
Acting Assistant Attorney General  
Civil Rights Division  
JOHN K. TANNER  
Chief, Voting Section

    /s/ Donald Palmer  
DONALD PALMER  
CHRISTY McCORMICK  
Trial Attorneys  
ROBERT D. POPPER  
Special Litigation Counsel  
Civil Rights Division

4

Department of Justice
950 Pennsylvania Avenue, NW
Room 7254, NWB
Washington, D.C. 20035-6128
(202) 514-4755 (telephone)
(202) 307-3961 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| Algert S. Agricola | Michael W. Robinson |
| James Harold Anderson | Winfield J. Sinclair |
| Terry G. Davis | Edward Still |
| Frank Corley Ellis, Jr. | Gary R. Trawick |
| Misty S. Fairbanks | Dorman Walker |
| Margaret L. Fleming | George L. Beck |
| Shannon Lynn Holliday | Terrie S. Biggs |
| R. Randolph Neeley | |

/s/ Donald Palmer
Donald Palmer
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Voting Section