IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action Number: |
|  | ) 2:06-CV-00392-WKW |
| STATE OF ALABAMA, and | ) |
| BETH CHAPMAN, Secretary of State, | ) |
| in her official capacity, | ) |
| Defendants. | ) |

MOTION TO MODIFY THE *EX PARTE* COMMUNICATIONS ORDERS
(Doc. 64 & Doc. 72)

The State of Alabama and the Honorable Beth Chapman, Secretary of State, move this Honorable Court to modify its order enjoining their litigation counsel from direct communications with the Court's Special Master (Doc. 64; *see also* Doc. 72), specifically to allow them to initiate and pursue discussions with the Special Master about how best to ensure that the Court's HAVA-compliant voting registration system ("ALVRS") fully complies with State election law to the extent that the same has not been preempted. As grounds therefor, the following is stated:

1. On August 28, 2006, this Court appointed the Honorable Bob Riley, Governor of the State of Alabama, to be the Court's Special Master for the purpose of bringing Alabama into compliance with the Help America Vote Act (HAVA) (Doc. 64).

2. At the request of the Department of Justice, the Court entered an Order forbidding *ex parte* communications between the Special Master and litigation counsel (Doc. 64 at ¶ 9). Thereafter the ban on *ex parte* communications was clarified and confirmed (Doc. 72 at 1-2).

3. At a hearing on October 24, 2007, the Special Master represented, and adduced testimony in support thereof, that ALVRS was in full compliance with HAVA, though not fully completed insofar as it involves certain non-HAVA elements. This Court ruled from the bench that ALVRS was HAVA-compliant, and indicated that a written order to that effect would be forthcoming. The Court also allowed the State and Secretary Chapman thirty days to file a motion to modify the *ex parte* communications order.

4. Special Master Riley personally appeared at the October 24, 2007 hearing and requested that he be relieved of his responsibilities as Special Master. Counsel for the State and Secretary Chapman objected to the proposed termination of the Special Master's appointment as premature because ALVRS does not fully comply with State law.[1]

5. The State and Secretary Chapman fully understand that certain State laws may have been preempted by HAVA pursuant to the Supremacy Clause of the United States Constitution. *See* Article VI, Clause 2.

---

[1] The State and Secretary Chapman have arrived at the conclusion that ALVRS does not fully comply with State law based on conversations with and/or demonstration by Registrars. That conclusion is also supported by testimony at the October 24, 2007 hearing.

The State law compliance concerns of the State and the Secretary are not merely technical in nature. Moreover, said concerns are the direct results of decisions made in the design and implementation of the ALVRS. Indeed, the State and Secretary Chapman recognize that addressing some of their concerns may necessarily alter *the manner in which* ALVRS complies with HAVA. To the extent that such alterations become necessary, the State and the Secretary fully recognize and appreciate the right of this Court and the United States to be apprised of the proposed alteration. It is the State law reasons driving the alteration that the State and the Secretary of State prefer not to broadcast.

6. Preemption does not, however, account for all of the areas where ALVRS is known to be in conflict with State election laws. Conflicts that are not mandated by HAVA should be remedied before ALVRS is transferred to the State.

7. The State and Secretary Chapman appreciate the reluctance expressed by this Court to deal with strictly State law matters, especially given that this Court ordinarily has no jurisdiction to compel Alabama officials to comply with Alabama law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The case at bar represents a different situation. The Court has itself, through a Special Master, created a HAVA-compliant voter registration system to be administered on an on-going basis by State officials. Such a system must necessarily comply with State law, a fact recognized in the Special Master's contract with ES&S.

8. State law issues are best resolved by this Court's Special Master prior to the transfer of ALVRS to the State in order to avoid potential complications under Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c.

9. The State and Secretary Chapman have made known to counsel for the United States their position that ALVRS, as designed and implemented by this Court's Special Master, does not require preclearance. *See* 28 C.F.R. 51.18(a). Counsel for the United States have not disagreed.[2]

10. Once the Court transfers ALVRS to the State, any changes that Secretary Chapman would be required to make to ALVRS to bring it into compliance with State law could arguably require preclearance. While this proposition is not beyond refutation,

---

[2] The Chief of the Voting Section, which Section is responsible for administrative preclearance, is counsel of record in this case, as is his supervisor. The lawyers who have directly been responsible for this litigation for the United States are employed in the Voting Section.

3

time spent seeking preclearance or litigating the applicability of Section 5 should not be needlessly expended. Obtaining preclearance is not mere paper-shuffling, nor is it guaranteed.

11. By contrast, discussions had with the Special Master about the need to bring ALVRS into compliance with State law under his watch would not invoke Section 5's preclearance requirements. Pursuant to 28 C.F.R. § 51.18(a), preclearance of the federal court's voter registration system would only be necessary to the extent that it includes changes that reflect the policy decisions of the State of Alabama. The State and Secretary Chapman do not expect to be advancing new policy positions, only to advance compliance with the policy positions already laid out in Alabama law, which law has presumably already been precleared or does not require preclearance.

12. In order to protect the interests of the State and Secretary Chapman in ensuring that ALVRS complies with State law when it is transferred to the State for on-going administration, while respecting the United States' HAVA interests in this litigation, the State and the Secretary propose the following:

- Litigation counsel for the State and Secretary Chapman should be permitted to communicate with Mr. Kenneth D. Wallis, II about their State law compliance concerns, without counsel for the United States present or participating.

- Litigation counsel for the State and the Secretary would not communicate with ES&S or with the HAVA Implementation Committee or with any other representative of the Special Master without the consent of Mr. Wallis. Consent for purposes of a particular communication should be implied whenever Mr. Wallis invites any person to attend or participate in that communication. For example, if Shannon Curtis is on the

4

telephone or in the room for a communication, litigation counsel would be able to speak with her in Mr. Wallis' presence, without first asking for his express consent. At all other times, express consent should be required.

- To the extent that the State law concerns of the State and the Secretary might potentially impact any federal concerns that are not the subject of this litigation, those concerns may be addressed without counsel for the United States present or participating. Thus, to the extent that compliance with State law might also further compliance with, for instance, the federal Constitution, such matters are not directly implicated by this HAVA-focused litigation. Counsel for the United States has no protectable right arising out of this litigation to participate in such communications.

- Litigation counsel for the State and Secretary Chapman should be permitted to discuss with Mr. Wallis both conflicts between State law and ALVRS' operation and also the possibility that federal preemption authorizes such conflict. If preemption appears possible to either litigation counsel or Mr. Wallis, further discussions that involve counsel for the United States would likely be desirable and Court action may be required.

- To the extent that addressing the State law concerns of the State and Secretary Chapman may require that the manner in which ALVRS complies with HAVA be altered, the Court and the United States are entitled to be apprised of the proposed alteration.[3] In the view of the State and the Secretary of State, the underlying reasons driving the alteration ought not be subjected to public discussion, at least until such time as the State law compliance concerns have been addressed.

---

[3] For instance, the manner in which the processes connected to a particular interface operate may require alteration, but at the end of the day a HAVA-compliant interface will remain.

5

- The *ex parte* Order need not be altered insofar as it pertains to communications between litigation counsel for the United States and the Special Master.

Wherefore, the State of Alabama and her Secretary of State request that this Court modify its *ex parte* communication prohibition as set out above.

    Respectfully submitted,

    TROY KING
    ATTORNEY GENERAL
    BY:

    s/ Winfield J. Sinclair
    Winfield J. Sinclair (SIN006)
    Misty S. Fairbanks (FAI005)
    Assistant Attorneys General

    Attorneys for the State of Alabama &
    Secretary of State Beth Chapman

CERTIFICATE OF SERVICE

This is to certify that on the 20th day of November, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

Kenneth D. Wallis, II, Esq.
Scott L. Rouse, Esq.
Office of the Governor
State Capitol
600 Dexter Avenue, Suite NB-05
Montgomery, Alabama 36104

Robert D. Popper, Esq.
Christy A. McCormick, Esq.
Donald Palmer, Esq.
United States Department of Justice
1800 G Street, Room 7270
Washington, D.C. 20006

R. Randolph Neeley, Esq.
United States Attorney's Office
Post Office Box 197
Montgomery, Alabama 36101-0197

Algert Swanson Agricola, Jr., Esq.
Gary R. (Rick) Trawick, Esq.
Slaten & O'Connor, P.C.
Post Office Box 1110
Montgomery, Alabama 36101-1110

Dorman Walker, Esq.
Balch & Bingham
Post Office Box 78
2 Dexter Avenue
Montgomery, Alabama 36101-0078

Frank C. Ellis, Jr., Esq.
Wallace, Ellis, Fowler & Head
Post Office Box 587
Columbiana, Alabama 35051

Michael W. Robinson, Esq.
Alabama Dept. of Public Safety
Legal Unit
P.O. Box 1511
Montgomery, Alabama 36102-1511


And by first class mail, postage prepaid, to the following:

Rena J. Comisac, Esq.
Acting Assistant Attorney General
Civil Rights Division
Room 7254-NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

John K. Tanner, Esq.
United States Department of Justice
Chief, Voting Section
Civil Rights Division
Room 7254-NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

                                              s/Winfield J. Sinclair
                                              Winfield J. Sinclair
                                              Assistant Attorney General


Address of Counsel:

Office of the Attorney General
11 South Union Street, 3rd Floor
Montgomery, Alabama 36130
TEL:     334-353-9110
FAX:    334-353-8440
E-mail:  wsinclair@ago.state.al.us

8