IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,    )
    )
    Plaintiff,    )
    )
    v.    )    CASE NO. 2:06-cv-392-WKW
    )
The STATE OF ALABAMA and    )
BETH CHAPMAN, Secretary of State,    )
in her official capacity,    )
    )
    Defendants.    )

## ORDER

Upon consideration of the State of Alabama and the Secretary of State's Motion to

Modify the *Ex Parte* Communications Orders (Doc. # 135), and with the consent of the

United States and the Special Master, it is ORDERED that the motion is GRANTED. The

court's Orders enjoining the State Defendants' litigation counsel from direct communications

with the Court's Special Master (Docs. # 64 & # 72) are hereby modified as follows:

Without the necessity of the presence of counsel for the

United States (either personally or by telephone), litigation

counsel for the State Defendants, and such persons as they deem

appropriate, may fully communicate with the Special Master, his

legal representatives, and such persons as designated by the

Special Master's legal representatives, with respect to the

following:

(a)    **Compliance with the Voting Rights Act** –
Discussions will include, but are not limited to, consideration of
whether it is appropriate or desirable to request preclearance of
Alabama's Voter Registration System ("ALVRS") pursuant to
Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c.
In the event that a determination is made to request
preclearance, discussions may include consultation in the
preparation of the submission.  Discussions may also include
whether to withdraw any submission made.   In all such
communications, any matter of Alabama State law impacting a
potential preclearance submission may be fully discussed and
evaluated.

(b)    **Compliance with State law** – Discussions will
focus on what modifications are necessary to bring ALVRS into
full compliance with State law, as required by the contract
between the Special Master and the vendor.   Any such
modifications shall not bring ALVRS out of HAVA-
compliance, and limited discussions about what HAVA requires
are authorized for the purpose of continuing to ensure HAVA
compliance.   Discussions   about   whether   any   otherwise

applicable State law has been preempted by HAVA may also be had, as may discussions about how compliance with State law might also further compliance with federal laws other than HAVA.

(c)    **Turnover of ALVRS** – Discussions may be had about how, upon the Special Master's being released from his duties by this court, the Special Master will smoothly turn ALVRS over to the Secretary of State. Discussions will include the need for education and training of computer personnel in the Secretary of State's Office.

DONE this 9th day of May, 2008.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE