IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALABAMA, and )<br>BETH CHAPMAN, Secretary of State, )<br>in her official capacity, )<br>)<br>  Defendants. ) | Civil Action Number:<br><br>2:06-CV-00392-WKW |

FINAL ORDER AND JUDGMENT

On May 1, 2006, the United States filed the present litigation against the State of Alabama and its then-Secretary of State, the Honorable Nancy L. Worley. The Complaint alleged a failure to timely comply with certain requirements of the Help America Vote Act of 2002, 42 U.S.C. §§ 15301-15545. Specifically, the Complaint alleged that (1) Alabama had no statewide voter registration list for federal elections, a violation of Section 303(a) of HAVA; and, (2) Alabama's voter registration forms did not contain language mandated by Section 303(b) of HAVA (doc. 1). A motion for preliminary injunction was also filed (doc. 2).

A hearing on the motion for preliminary injunction was held on May 30, 2006. The Court ordered the State Defendants to develop and file, no later than June 29, 2006, a plan for bringing the State into HAVA compliance (May 30, 2006 hearing transcript at 39-40; *see also* doc.16).

Secretary Worley timely submitted her proposed plan for bringing the State into compliance with HAVA (doc. 22). In that Plan, the Secretary noted that the State's voter registration forms had been revised and submitted to the United States Department of Justice for

preclearance pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c (doc. 22 at 6). In open Court, at a hearing on July 20, 2006, the United States agreed that the revised voter registration forms were HAVA-compliant (July 20, 2006 hearing transcript at 11). The focus of the litigation then shifted entirely to the development of a statewide voter registration list for federal elections.

As to that requirement, the Court rejected Secretary Worley's plan. Given the importance of ensuring a HAVA-compliant voter registration list for the 2008 federal elections, and upon motion of the United States, this Court appointed the Honorable Bob Riley, Governor of the State of Alabama, as the Court's Special Master. Special Master Riley was tasked with designing and implementing a HAVA-compliant voter registration list under a tight timeline (docs. 38; 64). He appointed a HAVA Implementation Committee to assist him, and filed periodic reports with this Court detailing his progress (docs. 71, 73, 87, 95, 96, 100, 103, 106, 107, 110, 116, 117, 118, 119, 120, 122, 125, 128, 129).

After more than a year of work, a hearing was held on October 24, 2007. Based on undisputed testimony, this Court ruled from the bench that Special Master Riley had brought Alabama's voter registration list into full compliance with HAVA (October 24, 2007 hearing transcript at 56-57). Special Master Riley requested to be immediately relieved of his responsibilities. While appreciative of the Special Master's efforts and achievements thus far, given the critical importance of the proper functioning of the statewide voter registration list to the successful operation of the then-rapidly approaching federal elections, the Court declined to release its Special Master at that time.

Since that October 2007 hearing, a presidential preference primary election was held on February 5, 2008, Federal, State, and county primary elections were held on June 3, 2008, and

primary run-off elections were held on July 15, 2008. After the first of these elections, the Special Master, by Order of the Court, filed a report (doc. 140). The Special Master reported that "the statewide presidential primary election was held, under the newly-implemented HAVA compliant Voter Registration System, without any significant problems or defects being detected in the system itself" (doc. 140 at 2). No significant problems or defects related to the new system were reported to the Court by the Special Master or any interested party following any of these three elections.

Given that Alabama's voter registration list is HAVA-compliant and has successfully completed both testing and "live" elections, the Court finds that control of that system is due to be returned to the State of Alabama and her current Secretary of State, the Honorable Beth Chapman, who is vested with responsibility for said system by Alabama law. Moreover, given that Alabama's voter registration forms have been HAVA-compliant for approximately the last two years, all relief sought by the United States in its Complaint has been awarded.

Therefore, it is hereby ORDERED AND DECREED as follows:

With the thanks of the Court, Bob Riley is relieved of his duties as Special Master.

The Special Master's HAVA Implementation Committee is dissolved. Any other committees, commissions, *etc.*, which were created by the Special Master, are likewise dissolved.

The title and role of Alabama Chief Elections Officer for HAVA implementation purposes, removed from Secretary Worley over her and the State's objection, are hereby restored to the Alabama Secretary of State, currently the Honorable Beth Chapman.

By Order of the Court, the Secretary of State is the successor in interest to any contracts entered into by the Special Master and has the same authority to enforce the terms of said contracts as had the Special Master.

Any bank accounts or unspent funds that were transferred to the Special Master's control for HAVA implementation purposes are now restored to the Secretary of State.

Title to all property purchased by the Special Master for HAVA implementation purposes, and not otherwise disposed of, is transferred to the Secretary of State's Office.

All official records, documents, and tangible items in the possession of the Special Master and/or his representatives (which specifically does not include ES&S) are to be timely transferred to the Secretary of State; personal notes taken by the Special Master and/or his representatives need not be transferred. It is the Court's intent that the Secretary be given the information she needs to knowledgably exercise responsibility for the system, to understand what funds were spent and what funds, if any, remain; and to effectuate any remaining terms of any contracts that the Special Master signed, including the contract with ES&S.

This cause is DISMISSED with prejudice; costs are taxed as paid.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE, on this the ___ day of August, 2008.

_____
W. Keith Watkins
UNITED STATES DISTRICT JUDGE