IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:06-CV-392-WKW [wo] |
| | ) |
| STATE OF ALABAMA, and, | ) |
| BETH CHAPMAN, Secretary of State, | ) |
| in her official capacity, | ) |
| | ) |
| Defendants. | ) |

## FINAL ORDER AND JUDGMENT

On May 1, 2006, the United States filed the present litigation against the State of Alabama and its then-Secretary of State, the Honorable Nancy L. Worley.  The Complaint alleged a failure to comply timely with certain requirements of the Help America Vote Act of 2002, 42 U.S.C. §§ 15301-15545.  Specifically, the Complaint alleged that (1) Alabama had no single, uniform, official, centralized, interactive computerized statewide voter registration list for federal elections, a violation of Section 303(a) of HAVA; and (2) Alabama's voter registration forms did not contain language mandated by Section 303(b) of HAVA.  (Doc. # 1.)  A motion for preliminary injunction (Doc. # 2) was also filed.

A hearing on the motion for preliminary injunction was held on May 30, 2006.  The court ordered the State Defendants to develop and file, no later than June 29, 2006, a plan for bringing the State into HAVA compliance.  (Doc. # 16.)  Secretary Worley timely submitted her proposed plan (Doc. # 22) for bringing the State into compliance with HAVA.

In that plan, the Secretary noted that the State's voter registration forms had been revised and submitted to the United States Department of Justice for preclearance pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. (Doc. # 22, at 6.) In open court, at a hearing on July 20, 2006, the United States agreed that the revised voter registration forms were HAVA-compliant. (July 20, 2006 hearing transcript, at 11.) The focus of the litigation then shifted entirely to the development of a statewide voter registration list for federal elections.

As to that requirement, the court rejected Secretary Worley's plan. (Doc. # 38.) Given the importance of ensuring a HAVA-compliant voter registration list for the 2008 federal elections, and upon motion of the United States, this court appointed the Honorable Bob Riley, Governor of the State of Alabama, as the court's Special Master. (Doc. # 64.) Special Master Riley was tasked with designing and implementing a HAVA-compliant voter registration list under a tight time line. (*Id.*; Doc. # 38.) The Special Master appointed a HAVA Implementation Committee to assist him, and he filed periodic reports detailing his progress. (Docs. # 71, 73, 87, 95- 96, 100, 103, 106-107, 110, 116-120, 122, 125 & 128-129.)

After more than a year of work, a hearing was held on October 24, 2007. Based on undisputed testimony, the court ruled from the bench that Special Master Riley had brought Alabama's voter registration list into full compliance with HAVA. (October 24, 2007 hearing transcript, at 56-57.) Special Master Riley requested to be immediately relieved of his responsibilities. While appreciative of the Special Master's efforts and achievements,

2

given the critical importance of the proper functioning of the statewide voter registration list to the successful operation of the then-rapidly approaching federal elections, the court declined to release its Special Master at that time.

Since that October 2007 hearing, a presidential preference primary election was held on February 5, 2008; federal, state, and county primary elections were held on June 3, 2008; and primary run-off elections were held on July 15, 2008. After the first of these elections, the Special Master, pursuant to an Order (Doc. # 139), filed a report (Doc. # 140). The Special Master reported that "the statewide presidential primary election was held, under the newly-implemented HAVA compliant Voter Registration System, without any significant problems or defects being detected in the system itself." (Doc. # 140, at 2.) No significant problems or defects related to the new system were reported to the court by the Special Master or any interested party following any of these three elections. The Special Master filed his Final Status Report on August 22, 2008, to which he attached the Voter Registration System's security policy, and in which he expressed concern about the potential of voter fraud where the Voter Registration System is being used inappropriately or illegally. (Doc. # 153.)

Given that Alabama's Voter Registration System is HAVA-compliant and has successfully completed both testing and "live" elections, the court finds that control of that system is due to be returned to the State of Alabama and its current Secretary of State, the Honorable Beth Chapman, who is vested with responsibility for the system by Alabama law.

3

Moreover, given that Alabama's voter registration forms have been HAVA-compliant for approximately the last two years, all relief sought by the United States in its Complaint has been awarded.

Accordingly, it is ORDERED as follows:

1.     Governor Bob Riley is relieved of his duties as Special Master.  The court wishes to express deep appreciation for Governor Riley's leadership, vision, and plain hard work in achieving HAVA compliance.  He is responsible for establishing the HAVA Implementation Committee, chaired by Judge Bill English; HAVA compliance would not have been reached in such an expeditious manner without the dedication and efforts of Judge English and all of the committee members.  The court thanks Governor Riley, his legal counsel and staff, and the HAVA Implementation Committee for cooperating with the parties to successfully implement HAVA in Alabama.

2.     The Special Master's HAVA Implementation Committee is dissolved.  Any other committees, commissions, or groups that were created by the Special Master are likewise dissolved, except the Software Review Committee as further addressed in paragraph 5.

3.     The title and role of Alabama Chief Elections Officer for HAVA implementation purposes, removed from Secretary Worley over her and the State's objection, are hereby restored to the Alabama Secretary of State, currently the Honorable Beth Chapman.

4

4.      To ensure the integrity and security of the Alabama Voter Registration System, the Alabama Voter Registration and Election Management System Security Policy, Final Version 1.0, last revised August 8, 2008, attached hereto as Appendix 1, shall be binding upon Defendants and all users of the Alabama Voter Registration System throughout the 2008 federal election cycle, and thereafter, as it may be modified from time to time by the Alabama Secretary of State, the Alabama Legislature or its designee, or a court of competent jurisdiction.[1]

5.      To ensure an orderly transition of the Alabama Voter Registration System to the control of the Alabama Secretary of State, and to ensure the integrity of the Alabama Voter Registration System through the 2008 federal election cycle in Alabama, control and supervision of the Special Master's Software Review Committee is transferred to the Secretary of State. The Secretary is authorized, in her discretion,[2] to continue to use the services of the Software Review Committee until the completion of all contract obligations

---

[1] Duly noted are the Secretary of State's comments regarding the security policy and potential changes thereto, including changes related to passwords and compliance by September 30, 2008. (Doc. # 150.) The court will not micro-manage the system, and considers that these issues will be within the scope of duties of the Secretary of State as chief election officer, upon entry of this Order.

Also noted, however, are the concerns of *amicus* Alabama Probate Judges Association. (Doc. # 156.) All Alabama election officials, state and local, are urged to communicate and cooperate in the continued implementation and operation of the new voter system and its components. The parties are reminded that this court's jurisdiction rests on HAVA, 42 U.S.C. §§ 15301-15545, with the resultant jurisdictional issue being compliant federal elections. To ensure enforcement of this Order, jurisdiction will be retained, which is not an invitation to litigate, but to talk and cooperate.

[2] The court is acceding to the Secretary's request for this discretion, as a concession to the Secretary's statutory duties with respect to Alabama elections. This Committee issue is a temporal, transitional issue, one that should not be manipulated by any election official to undermine confidence in or the effectiveness of the new system.

by Election Systems & Software ("ES&S"), including the fulfillment of all warranty obligations.[3] Membership on the Committee may change over time. The Secretary retains full authority under state law to perform those acts consistent with the Office, as authorized by state law, and this paragraph shall not be read in derogation thereof.

      6.     To ensure uniformity in the Alabama Voter Registration System and to address the resolution of the security concerns set forth in the Special Master's Final Status Report, no election official who in the past has engaged in the practice of producing a voter list reflecting that persons are qualified to vote in a particular box or voting location where that box or location does not encompass their place of residence shall engage in said practice in the future. No voting official who in the past has participated in the conduct of a federal election in which a voter was capable of voting in more than one box or voting location shall do so in the future. No voter or potential voter shall be authorized, permitted, or allowed to vote in any voting location that is not in his or her place of residence, nor shall he or she be authorized, permitted, or allowed to vote in more than one box or voting location.[4]

---

[3] The Secretary suggested a termination date of the Software Review Committee of December 31, 2010. (Doc. # 155.) This date represents the end of the calendar year for the last full year in the current term of the present Secretary of State. An election for that Office will be held in November 2010, and the winner will take office in January 2011. No reason, other than political dates, was given as to why the Software Review Committee should be disbanded before the ES&S warranty expires. In its discretion, the court rejects the suggested termination date in view of ES&S's warranty date extending until October 2012.

[4] The wording in paragraph 6 has been modified slightly from the Proposed Final Order and Judgment (Doc. # 154) to reflect that the vast majority of probate judges have complied with the law.

7.     The Alabama Secretary of State is the successor in interest to any contracts and memoranda of understanding entered into by the Special Master; therefore, the Alabama Secretary of State is bound by, and has the same authority to enforce, the terms of said contracts and memoranda.

8.     Any bank accounts or unspent funds that were transferred to the Special Master's control for HAVA implementation purposes are now restored to the Alabama Secretary of State.

9.     Title to all property purchased by the Special Master for HAVA implementation purposes, and not otherwise disposed of, is transferred to the Alabama Secretary of State.

10.    All official records, documents, and tangible items in the possession of the Special Master and/or his representatives (which specifically does not include ES&S) are to be timely transferred to the Alabama Secretary of State; personal notes taken by the Special Master and/or his representatives need not be transferred.  It is the court's intent that the Alabama Secretary of State be given the information she needs to exercise responsibility for the system knowledgeably; to understand what funds were spent and what funds, if any, remain; and to effectuate the remaining terms of any contracts or memoranda of understanding that the Special Master executed, including the contract with ES&S.

11.    This cause is DISMISSED with prejudice, with costs taxed as paid.

7

12. The court retains jurisdiction until January 31, 2009, for enforcement of this

Order.

The Clerk is DIRECTED to enter this document on the civil docket as a final

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE this 18th day of September, 2008.

UNITED STATES DISTRICT JUDGE